IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BIGBAND NETWORKS, INC.,

    Plaintiff,

v.

IMAGINE COMMUNICATIONS, INC.,

    Defendant.

C. A. No. 07-351 (***)

**BIGBAND NETWORKS, INC.'S REPLY TO IMAGINE
COMMUNICATIONS, INC.'S COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant BigBand Networks, Inc. ("BigBand") submits this Reply in response to the Counterclaims for Relief ("Counterclaim") of Defendant and Counterclaim Plaintiff Imagine Communications, Inc. ("Imagine") as follows:

### A.  GENERAL ALLEGATIONS

1. BigBand admits the allegations of paragraph 1 of the Counterclaim.

2. BigBand admits the allegations of paragraph 2 of the Counterclaim.

3. BigBand admits the allegations of paragraph 3 of the Counterclaim.

4. BigBand admits the allegations of paragraph 4 of the Counterclaim.

5. BigBand admits that Imagine asserts a Counterclaim for declaratory relief under 28 U.S.C. §§ 2201 and 2202.  BigBand denies that Imagine is entitled to any such relief.

6. BigBand denies the allegations of paragraph 6 of the Counterclaim.

7. BigBand admits that it is the owner of record of U.S. Patent No. 6,937,619 ("the '619 patent"), U.S. Patent No. 6,999,477 ("the '477 patent"), and U.S. Patent No. 7,058,087 ("the '087 patent") (collectively, the "Patents-in-Suit") and has brought suit alleging that, *inter alia*, Imagine directly and indirectly infringed (including contributorily and by inducing infringement) the Patents-in-Suit.  BigBand admits that Imagine's dispute of these contentions creates an actual

controversy between it and Imagine relating to infringement of the Patents-In-Suit. BigBand denies the remaining allegations of paragraph 7 of the Counterclaim.

8. BigBand admits that there is an actual controversy relating to infringement of the Patents-In-Suit. BigBand denies the remaining allegations of paragraph 8.

### B. GENERAL ALLEGATIONS RE: INEQUITABLE CONDUCT

9. BigBand admits that the inventors signed declarations relating to the Patents-In-Suit. BigBand avers that these documents speak for themselves, and denies any allegations of paragraph 9 of the Counterclaim that characterize these documents in a manner not supported by the same.

10. BigBand admits that the inventors signed declarations relating to the Patents-In-Suit. BigBand avers that these documents speak for themselves, and denies any allegations of paragraph 10 that characterize these documents in a manner not supported by the same.

11. Section 1.56 of Title 37 of the Code of Federal Regulations and the declarations referenced in paragraph 11 of the Counterclaim speak for themselves. BigBand denies any allegations of paragraph 11 that characterize Section 1.56 and these declarations in a manner not supported by the same.

12. Paragraph 12 of the Counterclaim states a legal conclusion to which no response is required. Section 1.56, which is partially reproduced in paragraph 12, speaks for itself and BigBand denies any allegations of paragraph 12 that characterize that provision in a manner not supported by the same.

13. BigBand admits there was a prior dispute between the parties that was resolved by a "Release and Standstill Agreement" dated March 5, 2006. BigBand denies the remaining allegations of paragraph 13 of the Counterclaim.

14. The "Release and Standstill Agreement" dated March 5, 2006 speaks for itself. BigBand denies any allegations of paragraph 14 that characterize the document in a manner not supported by the same.

15. BigBand denies the allegations of paragraph 15 of the Counterclaim.

16. BigBand lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 16 of the Counterclaim. BigBand denies the remaining allegations of paragraph 16.

## FIRST COUNTERCLAIM

### (Unenforceability of the '477 patent; Inequitable Conduct)

17. BigBand incorporates by reference each of its responses to paragraphs 1 through 16 of this Reply as though fully set forth herein.

18. BigBand admits the allegations of paragraph 18 of the Counterclaim, except that it denies that Application No. 09/841,579 is a "Continuation-In-Part" of U.S. Patent No. 6,434,141.

19. BigBand admits that Alexander O. Boakye is listed as an assistant examiner and that Blakely, Sokolof, Taylor & Zafman LLP is listed as "Attorney, Agent, or Firm" on the face of the '477 patent. BigBand denies any remaining allegations of paragraph 19 of the Counterclaim.

20. BigBand avers that the '477 patent speaks for itself, and denies any allegations of paragraph 20 that characterize that patent in a manner not supported by the same.

21. BigBand admits the allegations of paragraph 21.

22. BigBand avers that the International Search Report and file history of the '477 patent referenced in paragraph 22 of the Counterclaim speak for themselves, and BigBand denies any allegations of paragraph 22 that characterize them in a manner not supported by the same.

23. BigBand avers that the file history referenced in paragraph 23 of the Counterclaim speaks for itself, and denies any allegations of paragraph 23 that characterize that file history to the extent not supported by the same.

