IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BIGBAND NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-351 (***) |
| | ) | |
| IMAGINE COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-captioned litigation (hereinafter "Litigation" or "Action") through their counsel, that this Stipulated Protective Order shall govern the handling of any information produced or disclosed by any individual party or any non-party ("the Producing Party") in connection with the Litigation, including documents exchanged, things viewed, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, and pretrial and trial testimony, and all copies, extracts, summaries, compilations, designations and portions of any of the foregoing (such information shall hereinafter be referred to as "Discovery Material").

1. <u>Confidential and Highly Confidential Information</u>.  Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Protective Order if such Producing Party in good faith believes that such Discovery Material contains "Confidential Information."  The term "Confidential Information" shall mean trade secrets as defined under applicable law; other confidential, non-public, and proprietary information including technical, research, or development information; commercial, financial, budgeting, or accounting information; information about existing and potential customers, marketing studies, performance,

and projections; business strategies, decisions, discussions, or negotiations; personnel compensation, evaluations, and other employment information; confidential and proprietary information about affiliates, parents, subsidiaries, and third parties; sales figures, customer lists, profit calculations, sales projections, production costs, marketing costs, overhead costs, marketing plans, business plans, non-public correspondence with government agencies and, as appropriate, research and development information, contracts, and agreements with third parties or work with third party collaborators and licensees; non-public information relating to any United States or foreign patent applications; and other similarly highly sensitive material.  Any Producing Party may designate any Discovery Material as "Highly Confidential – Attorneys Eyes Only" if such Producing Party in good faith believes that such Discovery Material contains "Highly Confidential Information."  Information designated "Highly Confidential – Attorneys Eyes Only" by the Producing Party may not be disclosed to persons representing any other party to this Litigation ("Receiving Party") who fall within the categories described in paragraph 5(b) of this Protective Order.  The term "Highly Confidential Information" means "Confidential Information," as that term is used above, of a nature that there would be a potential for competitive harm from disclosure of the documents or information to other parties without such a designation.

      2.     <u>Use of Discovery Material</u>.  Discovery Material designated "Confidential" or "Highly Confidential – Attorneys Eyes Only" and all information derived therefrom shall be used solely for purposes of this Litigation and shall not be used for any other action or purpose, including, without limitation, any business, proprietary, commercial, or governmental purpose.

3. <u>Manner of Designating Materials</u>. The Producing Party shall designate Discovery Material as "Confidential" or "Highly Confidential – Attorneys Eyes Only" for purposes of this Protective Order in the following manner.

(a) With regard to documents, including any and all exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from transcripts or recordings of oral testimony from any deposition, pretrial, or trial proceedings, which are subject to paragraph 3(c) below), by affixing the legend "Confidential" or "Highly Confidential – Attorneys Eyes Only" to the first page and all pages of any document containing any Confidential Information or Highly Confidential Information, respectively.

(b) With regard to video tapes, audio tapes, and electronic media such as computer disks or compact discs (CD), by affixing the legend "Confidential" or "Highly Confidential – Attorneys Eyes Only" to the package thereof;

(c) With regard to deposition, pretrial or trial testimony, any party may designate the deposition or portions thereof a "Confidential" or "Highly Confidential – Attorneys Eyes Only" at any time during the proceeding, including at the outset. Any party may, after receipt of the deposition transcript, inform the other parties in writing that portions of the transcript are designated "Confidential" or "Highly Confidential – Attorneys Eyes Only." All deposition transcripts shall be deemed temporarily subject to this Protective Order as if marked "Highly Confidential – Attorneys Eyes Only" for thirty (30) days from delivery of the transcript to permit the Producing Party to designate the deposition or a portion thereof "Confidential" or "Highly Confidential – Attorneys Eyes Only." The parties may modify this procedure for any particular deposition or proceeding, through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.

(d) With regard to documents and things being made available for inspection, at the request of counsel for the Producing Party, all documents and things produced for inspection during discovery shall initially be considered to contain wholly "Highly Confidential – Attorneys Eyes Only" information. At the initial (or any subsequent) inspection of the original documents and things, if requested by the Producing Party, the Receiving Party shall not make copies of the documents produced. Copies of documents and copies or photographs of things requested by the Receiving Parry shall be made, Bates-numbered, and delivered to the Receiving Party; such process shall be performed as promptly as reasonably practicable and shall not await the production or inspection of other documents or things. After the Receiving Party has designated documents or things for copying, and before copies are transmitted to the Receiving Party, counsel for the Producing Party shall designate and mark the documents and things, as appropriate, as "Confidential" or "Highly Confidential – Attorneys Eyes Only."

