IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIGBAND NETWORKS, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> IMAGINE COMMUNICATIONS, INC., <br><br> Defendant and Counterclaim Plaintiff. | Civil Action No. 1:07-cv-00351 JJF |

**IMAGINE'S RESPONSE AND OBJECTIONS TO BIGBAND NETWORKS, INC.'S FIRST NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(B)(6).**

**GENERAL OBJECTIONS**

**FIRST** Imagine generally objects to BigBand's instructions, definitions, and topics of examination to the extent that they purport to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, or any Order of the Court.

**SECOND** Imagine generally objects to each and every category for examination to the extent it is vague, ambiguous, and fails to describe the category with reasonable particularity.

**THIRD** Imagine generally objects to each and every definition and category for examination to the extent it is overly broad, unduly burdensome, oppressive, and/or would entail undue expense.

**FOURTH** Imagine generally objects to each and every definition and category for examination as unduly burdensome to the extent it calls for legal conclusions.

**FIFTH** Imagine generally objects to each definition and category for examination to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege, immunity or protection from discovery.

**SIXTH** Imagine generally objects to each definition and category for examination to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

**SEVENTH** Imagine generally objects to each definition and category for examination to the extent it seeks information already in BigBand's possession or available from public sources.

**EIGHTH** Imagine generally objects to each definition and category for examination to the extent it seeks expert opinion. Imagine reserves the right to offer expert opinions at the appropriate stage of this litigation.

**NINTH** Imagine generally objects to each definition and category for examination to the extent it purports to require the identification of documents that are duplicative of those already requested and/or produced.

### OBJECTIONS AND RESPONSES TO TOPICS OF DEPOSITION

**TOPIC 1:**

The design, structure and methods used in the processing of video data in Imagine's SDV Staging Processor and QOD Gateway.

**RESPONSE TO TOPIC 1:**

Imagine incorporates its General Objections as if set forth fully herein. Imagine objects to this topic of deposition as overbroad and unduly burdensome. It is impossible to prepare a witness to testify about every aspect of "the design, structure and methods used in the processing of video data in Imagine's SDV Staging Processor and QOD Gateway."

**TOPIC 2:**

The conception, design, research and development of Imagine's SDV Staging Processor and QOD Gateway.

**RESPONSE TO TOPIC 2:**

Imagine incorporates its General Objections as if set forth fully herein. Imagine objects to this topic of deposition as overbroad and unduly burdensome. It is impossible to prepare a witness to testify about every aspect of "the conception, design, research and development of

Imagine's SDV Staging Processor and QOD Gateway." Furthermore, the conception, research, and development of Imagine's products are not relevant to BigBand's patent claims.

**TOPIC 3:**

The design, structure, architecture and methods used in the processing of video data in Imagine's ICE and ICEPAC system, including Video On Demand (VOD) functionality.

**RESPONSE TO TOPIC 3:**

Imagine incorporates its General Objections as if set forth fully herein. Imagine objects to this topic of deposition as overbroad and unduly burdensome. It is impossible to prepare a witness to testify about every aspect of "design, structure, architecture and methods used in the processing of video data in Imagine's ICE and ICEPAC system, including Video On Demand (VOD) functionality."

**TOPIC 4:**

The conception, design, research and development of Imagine's ICE and ICEPAC system, including Video On Demand (VOD) functionality.

**RESPONSE TO TOPIC 4:**

Imagine incorporates its General Objections as if set forth fully herein. Imagine objects to this topic of deposition as overbroad and unduly burdensome. It is impossible to prepare a witness to testify about every aspect of "the conception, design, research and development of Imagine's ICE and ICEPAC system, including Video On Demand (VOD) functionality." Furthermore, the conception, research, and development of Imagine's products are not relevant to BigBand's patent claims.

**TOPIC 5:**

The design, algorithm and methods used in the rating of video data in Imagine's QMngr and QODM methods and ICE-Q subsystem.

**RESPONSE TO TOPIC 5:**

Imagine incorporates its General Objections as if set forth fully herein. Imagine objects to this topic of deposition as overbroad and unduly burdensome. Imagine further objects to the

topic as vague with respect to "the rating of video data in Imagine's QMngr and QODM methods and ICE-Q subsystem."

**TOPIC 6:**

The conception, design, research and development of Imagine's QMngr and QODM methods and ICE-Q subsystem.

**RESPONSE TO TOPIC 6:**

Imagine incorporates its General Objections as if set forth fully herein.  Imagine objects to this topic of deposition as overbroad and unduly burdensome.  It is impossible to prepare a witness to testify about every aspect of "the conception, design, research and development of Imagine's ICE and ICEPAC system, including Video On Demand (VOD) functionality."  Furthermore, the conception, research, and development of Imagine's products are not relevant to BigBand's patent claims.

**TOPIC 7:**

The design, structure and architecture of the integrated video delivery system comprised of Imagine's Converged VOD and SDV Network Architecture and Imagine's partners' or customers' equipment.

**RESPONSE TO TOPIC 7:**

Imagine incorporates its General Objections as if set forth fully herein.  Imagine objects to this topic of deposition as overbroad and unduly burdensome.  It is impossible to prepare a witness to testify about every aspect of "design, structure and architecture of the integrated video delivery system comprised of Imagine's Converged VOD and SDV Network Architecture and Imagine's partners' or customers' equipment."  Furthermore, Imagine objects to this topic to the extent it seeks testimony regarding "Imagine's partners' or customers' equipment."

**TOPIC 8:**

The conception, design, research and development of the compatibility of Imagine's Converged VOD and SDV Network Architecture with third party (non-Imagine) equipment.

4

**RESPONSE TO TOPIC 8:**

Imagine incorporates its General Objections as if set forth fully herein. Imagine objects to this topic of deposition as overbroad and unduly burdensome. It is impossible to prepare a witness to testify about every aspect of "conception, design, research and development of the compatibility of Imagine's Converged VOD and SDV Network Architecture with third party (non-Imagine) equipment." Furthermore, Imagine objects to this topic as unintelligible to the extent that Imagine does not "conceive," "design," or "develop" compatibility.

**TOPIC 9:**

The location and identification of documents relating to topics 1-8.

**RESPONSE TO TOPIC 9:**

Imagine incorporates its General Objections and its objections to topics 1-8 as if set forth fully herein.

**TOPIC 10:**

The identify of persons with knowledge of topics 1-8.

**RESPONSE TO TOPIC 10:**

Imagine incorporates its General Objections and its objections to topics 1-8 as if set forth fully herein.

Date: February 5, 2008

/s/ Mary Matterer
MARY B. MATTERER (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: 302-888-6800
Facsimile: 302-571-1750
Email: mmatterer@morrisjames.com

OF COUNSEL:

JOHN M. BENASSI (Bar No. 74137)
ALEXANDER BRAINERD (Bar No. 42722)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA  92122-1246
Telephone:  858-450-8400
Facsimile:  858-450-8499
Email : john.benassi@hellerehrman.com

PETER E. GRATZINGER (Bar No. 228764)
HELLER EHRMAN LLP
333 South Hope Street
Los Angeles, CA  90071
Telephone:  213-689-0200
Facsimile:  213-614-1868
Email:  peter.gratzinger@hellerehrman.com

                        Attorneys for Defendant and Counterclaim Plaintiff
                        IMAGINE COMMUNICATIONS, INC.