IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIGBAND NETWORKS, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>IMAGINE COMMUNICATIONS, INC.,<br><br>    Defendant and Counterclaim Plaintiff. | Civil Action No. 1:07-cv-00351 JJF |

**DEFENDANT IMAGINE COMMUNICATIONS, INC.'S SECOND AMENDED
30(b)(6) NOTICE TO BIGBAND NETWORKS, INC.**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    NOTICE IS HEREBY GIVEN pursuant to Federal Rule of Civil Procedure 30(b)(6) that Defendant IMAGINE COMMUNICATIONS, INC. ("IMAGINE") will take the deposition upon oral examination of Plaintiff BIGBAND NETWORKS INC. ("BIGBAND") commencing on May 22, 2008 at 9:00 a.m., or a date and time to be agreed upon, at the law offices of Heller Ehrman LLP, 4350 La Jolla Village Drive, San Diego, California 92122, and continuing from day to day thereafter, excluding weekends and holidays, until completed.  The deposition will be recorded by a videographer and/or certified court reporter.

    NOTICE IS HEREBY FURTHER GIVEN pursuant to Federal Rule of Civil Procedure 30(b)(6) that BIGBAND is required to designate one or more of its officers, directors, partners, managing agents or other such persons as are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to it with respect to the topics identified in Attachment B attached hereto, and for each person designated, to set forth the matters on which the person will

testify in a written response to be served on or before May 15, 2008.  The definitions are attached as Attachment A.

Further, IMAGINE hereby requests that the witness(es) designated to testify with respect to the topics attached hereto bring with them to the deposition the technical and operational specifications and documents relating to the BIGBAND products referenced in the deposition topic, which were called for production pursuant to Imagine Communication, Inc.'s First Set of Requests For Production to BigBand Networks Inc.

Date: May 1, 2008           _/s/ Mary B. Matterer_
                            MARY B. MATTERER (I.D. No. 2696)
                            MORRIS JAMES LLP
                            500 Delaware Avenue, Suite 1500
                            Wilmington, DE  19801
                            Telephone:  302-888-6800
                            Facsimile:  302-571-1750
                            Email:  mmatterer@morrisjames.com

OF COUNSEL:

JOHN M. BENASSI (Bar No. 74137)
ALEXANDER BRAINERD (Bar No. 42722)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA  92122-1246
Telephone:  858-450-8400
Facsimile:  858-450-8499
Email:  john.benassi@hellerehrman.com

                            Attorneys for Defendant and Counterclaim Plaintiff
                            IMAGINE COMMUNICATIONS, INC.

## ATTACHMENT A

## **DEFINITIONS**

(a) "DOCUMENTS" shall have the broadest meaning ascribed to it by the Federal Rules of Civil Procedure and applicable case law, including but not limited to electronic files.

(b) "IMAGINE" means Imagine Communications, Inc., any corporate predecessor, and any past or present division, department, parent, subsidiary, affiliate, director, officer, principal, agent, employee, consultant, representative, or other person acting on its behalf or under its control.

(c) "BIGBAND," "YOU," or "YOUR" means BigBand Networks, Inc, any corporate predecessor, any joint venture to which it is or was a party, any past or present division, department, parent, subsidiary, affiliate, director, officer, principal, agent, employee, consultant, representative, or other person acting on its behalf or under its control.

(d) "RELATING TO" means referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constituting in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

(e) "The '477 PATENT" means U.S. Patent No. 6,999,477.

(f) "The '087 PATENT" means U.S. Patent No. 7,058,087.

(g) "The '619 PATENT" means U.S. Patent No. 6,937,619.

(h) "The PATENTS-IN-SUIT" means the '477 PATENT, the '087 PATENT, and the '619 PATENT collectively.

(i) "PREDECESSORS" are any prior applications or patents to or through which the PATENTS-IN-SUIT claim priority.

(j) "SUCCESSORS" are any divisionals, continuations, and continuations-in-

part of the PATENTS-IN-SUIT.