24. Paragraph 24 of the Counterclaim states a legal conclusion to which no response is required. These laws and regulations speak for themselves, and BigBand denies any allegations of paragraph 24 that characterize these laws and regulations in a manner not supported by the same.

25. BigBand denies the allegations of paragraph 25.

26. BigBand denies the allegations of paragraph 26.

27. BigBand denies the allegations of paragraph 27.

28. BigBand denies the allegations of paragraph 28.

29. BigBand denies the allegations of paragraph 29.

## SECOND COUNTERCLAIM

**(Unenforceability of the '619 patent; Inequitable Conduct)**

30. BigBand incorporates by reference each of its responses to paragraphs 1 through 29 of this Reply as though fully set forth herein.

31. BigBand admits the allegations of paragraph 31 of the Counterclaim, except that the '619 patent is entitled "METHOD AND SYSTEM FOR COMPARISON-BASED PRIORITIZED BIT RATE CONVERSION."

32. BigBand admits that Frank Duong is listed as an examiner and that Blakely, Sokoloff, Taylor & Zafman LLP is listed as "Attorney, Agent or Firm" on the face of the '619 patent. BigBand denies any remaining allegations of this paragraph 32 of the Counterclaim.

33. BigBand avers that the '619 patent speaks for itself, and denies any allegations of paragraph 33 that characterize that patent in a manner not supported by the same.

34. BigBand admits that the '619 patent contains three independent claims 1, 56, and 110, and that the patent contains a total of 168 claims, some of which are in multiple dependant form. BigBand denies the remaining allegations of paragraph 34.

35. BigBand denies that patent examiner Boakye issued an office action on February 2, 2005. BigBand avers that the document in question speaks for itself, and denies any allegations of paragraph 35 of the Counterclaim that characterize the document in a manner not supported by the same. BigBand denies the remaining allegations of paragraph 35.

36. BigBand admits that the '477 patent was issued from an application that was a continuation in part of another application that led to the issuance of U.S. Patent No. 6,434,141. BigBand avers that the International Search Reports referenced in paragraph 36 of the Counterclaim speak for themselves, and denies any allegations of paragraph 36 that characterize

4

those reports in a manner not supported by the same. BigBand denies the remaining allegations of paragraph 36.

37. BigBand denies that a search report for International Publication W/O 00/72601 was issued on July 21, 2001. BigBand avers that the search report referenced in paragraph 37 of the Counterclaim speaks for itself, and denies any allegations of paragraph 37 that characterize that report in a manner not supported by the same. BigBand denies the remaining allegations of paragraph 37.

38. BigBand avers that the search report referenced in paragraph 38 of the Counterclaim speaks for itself, and denies any allegations of paragraph 38 that characterize that report in a manner not supported by the same. BigBand denies the remaining allegations of paragraph 38.

39. BigBand avers that the search report referenced in paragraph 39 of the Counterclaim speaks for itself, and denies any allegations of paragraph 39 that characterize that report in a manner not supported by the same. BigBand denies the remaining allegations of paragraph 39.

40. Paragraph 40 of the Counterclaim states a legal conclusion to which no response is required. BigBand avers that these laws and regulations speak for themselves, and denies any allegations of paragraph 40 that characterize these laws and regulations in a manner not supported by the same.

41. BigBand denies the allegations of paragraph 41.

42. BigBand denies the allegations of paragraph 42.

43. BigBand denies the allegations of paragraph 43.

44. BigBand denies the allegations of paragraph 44.

45. BigBand denies the allegations of paragraph 45.

46. BigBand denies the allegations of paragraph 46.

## THIRD COUNTERCLAIM

### (Unenforceablity of the '087 patent; Inequitable Conduct)

47. BigBand incorporates by reference each of its responses to paragraphs 1 through 46 of this Reply as though fully set forth herein.

48. BigBand admits the allegations of paragraph 48 of the Counterclaim, although BigBand notes that paragraph 48 lists the named inventors in a different order than that set forth of the face of the '087 patent.

49. BigBand admits that Khanh Dinh is listed as an examiner and Blakely, Solokoff, Taylor & Zafman LLP is listed as "Attorney, Agent or Firm" on the face of the '087 patent. BigBand denies the remaining allegations of paragraph 49.

50. BigBand avers that the '087 patent speaks for itself, and denies any allegations of paragraph 50 that characterize the patent in a manner not supported by the same.

51. BigBand admits that the '087 patent contains three independent claims 1, 72 and 135. BigBand denies the remaining allegations of paragraph 51.

52. BigBand denies that patent examiner Boakye issued an office action on February 2, 2005. BigBand avers that the document in question speaks for itself, and denies any allegations of paragraph 52 that characterize the document in a manner not supported by the same. BigBand denies the remaining allegations of paragraph 52.