4. <u>Who May Access "Highly Confidential – Attorney Eyes Only" Information</u>. Discovery Material designated "Highly Confidential – Attorneys Eyes Only" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the following:

(a) Outside litigation counsel representing a party in this Action, together with secretaries, paralegals, document clerks, and other support staff who are assisting counsel with the preparation or trial of this Action;

(b) Independent experts and consultants specifically retained for this Action, together with their assistants and support staff, subject to and conditioned upon compliance with paragraph 6 of this Order;

4

(c) The Court and its staff, and those court reporters and necessary support personnel of such court reporters retained in connection with depositions, hearing, or trial testimony given or taken by any party or non party in this action;

(d) Commercial copy services, translators, data entry and computer support organizations, and such persons who assist in preparing demonstrative trial exhibits, hired by and assisting outside counsel for a party, such counsel to be responsible for the adherence of the commercial organizations to the provisions of this order; and

(e) Such other persons as hereafter may be designated by written agreement of the parties or by order of the Court.

5. Who May Access "Confidential" Information. Discovery Material designated "Confidential" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the following:

(a) The individuals permitted access to Highly Confidential Information under the terms of paragraph 4 of this Order; and

(b) Parties and employees, officers, and directors of the parties who need access to the Confidential Information to assist counsel in the Litigation, provided such persons are made aware of and agree to abide by the provisions of this order, as well as secretarial and clerical personnel who work regularly with such persons.

6. Experts and Consultants.

(a) Each independent expert and consultant to whom a party seeks to give, show, disclose make available, or communicate in any way "Confidential" or "Highly Confidential – Attorneys Eyes Only", of another party shall first execute an Undertaking (appended to this Order as Attachment A) agreeing to be bound by the terms of this Protective

Order. Counsel for the party retaining the expert or consultant shall retain the original executed Undertaking.

   (b) At least ten (10) days prior to the party giving, showing, disclosing, making available or communicating "Confidential" or "Highly Confidential – Attorneys Eyes Only" Discovery Material to any expert or consultant, the party shall deliver to the Producing Party a copy of the Undertaking signed by the person to whom "Confidential" or "Highly Confidential – Attorneys Eyes Only" Discovery Material is proposed to be disclosed and a description setting forth the person's (i) name, (ii) office addresses, (iii) present employer and job description, (iv) a curriculum vitae or, at minimum, a brief job history covering at least the past four years; and (v) a list of entities for which the expert or consultant has consulted in the past four years.

   (c) The Producing Party shall be entitled to object to such disclosure to the expert or consultant within ten (10) days after service of the Undertaking by stating specifically in writing the reasons why that party believes such person should not receive "Confidential" or "Highly Confidential – Attorneys Eyes Only" Discovery Material.

   (d) In the event of such an objection, no disclosure of "Confidential" or "Highly Confidential – Attorneys Eyes Only" Discovery Material shall be made to the expert or consultant for a period of ten (10) business days following the date of service of the objection, in order to permit the objecting party to move for an order that disclosure not be made to such expert or consultant, or be made only under certain conditions, or to permit the objecting party and the disclosing party to agree in writing that disclosure be made only under certain circumstances. The objecting party shall seek to have any such motion set for the earliest feasible date before the Court, and such motion shall not be continued without the consent of all

6

parties. If no such motion is made in such time and manner, "Confidential" or "Highly Confidential – Attorneys Eyes Only" Discovery Material may be disclosed to such expert or consultant for the purposes and upon the conditions herein stated. If such a motion is made, there shall be no disclosure to such expert or consultant until the Court has ruled upon the motion, and then only in accordance with that ruling. The moving party shall bear the burden of proving that the disclosure should not be made. The filing and pendency of such motion shall not limit, delay, or defer any disclosures of the "Confidential" or "Highly Confidential – Attorneys Eyes Only" Discovery Material to persons as to whom no such objection has been made, nor shall it delay or defy any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

(e)    <u>Witness Access to Confidential Information</u>.  Any third party individual may be interviewed, subpoenaed, or examined as a witness for a hearing, trial, or deposition concerning any "Confidential" or "Highly Confidential – Attorneys Eyes Only" Discovery Material, which that person had lawfully received or had personal access to prior to and apart from this Action, and such a person shall be presumed lawfully to have received or to have personal access to any information of a Producing Party that appears on its face or from other documents or testimony to have been received previously by that person or communicated to that person. During the deposition of a non-party witness, the witness may be shown such "Confidential" or Highly "Confidential – Attorneys Eyes Only" Discovery Material only after executing an Undertaking (appended to this Order as Attachment A) agreeing to be bound by the terms of this Protective Order. Counsel for the party noticing the deposition shall retain the original executed Undertaking.