(k) "FOREIGN COUNTERPARTS" are any patents or applications that are FOREIGN COUNTERPARTS to any of the PATENTS-IN-SUIT or their PREDECESSORS or SUCCESSORS.

(l) "PRODUCT" means any product, apparatus, system, service, or method.

(m) "ACCUSED PRODUCT" means any IMAGINE PRODUCT that YOU allege infringes one or more of the PATENTS-IN-SUIT.

(n) "CONCEPTION" means the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention as it is thereafter to be applied in practice.

(o) "REDUCTION TO PRACTICE" of an invention means the earlier of (a) filing a patent application for the invention, or (b) demonstrating that the invention will work for its intended purpose, though it need not be in a commercially satisfactory stage of development.

(p) "PUBLIC USE" means use that is accessible to the public or use that constitutes commercial exploitation of the invention.

(q) The term "PERSON" shall include both natural PERSONS and corporate or other business entities, whether or not in the employ of a party, and the acts and knowledge of a PERSON are defined to include the acts and knowledge of that PERSON'S directors, officers, members, employees, representatives, agents, and attorneys.

(r) The term "IDENTIFY" means, with regards to DOCUMENTS, to:
  i. describe the nature of the document (e.g., letter or memorandum);
  ii. state the date of the document and its bates or control numbers, if any;
  iii. identify the PERSON who sent and received the original and any

4

                copy of the document;

        iv.  state in as much detail as possible the contents of the document; and

        v.  state the manner and date of the disposition of the document.

(s)    The term "IDENTIFY," with respect to PERSONS, shall mean to state the PERSON'S:

        i.  Individual, company, or corporate name;

        ii.  last known address; and

        iii.  last known phone number.

## ATTACHMENT B

## 30(b)(6) Topics

### Facts Relating to Infringement Issues

1. All facts supporting YOUR factual basis for YOUR contention that the ACCUSED PRODUCTS infringe the asserted claims of the PATENTS-IN-SUIT, including without limitation, facts that would support that the accused products:

    (a) Contain a "session manager."

    (b) "Select basic media data units to be modified in response to a modification priority."

    (c) Use a "modification priority."

    (d) Use a "non-addressable stream output port."

    (e) Use of an "aggregate bandwidth of received packets which exceeds the bandwidth of the limited bandwidth media".

2. All facts regarding YOUR understanding of the following documents, which were referenced in YOUR claim charts served as Attachments A, B, and C to YOUR responses to Imagine's First Set of Interrogatories, and how they support your accusations of infringement:

    (a) Imagine product brochure entitled "Imagine's QOD Product Suite."

    (b) U.S. patent application 2006/0195881 ("Distributed Statistical Multiplexing of Multi-Media").

    (c) "Attack the HDTV Bandwidth Challenge with a Powerful Technology: VBR/StatMux for VOD and SDV," Mark Tayer, July 1, 2007.

    (d) Imagine press release "Imagine Communications Launches the Industry's First Switched Digital Video Solution Incorporating Variable Bit Rate and Statistical Multiplexing" dated April 23, 2007.

3. The claims that you believed were infringed at the time the suit was filed.

4. All facts you are aware of that IMAGINE has indirectly infringed or contributed to infringement of the PATENTS-IN-SUIT, including the identity of all third parties whose infringement IMAGINE has induced or to whose infringement IMAGINE has contributed.

5. All facts you are aware of that IMAGINE's alleged infringement is willful and deliberate.

6. The circumstances under which BIGBAND became aware of IMAGINE's financing efforts, including IMAGINE's intent to sell Series B Securities, including without limitation the date on which each executive and board member of BIGBAND first learned this information and the source from which he or she learned it, including documents relating thereto.

7. All facts and circumstances RELATING TO any non-privileged communications regarding YOUR intent to file this lawsuit and YOUR reasons for filing this lawsuit, including statements made to third parties, and any communications to third parties relating thereto.

8. All facts RELATING TO any offer by IMAGINE to disclose information to YOU regarding its products prior to this lawsuit, including without limitation the communications described in Paragraph 15 of IMAGINE's Counterclaim and the identity of witnesses knowledgeable thereof.