53. BigBand denies that the '619 and '087 patents share an "identical" disclosure. BigBand avers that the file histories of the '619 and '087 patents speak for themselves and denies any allegations of paragraph 53 that characterize that file history in a manner not supported by the same.

54. BigBand admits that the '477 patent was issued from an application that was a continuation in part of another application that led to the issuance of U.S. Patent No. 6,434,141. BigBand avers that the search reports referenced in paragraph 54 of the Counterclaim speak for themselves, and denies any allegations of paragraph 54 that characterize those reports in a manner not supported by the same.

55. BigBand denies that a search report for International Publication W/O 00/72601 was issued on July 21, 2001. BigBand avers that the report referenced in paragraph 55 of the Counterclaim speaks for itself, and denies any allegations of paragraph 55 that characterize that report in a manner not supported by the same. BigBand denies the remaining allegations of paragraph 37.

56. BigBand denies that a search report for International Publication W/O 00/79794 was issued on October 26, 2001. BigBand avers that the search report referenced in paragraph 56 of the Counterclaim speaks for itself, and denies any allegations of paragraph 56 that purport to characterize that report in a manner not supported by the same. BigBand denies the remaining allegations of paragraph 56.

57. BigBand avers that the search report referenced in paragraph 57 of the Counterclaim speaks for itself, and denies any allegations of paragraph 57 that purport to characterize that report in a manner not supported by the same. BigBand denies the remaining allegations of paragraph 57.

58. Paragraph 58 of the Counterclaim states a legal conclusion to which no response is required. BigBand avers that these laws and regulations speak for themselves, and denies any allegations of paragraph 58 that characterize these laws and regulations in a manner not supported by same.

59. BigBand denies the allegations of paragraph 59.

60. BigBand denies the allegations of paragraph 60.

61. BigBand denies the allegations of paragraph 61.

62. BigBand denies the allegations of paragraph 62.

63. BigBand denies the allegations of paragraph 63.

## FOURTH COUNTERCLAIM
### (Noninfringement of the '619 patent)

64. BigBand incorporates by reference each of its responses to paragraphs 1 through 63 of this Reply as though fully set forth herein.

65. BigBand denies the allegations of paragraph 65.

### FIFTH COUNTERCLAIM

### (Noninfringement of the '477 patent)

66. BigBand incorporates by reference each of its responses to paragraphs 1 through 65 of this Reply as though fully set forth herein.

67. BigBand denies the allegations of paragraph 67.

### SIXTH COUNTERCLAIM

### (Noninfringement of the '087 patent)

68. BigBand incorporates by reference each of its responses to paragraphs 1 through 67 of this Reply as though fully set forth herein.

69. BigBand denies the allegations of paragraph 69.

### SEVENTH COUNTERCLAIM

### (Invalidity of the '619 patent)

70. BigBand incorporates by reference each of its responses to paragraphs 1 through 69 of this Reply as though fully set forth herein.

71. BigBand denies the allegations of paragraph 71.

### EIGHTH COUNTERCLAIM

### (Invalidity of the '477 patent)

72. BigBand incorporates by reference each of its responses to paragraphs 1 through 71 of this Reply as though fully set forth herein.

73. BigBand denies the allegations of paragraph 73.

### NINTH COUNTERCLAIM

### (Invalidity of the '087 patent)

74. BigBand incorporates by reference each of its responses to paragraphs 1 through 73 of this Reply as though fully set forth herein.

75. BigBand denies the allegations of paragraph 75.

# PRAYER

WHEREFORE, Plaintiff and Counterclaim Defendant BigBand Networks, Inc. requests the following relief on the Counterclaim of Imagine Communications, Inc.:

1. That judgment be entered in favor of BigBand on each of Imagine's counterclaims, and that Imagine take nothing by reason of its counterclaims;

2. That BigBand be awarded its attorneys' fees and costs of suit incurred in defense of the Counterclaim; and

3. For such other and further relief as the Court may deem just and proper.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Karen Jacobs Louden*
        _____
        Jack B. Blumenfeld (#1014)
        Karen Jacobs Louden(#2881)
        klouden@mnat.com
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE  19899
        (302) 658-9200
          Attorneys for Plaintiff and Counterclaim
          Defendant BigBand Networks, Inc.

OF COUNSEL:
Peter P. Chen
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

James L. Day
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

August 13, 2007

1209046

9

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on August 13, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Mary B. Matterer
>MORRIS JAMES LLP

I also certify that copies were caused to be served on August 13, 2007 upon the following in the manner indicated:

**BY HAND**

Mary B. Matterer
Morris James LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE  19899

>*/s/ Karen Jacobs Louden*
>_____
>klouden@mnat.com