7

7.  Other limitations stated herein notwithstanding, any current employee of a party may be shown any Discovery Material produced by that party.

8.  Prosecution Bar.  Any individual outside counsel or other person who receives "Highly Confidential – Attorneys Eyes Only" information of a technical nature shall not participate in the prosecution (including without limitation interferences, re-examinations, and re-issues) of any patent or patent application in the field of (1) statistical multiplexing of video streams; and (2) switched digital video, on behalf of or at the direction of any party to this action from the time of receipt of such information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.

9.  Filings with the Court.  Any filing with the Court containing or disclosing "Confidential" or "Highly Confidential – Attorneys Eyes Only" Discovery Material shall be marked "CONFIDENTIAL – FILED UNDER SEAL – PURSUANT TO PROTECTIVE ORDER" or a similar notation.  The filing shall be made under seal.  Any Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only" under this Order shall maintain its designation even when filed under seal with the Court or provided to the assigned Judge or the Magistrate Judge.  A public version of such a filing with the Confidential or Highly Confidential Discovery Material redacted shall be filed with the Court pursuant to this Court's CM/ECF procedures.

10. No Admission or Prejudice.  Producing or receiving "Confidential" or "Highly Confidential – Attorneys Eyes Only" Discovery Material, failing to object to any designation by another party, or otherwise acting in accordance with the terms of this Protective Order shall not:

8

(a) operate as an admission by any party that any particular information does or does not comprise or reflect trade secrets, proprietary, or commercially sensitive information or any other type of confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Highly Confidential – Attorneys Eyes Only" information;

(c) prejudice or waive in any way the rights of the parties to object to the production of documents they consider not subject to discovery for any reason;

(d) prejudice or waive in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

(e) prejudice or waive in any way the rights of a party to seek determination by the Court whether any Discovery Material should or should not be subject to the terms of this Protective Order;

(f) prejudice or waive in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

(g) prejudice or waive in any way any claim or defense in this Action;

(h) prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material;

(i) operate as a consent to any discovery; or

9

(j) prejudice or waive in any way the rights of any party to contest, under paragraph 14 of this Order, any Producing Party's designation of any material as "Confidential" or "Highly Confidential – Attorneys Eyes Only."

11. <u>Materials That Are Exempt</u>.  This Protective Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own "Confidential" or "Highly Confidential – Attorneys Eyes Only" Discovery Material for any purpose.  Nothing contained herein shall impose any restrictions on the use or disclosure by a Receiving Party of documents, materials, or information designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only" obtained lawfully by such party independently of this Action, or which:

(a) was already known to such Receiving Party by lawful means prior to acquisition from, or disclosure by, another party in this Action;

(b) is or becomes publicly known through no fault or act of the Receiving Party; or

(c) is rightfully obtained by the Receiving Party from a third party which has authority to provide such "Confidential" or "Highly Confidential – Attorneys Eyes Only" information to the Receiving Party without restriction as to disclosure by the Receiving Party.

12. <u>Applicability and Modification</u>.  The provisions of this Protective Order shall govern discovery and all proceedings in this Action and any appeals therefrom.  Each of the parties hereto is entitled to seek modification of this Protective Order by stipulation of the parties or by application to the Court on notice to the other parties hereto for good cause.

13. <u>Termination</u>.  The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including, without limitation, any appeals

therefrom.  Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Action, including any appeals therefrom, all persons having received "Confidential" or "Highly Confidential – Attorneys Eyes Only" Discovery Material shall, at the option of the Receiving Party, either destroy or return to counsel for the Producing Party such information and all copies thereof (including summaries and excerpts), and shall provide written certification thereof to the Producing Party.  Counsel shall make reasonable efforts to ensure that any independent experts and consultants abide by this provision.  Outside counsel of record for the Receiving Party shall be entitled to retain papers submitted by any party to the Court, deposition and trial transcripts and exhibits, and attorney work product containing "Confidential" or "Highly Confidential – Attorneys Eyes Only" Discovery Material, provided that such counsel, and employees of such counsel, shall not disclose any such Discovery Material contained in such filings, transcripts, exhibits, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party.

      14.     <u>Disputing Designation</u>.  If the Receiving Party disagrees with a "Confidential" or "Highly Confidential – Attorneys Eyes Only" designation, it may notify the Producing Party in writing of such disagreement, and both parties will thereupon confer in good faith as to the proper status of such Discovery Material.  If the parties are unable to reach agreement within ten (10) days, the Receiving Party may apply to the Court for a ruling concerning the status of such Discovery Material and, while such application and ruling are pending, the Receiving Party shall treat such Discovery Material according to the current designation as required under this Protective Order.  The Producing Party shall bear the burden of establishing the propriety of its designation.  No party shall be obligated to challenge the propriety of a confidential designation,

and a failure to do so during or after this Litigation shall not preclude a subsequent attack on the propriety of such designation.