9. To the extent not fully requested above, the IDENTIFICATION of persons, EMPLOYEES, and/or third parties involved in or knowledgeable about matters set forth in the topics above.

10. The DOCUMENTS or other information RELATING TO the matters set forth in the topics above, the IDENTITY of the custodian(s) of the document and the location(s) where the document was kept and/or stored in the ordinary course of business.

**BigBand Patents, Conception, Reduction to Practice and Miscellaneous Topics**

11.     The place and dates of CONCEPTION and REDUCTION TO PRACTICE for each claim in the PATENTS-IN-SUIT, and all evidence showing or corroborating the dates identified, including without limitation the identity of all PERSONS with personal knowledge of those dates and all DOCUMENTS showing or corroborating those dates.

12.     All PERSONS who contributed to the CONCEPTION and REDUCTION TO PRACTICE of the claims in each asserted patent, and each PERSON'S contribution to that alleged invention.

13.     The first prototype reflecting the reduction to practice of each claim of the patents-in-suit including design, structure, architecture, and methods used and whether such prototypes contain a "session manager"; "select[ed] basic media data units to be modified in response to a modification priority"; used a "modification priority" used a "non-addressable stream output port"; or used an "aggregate bandwidth of received packets which exceeds the bandwidth of the limited bandwidth media," or equivalent technology.

14.     Any texts, treatises, writings, computer software, or other DOCUMENTS that significantly contributed to or influenced conception and reduction to practice of each asserted claim.

15.     Commercial success of the invention defined by each asserted claim.

16.     Long felt but unsolved needs met by the invention defined by each asserted claim and failure of others to meet those needs.

17.     Professional approval of the invention defined by each asserted claim.

18.     Deliberate copying of the invention defined by each asserted claim.

19.     Laudatory statements by accused infringers relating to the invention defined by each asserted claim.

20.     Each PRODUCT developed, sold, or licensed by YOU that embodies, practices, or uses any of the alleged inventions claimed in the PATENTS-IN-SUIT, the

operation of each method or feature of that PRODUCT that embodies any of the alleged inventions, including design, structure, architecture and methods used in the processing of video data, video delivery system or video-on-demand, and whether such prototypes contain a "session manager"; "select[ed] basic media data units to be modified in response to a modification priority"; used a "modification priority" used a "non-addressable stream output port"; or used an "aggregate bandwidth of received packets which exceeds the bandwidth of the limited bandwidth media," or equivalent technology.

21. The first sale, offer for sale, or PUBLIC USE of any PRODUCT that embodies any alleged invention claimed, and documents relating thereto and the identity of witnesses knowledgeable thereof.

22. The identity of any DOCUMENT or thing that any person has suggested to BIGBAND is prior art or potential prior art to the PATENTS-IN-SUIT or that BIGBAND has considered to be prior art or potential prior art to the PATENTS-IN-SUIT.

23. The field of invention of each PATENTS-IN-SUIT.

24. All non-privileged communication between BIGBAND and any of the inventors of the PATENTS-IN-SUIT RELATING TO this action.

25. The level of education, experience, and/or skill held by a person of ordinary skill in the art related to alleged inventions contained in PATENTS-IN-SUIT at the time of the alleged invention.

26. The IDENTITY of all persons and/or employees involved in the conception, design, development, engineering, and testing of BIGBAND's products that allegedly embody any of the PATENTS-IN-SUIT or allegedly compete with any ACCUSED PRODUCT.

27. The IDENTITY of all locations involved in the conception, design, development, engineering, and testing of BIGBAND's products that allegedly embody any of the PATENTS-IN-SUIT or allegedly compete with any ACCUSED PRODUCT.

28. The IDENTIFICATION of persons, EMPLOYEES, and/or THIRD PARTIES involved in or knowledgeable about matters set forth in the topics above.

29. The DOCUMENTS or other information RELATING TO the matters set forth in the topics above, the IDENTITY of the custodian(s) of the document and the location(s) where the document was kept and/or stored in the ordinary course of business.