15. <u>Other Proceedings</u>.  By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Protective Order that becomes subject to a motion to disclose another party's information designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only" pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

16. <u>Inadvertent Production</u>.  The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials, or the subject matter thereof or the confidential nature of any such information, as to the inadvertently produced document and as to any related material.  The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that a document has been inadvertently produced.  Upon receiving written notice from the Producing Party that privileged or confidential information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the Producing Party within seven (7) days of receipt of such notice and the Receiving Party shall not use such information for any purpose until further Order of the Court.  All copies of the documents in electronic format must also be returned or destroyed.  If the

Receiving Party contests the privilege, confidentiality, or work-product designation by the Producing Party, the Receiving Party shall give the Producing Party written notice of the reason for said disagreement and shall be entitled to retain one copy of the disputed document for use in resolving the dispute.  The Receiving Party shall, within thirty (30) business days from the initial notice by the Producing Party, move the Court for an Order compelling the production of the material.  If no such motion is filed, upon expiration of the thirty (30) day period then all copies of the disputed document shall be returned or destroyed in accordance with this paragraph.  Any analyses, memoranda, or notes which were internally generated based upon such inadvertently-produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the Receiving Party does not contest that the information is privileged, or (b) the Court rules that the information is privileged.  Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the Producing Party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

17. <u>Right to Seek Further Relief</u>.  Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection or is entitled to a more limited form of protection than designated.

RESPECTFULLY SUBMITTED, this ____ day of October, 2007.

**Consented to:**

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MORRIS JAMES LLP |
| | |
| */s/ Karen Jacobs Louden (#2881)* | */s/ Mary B. Matterer (#2696)* |
| Jack B. Blumenfeld (#1014) | Mary B. Matterer (#2696) |
| Karen Jacobs Louden (#2881) | 500 Delaware Avenue |
| 1201 North Market Street | Suite 1500 |
| Wilmington, DE 19899-1347 | P.O. Box 2306 |
| (302) 658-9200 | Wilmington, DE 19899 |
| jblumenfeld@mnat.com | (302) 888-6800 |
| klouden@mnat.com | mmatterer@morrisjames.com |
| | |
| OF COUNSEL: | OF COUNSEL: |
| | |
| Peter P. Chen | John Benassi |
| John D. Minton | HELLER EHRMAN LLP |
| Mark Tung | 4350 La Jolla Village Drive |
| LATHAM & WATKINS LLP | Suite 700 |
| 140 Scott Drive | San Diego, CA 92122 |
| Menlo Park, CA 94025 | |
| (650) 328-4600 | *Attorneys for Defendant* |
| | *Imagine Communications, Inc.* |
| James L. Day | |
| LATHAM & WATKINS LLP | |
| 505 Montgomery Street, Suite 2000 | |
| San Francisco, CA 94111 | |
| (415) 391-0600 | |

*Attorneys for Plaintiff*
  *BigBand Networks, Inc*

1269284

WHEREFORE, the Court having reviewed the foregoing submitted stipulated Protective Order,

It is hereby ORDERED, this ____ day of _____ 2007, that information produced or disclosed by any party or non-party in connection with this civil action shall be governed by this Order.

_____
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| BIGBAND NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-351 (***) |
| | ) | |
| IMAGINE COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>UNDERTAKING</u>**

I, _____, state that:

1. My address is _____.

2. My present employer is _____, and the address of my present employer is _____.

3. My present occupation or job title is _____.

4. I have received a copy of the Stipulated Protective Order entered in this case.

5. I have carefully read and understand the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I submit myself to the jurisdiction of the Court in this Action for purposes of enforcement of the Stipulated Protective Order, and fully understand that violation of the Stipulated Protective Order is punishable to the full extent permitted by the Court.

8. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only" (collectively "Confidential Discovery Material") or any words, substances, summaries, abstracts or indices of Confidential Discovery Material disclosed

2

to me, and I shall use Confidential Discovery Material only for purposes of this Action and not for any other purpose, including, without limitation, any business, proprietary, commercial, governmental, or litigation purpose.

9.  Promptly following the conclusion of my services in or involvement with this Action, or at the request of the party which employed or retained me, I will return all Confidential Discovery Material or any words, substances, summaries, abstracts and indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained,

10. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of _____, 200___.

_____
Signature