**Prosecution Issues of BigBand Patents**

30. BIGBAND's knowledge of and decision not to disclose prior art to the '477 PATENT during the prosecution of the '477 PATENT, including without limitation, the references identified in Imagine's First Counterclaim (at paragraph 22) served July 26, 2007.

31. BIGBAND's knowledge of and decision not to disclose prior art (and related analysis) to the '619 PATENT during the prosecution of the '619 PATENT, including without limitation, the references and prior examiner's analysis identified in Imagine's Second Counterclaim (at paragraphs 35-39) served on July 26, 2007.

32. BIGBAND's knowledge of and decision not to disclose prior art (and related analysis) to the '087 PATENT during the prosecution of the '087 PATENT, including without limitation, the references and prior examiner's analysis identified in Imagine's Third Counterclaim (at paragraphs 52-57) served on July 26, 2007.

**Damages**

33. The harm (monetary or otherwise) that YOU claim YOU have suffered as a result of IMAGINE's alleged infringement of the PATENTS-IN-SUIT.

34. The factual basis for any claim for damages, including but not limited to lost profits, reasonable royalty, or price erosion, that YOU intend to make for IMAGINE's alleged infringement.

35. YOUR marketing and pricing policies, practices, and plans for PRODUCTS that allegedly embody any of the PATENTS-IN-SUIT or allegedly compete

with any ACCUSED PRODUCT, during any period of time that YOU allege IMAGINE infringed the PATENTS-IN-SUIT.

36. Any competition for sales between IMAGINE and YOU.

37. For each instance in which YOU submitted a proposal or bid for the sale of YOUR PRODUCTS that compete with any ACCUSED PRODUCT, the identity of the customer, the location of the customer, the scope and content of the bid or proposal, the identity of any competing bidders, any evaluation performed by YOU of the competing bids or proposals, the identity of the Person(s) responsible for YOUR bid or proposal, the date that YOU submitted the proposal, and the status of the bid or proposal (including whether YOU were awarded the bid or proposal, and, if not, YOUR understanding of the reason the bid or proposal was awarded elsewhere).

38. Any competitive analysis or market analysis conducted by YOU with respect to YOUR PRODUCTS, including without limitation the nature of the market and identity of competitors YOU identified for each PRODUCT.

39. YOUR estimates or beliefs of the relative market share of all competitors in any market in which YOU compete with IMAGINE, and YOUR method for determining that market share.

40. YOUR estimates or projections of the future growth of any market in which YOU compete with IMAGINE.

41. YOUR sales, revenues, costs, profits and loss from the date of commercial introduction of any PRODUCT YOU allege competes with any IMAGINE product.

42. YOUR projected sales, revenues, costs, profits and loss for any PRODUCT YOU allege competes with any IMAGINE product.

43. Any sale that YOU allege you lost to IMAGINE.

44. The sale of any product or service made in conjunction with or driven by the sale of any of YOUR PRODUCTS on which YOU claim YOU lost profits.

45. Any reduction in price YOU allege resulted from IMAGINE's infringement.

46. Any license or sublicense to which YOU are a party relating to any of YOUR PRODUCTS or any of the PATENTS-IN-SUIT.

47. YOUR practices and policies for licensing YOUR patents to third parties.

48. Any established royalty for the PATENTS-IN-SUIT or any industry royalty rate that YOU believe is relevant to the PATENTS-IN-SUIT.

49. Any agreements, including without limitation settlements and covenants not to sue, relating to the PATENTS-IN-SUIT.

50. Any correspondence, communications, and negotiations with third parties relating to the licensing or cross-licensing of the PATENTS-IN-SUIT.

51. All PERSONS that YOU claim infringe any of the PATENTS-IN-SUIT.

52. The IDENTIFICATION of persons, employees, and/or third parties involved in or knowledgeable about matters set forth in the topics above.

53. The DOCUMENTS or other information RELATING TO the matters set forth in the topics above, the IDENTITY of the custodian(s) of the document and the location(s) where the document was kept and/or stored in the ordinary course of business.