IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

|  |  |  |
|---|---|---|
| BIGBAND NETWORKS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  07-351 (JJF) |
| | ) | |
| IMAGINE COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

---

**BIGBAND'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR PROTECTIVE
ORDER TO STRIKE IMAGINE'S SECOND AMENDED
NOTICE OF DEPOSITION OF BIGBAND PURSUANT TO FED. R. CIV. P. 30(b)(6)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com

*Attorneys for Plaintiff BigBand Networks, Inc.*

OF COUNSEL:

Peter P. Chen
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

James L. Day
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
(415) 391-0600

May 2, 2008

i.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS ............................................................1

SUMMARY OF ARGUMENT .................................................................................2

STATEMENT OF FACTS .......................................................................................4

ARGUMENT .........................................................................................................5

      A.    Imagine's Second Amended Notice Improperly Seeks Contention
           Discovery ..................................................................................................6

      B.    Imagine's Second Amended Notice Improperly Seeks Privileged
           or Protected Information ...........................................................................9

      C.    Imagine's Second Amended Rule 30(B)(6) Notice Is Unduly
           Burdensome And Unreasonably Broad ....................................................11

CONCLUSION.....................................................................................................16

# TABLE OF AUTHORITIES

CASES                                                                          Page(s)

*Advanced Cardiovascular Sys., Inc. v. C.R. Bard, Inc.*,
    144 F.R.D. 372 (N.D. Cal. 1992) ...........................................................11

*Carpenter Tech. Corp. v. Armco, Inc.*,
    1990 U.S. Dist. LEXIS 5538 (E.D. Pa. May 7, 1990) ...........................14

*Conner Peripherals, Inc. v. Western Digital Corp.*,
    1993 WL 726815 (N.D. Cal. June 8, 1993), ..........................................11

*Hercules Inc. v. Exxon Corp.*,
    434 F. Supp. 136 (D. Del. 1977) ......................................................10, 11

*Heron v. Potter*,
    2006 WL 3703693 (D. Del. Oct. 23, 2006) .........................................5, 7

*Lony v. E.I. DuPont de Nemours & Co.*,
    935 F.2d 604 (3d Cir. 1991) ..................................................................14

*Loving v. Pirelli Cable Corp.*,
    11 F. Supp. 2d 480 (D. Del. 1998) ........................................................14

*McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*,
    134 F.R.D. 275 (N.D. Cal. 1991) .............................................................8

*McKesson Information Solutions LLC v. The TriZetto Group, Inc.*,
    C.A. No. 04-01258 (SLR) (D. Del. Aug. 2, 2005) ..................................7

*Pharmacia & Upjohn Co. v. Sicor, Inc.*,
    C.A. No. 04-833 (KAJ) (D. Del. Oct. 11, 2005) .....................................7

*Reed v. Bennett*,
    193 F.R.D. 689 (D. Kan. 2000) .............................................................12

*Reliant Pharms., Inc. v. Par Pharm, Inc.*,
    C.A. No. 06-774 (JJF) (D. Del. Mar. 7, 2008) ........................................7

*Rohm & Haas Co. v. Brotech Corp.*,
    815 F. Supp. 793 (D. Del. 1993) ...........................................................10

*SmithKline Beecham Corp. v. Apotex Corp.*,
    2000 WL 116082 (N.D. Ill. Jan 24, 2000) ..............................................3

*SmithKline Beecham Corp. v. Apotex Corp.*,
    232 F.R.D. 467 (E.D. Pa. 2005)..........................................................................11

*In re Spalding Sports Worldwide, Inc.*,
    203 F.3d 800 (Fed. Cir. 2000)............................................................................9

*Sperry v. State of Florida*,
    373 U.S. 379 (1963).........................................................................................10

*United States v. District Council of New York City*,
    1992 WL. 208284 (S.D.N.Y. Aug. 18, 1992)...................................................12

*Westchester Fire Ins. Co. v. Household Int'l, Inc.*,
    2005 U.S. Dist. LEXIS 116 (D. Del. Jan. 5, 2005)..........................................15

*Wyeth v. Impax*,
    C.A. No. 06-222 (JJF) (D. Del. Mar. 2, 2007)...................................................6

## STATUTES

Fed. R. Civ. P. 26(b)(2).............................................................................................12

Fed. R. Civ. P. 26(c) ..................................................................................................5

Fed. R. Civ. P. 30(b)(6)....................................................................................... *passim*

## OTHER AUTHORITIES

5A Charles Alan Wright & Arthur R. Miller, *Federal Practice &* Procedure § 3035 (3d
    ed. 2004) ..........................................................................................................14

Kent Sinclair and Roger P. Fendrich, *Discovering Corporate Knowledge and
    Contentions: Rethinking Rule 30(b)(6) and Alternative Mechanisms*, 50 Alabama L.
    Rev. 651 (1999) ........................................................................................... *passim*

## NATURE AND STAGE OF PROCEEDINGS

This patent infringement action alleges infringement of BigBand's patents covering its innovative switched broadcast and rate-shaping methods and systems that conserve bandwidth and deliver video content more efficiently.  Imagine is a start-up company whose executives include several former BigBand employees who for years had extensive access to BigBand's technology, intellectual property and proprietary information. BigBand alleges in this action that Imagine has copied BigBand's technology, thereby injuring BigBand in the video technology market.  No depositions have been taken in this case to date.  Rather than noticing any individual depositions, and before document production was even substantially complete, on December 21, 2007, Imagine served an improper and overly broad Rule 30(b)(6) deposition notice on BigBand containing sixty (60) topics on virtually every issue in the case.  Imagine later amended the notice on February 5, 2008, and again on May 1, 2008.

Throughout a lengthy meet and confer process, BigBand repeatedly invited Imagine to revise its Rule 30(b)(6) notice in a meaningful way that would enable BigBand to prepare and provide a witness or witnesses to testify.  Despite BigBand's efforts, Imagine's Second Amended Notice, which contains fifty-three (53) topics, remains overbroad and improper.  Imagine's only "revisions" appear to be semantic in nature and do not address the fundamental deficiencies in the Notice.

BigBand thus has moved for a protective order to strike the improper Second Amended Notice.  This is BigBand's opening brief in support of its motion.

## SUMMARY OF ARGUMENT

Since this case's inception, BigBand has provided extensive responses to interrogatories (including infringement charts for all of the patents-in-suit), has produced approximately 75,000 pages of documents in response to document requests, and has responded to requests for admissions.  Notwithstanding the substantial amount of information BigBand already has provided, Imagine unfairly seeks to burden BigBand with an expansive Rule 30(b)(6) notice embracing fifty-three (53) topics (not counting numerous subtopics) directed to virtually every issue in the case.  Among other things, the topics seek BigBand's contentions, implicate privilege or work product issues, and seek information about years of research and development efforts aimed at obtaining patent rights for and bringing BigBand's product to market.  Many of the topics are more properly the subject of interrogatories, document requests or depositions of relevant fact witnesses.

First, Imagine's Second Amended Notice inappropriately seeks BigBand's contentions.  As an example, Topic 1 of the Second Amended Notice purports to require a witness to testify regarding all "facts supporting [BigBand's] factual basis for [its] contention that the ACCUSED PRODUCTS infringe the asserted claims of the PATENTS-IN-SUIT," and then lists non-exhaustive sub-topics.   D.I. 37 at 6.  This Court and many others recognize that Rule 30(b)(6) depositions are not an appropriate means of ascertaining a party's contentions. Moreover, BigBand employees do not have access to Imagine's confidential technical documents under the Protective Order and therefore cannot provide the analysis that has and will be provided in response to contention interrogatories.  Requiring a party to produce a Rule 30(b)(6) witness to testify regarding

its contentions implicates privilege and work product issues, imposes an undue burden, and is needlessly duplicative of other forms of discovery (*e.g.*, contention interrogatories).

Besides improperly seeking BigBand's contentions, Imagine's Second Amended Notice also seeks information that plainly is protected by the attorney-client privilege, including information regarding the drafting and preparation of patent applications. Certain topics attempt to probe BigBand's protected communications with patent counsel and strategic judgments based upon such communications regarding prior art. Again, the discovery rules do not permit Imagine to use a corporate deposition to try to elicit such protected information.

The Second Amended Notice also is overly broad and unduly burdensome. Through it, Imagine improperly seeks to force BigBand to analyze countless documents, interview its employees (some of whom reside overseas), and then educate a witness (or several witnesses) to be prepared to answer any conceivable question Imagine may pose. This is not a proper use of a Rule 30(b)(6) deposition. That is, the propounding party cannot use such a notice to require the responding party to educate a witness to testify regarding myriad subjects that lack reasonable particularity. *See SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 116082, at *9 (N.D. Ill. Jan. 24, 2000) ("[T]he [Federal] Rules … preclude proponents of discovery from wielding the discovery process as a club by propounding requests compelling the recipient to assume an excessive burden."). The Second Amended Notice also seeks extensive testimony that is more properly the subject of expert discovery. Imagine's notice far exceeds the proper bounds of Rule 30(b)(6) deposition discovery.

BigBand has, in good faith, tried to identify its concerns regarding Imagine's 30(b)(6) deposition notices and has asked numerous times that Imagine narrow its notice to include fewer and more appropriate topics. Exs. 1, 2, 3 and 4 (2/20/08 objections to Imagine's Amended Notice; Letters from Minton to Gratzinger of 2/5 and 2/11; Letter from Graves to

Benassi of 4/24).[1]  Yet, Imagine persists in propounding broad, burdensome and unsuitable topics in an attempt to have BigBand do its work for it by seeking to require BigBand to lay out its entire case for Imagine.

BigBand thus respectfully requests that the Court grant its motion for a protective order and strike Imagine's Second Amended Notice.

## STATEMENT OF FACTS

Imagine filed its original Rule 30(b)(6) Notice on December 21, 2007, which contained sixty (60) separate deposition topics.  BigBand properly responded, objecting that among other things, the noticed topics: (1) improperly sought BigBand's contentions or legal conclusions; (2) sought testimony regarding subject matter protected by the attorney-client privilege and/or work product doctrine; (3) were unreasonably overbroad and unduly burdensome; (4) called for expert opinion; and (5) failed to describe with reasonable particularity the matters on which examination was requested.  Ex. 5 (1/8/08 objections to Imagine's Notice). In addition, many of Imagine's Rule 30(b)(6) topics were duplicative of prior discovery requests, in response to which BigBand has produced approximately 75,000 pages of documents and thorough written responses (including infringement charts for the patents-in-suit).

In an attempt to resolve the dispute, BigBand engaged in extensive meet and confer discussions and correspondence with Imagine.  Imagine made a few token revisions and, on February 5, 2008, served an Amended Notice.  Ex. 6  (2/5/08 Amended Notice).  However, the Amended Notice still failed to address Imagine's most objectionable topics (including those seeking BigBand's contentions), and still contained fifty-six (56) overbroad and improper topics.

---

[1]     The Exhibits referenced herein are attached to the Declaration of Karen Jacobs Louden filed herewith.

Nevertheless, to further attempts at informal resolution, BigBand provided Imagine with authority demonstrating that contention depositions are disfavored in Delaware. Ex. 2 (Letter from Minton to Gratzinger of 2/5); see also Ex. 7 (Letter from Gratzinger to Minton of 2/1 regarding 30(b)(6) notice). BigBand also provided authority indicating that Imagine's topics directed toward BigBand's pre-suit investigation and intent in filing suit were similarly improper. Ex. 3 (Letter from Minton to Gratzinger of 2/11). Notwithstanding this authority, Imagine still refused to remove its contention-related topics, instead merely revising a few of them and purporting to "table" those topics related to BigBand's pre-suit investigation. Ex. 8 (Letter from Gratzinger to Minton of 2/14).

The parties conferred again, and BigBand again explained its fundamental conceptual concerns, and asked if Imagine would consider revising its Amended Notice further. Ex. 4 (Letter from Graves to Benassi of 4/24). Imagine agreed to do so, and served a Second Amended Notice on May 1, 2008, which is the subject of this motion. D.I. 37.

The Second Amended Notice does not differ in substance, however, from Imagine's prior notices. Although it contains some revised phrasing, it still seeks contention and expert discovery, information relating to BigBand's intent in filing suit, and information protected by the attorney-client privilege or work product doctrine. *See id*. at 6, 7, 10-11.

Imagine continues to refuse to revise its 30(b)(6) deposition notices to address those deficiencies. BigBand thus moves to strike Imagine's Second Amended Notice.

ARGUMENT

Upon "motion by a party or by the person from who discovery is sought … the court … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Heron v. Potter*, No. Civ. A. 03-313 - JJF, 2006 WL 3703693, at *1 (D. Del. Oct. 23, 2006) (citing Fed. R. Civ. P. 26(c)). A protective

order is appropriate if good cause is shown.  *Id.*  As explained more fully, *infra*, Imagine's Second Amended Notice is overbroad, burdensome, and seeks testimony not properly within the scope of a Rule 30(b)(6) deposition.  Thus, good cause exists and BigBand's motion should be granted. Indeed, this Court granted a motion for protective order on a similar deposition notice in *Wyeth v. Impax*, C.A. No. 06-222 (JJF) (D. Del.) (March 2, 2007) (Oral Order).  Ex. 9.

> A.    Imagine's Second Amended Notice Improperly Seeks Contention Discovery.

Though Imagine has tinkered with the wording of its 30(b)(6) deposition topics, it cannot escape the fundamental problem that they continue to seek BigBand's contentions.  For example, Topic 1 of the Second Amended Notice seeks BigBand's testimony on the "facts supporting [BigBand's] factual basis for [its] contention that the ACCUSED PRODUCTS infringe the asserted claims of the PATENTS-IN-SUIT."  D.I. 37 at 6.  Further, Topics 4 and 5 ask for BigBand's contentions on indirect infringement and willful infringement.  *Id*. at 7.  Topic 34 seeks "the factual basis for any claim for damages, including but not limited to lost profits, reasonable royalty, or price erosion, that YOU intend to make for IMAGINE's alleged infringement."  Semantics aside, these topics – and others contained in the Second Amended Notice – plainly seek BigBand's contentions, and are more properly the subject of expert testimony.

Rule 30(b)(6) is a vehicle for eliciting information regarding the identity of knowledgeable people; it is not a vehicle for probing a party's contentions.  That is:

> The essential purpose of the Rule 30(b)(6) deposition mechanism is reflected in the Advisory Committee's focus on the burdens involved.  The Committee recognized that finding witnesses to address topics required effort by an entity.  The counter-weight -- the factor which was stated by the Committee to justify the imposition of this burden on the company -- was *not* that the discovering party had a need to learn contentions (a matter not even raised in the comment to Rule 30(b)(6)).  Rather, it was the

> discovering party's need to obtain *leads to the identity of knowledgeable people* and some basic information about the company.

Kent Sinclair & Roger P. Fendrich, *Discovering Corporate Knowledge and Contentions: Rethinking Rule 30(b)(6) and Alternative Mechanisms*, 50 ALA. L. REV. 651, 718-19 (1999) (emphasis in original, citations omitted), attached as Ex. 10.   Indeed, this Court has also recognized that Rule 30(b)(6) depositions generally are not the proper mechanism to ascertain a party's contentions.  *See, e.g.,* Ex. 11 (*Reliant Pharms., Inc. v. Par Pharm., Inc.*, C.A. No. 06-774 (JJF) (D. Del. Mar. 7, 2008) (Tr. at 20-21) (granting motion for a protective order upon finding that the 30(b)(6) deposition notice sought "contention discovery," even though "in a factual nature," and noting the district's "practice of deferring to interrogatories" under the circumstances)).

In short, Imagine may not use its Second Amended Notice as an end-run for probing BigBand's legal positions.  *See, e.g., Heron*, 2006 WL 3703693, at *1 (granting motion for protective order because the 30(b)(6) deposition notice  purported to require a deponent "to make a legal opinion or conclusion, which is objectionable"); *see also* Ex. 12 (*McKesson Info. Solutions LLC v. The TriZetto Group, Inc.,* C.A. No. 04-01258 (SLR) (D. Del. Aug. 2, 2005) (Tr. at 21) ("I have never thought contention Interrogatories are appropriately responded to via 30(b)(6) depositions….")).  Essentially, Imagine's contention-related deposition topics ask the potential deponent "to know every fact pertaining to every contention," which is "a little bit much to put on a deponent."  Ex. 13 (*Pharmacia & Upjohn Co. v. Sicor, Inc.,* C.A. No. 04-833 (KAJ) (D. Del. Oct. 11, 2005) (Tr. at 37)).

Though by now, in its Second Amended Notice, Imagine carefully uses the words "factual basis" rather than "contention" and "allegation," the mere change in those words does not cure Imagine's contention-related topics.  *See, e.g., id.* at 36 (noting that "inserting of the

word 'facts' doesn't make [a deposition topic] less of an effort to get at what is essentially the legal position of the party…."))  And, it is particularly inappropriate to try to obtain a contention deposition in the context of a patent case such as this, involving complex facts, law, and expert analyses.  This is because:

> Patent cases turn peculiarly on a conceptually dense dynamic between physical objects, words in claims, and principles of law. Understanding that dynamic, and describing the relationships that serve as the bases for a given parties' contentions, is something best done by patent lawyers, and best done after at least most other discovery has been completed.

*McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal 1991).

The inappropriateness of the topics is further demonstrated by the fact that BigBand employees do not have access to Imagine's confidential technical or financial information.  Therefore, no BigBand employee can provide a complete response as to the basis for contending infringement (Topics 1-4), willful infringement (Topic 5), or the damages BigBand has suffered (Topics 33 and 34).

Additionally, Imagine's contention topics implicate privilege and work product issues.  The topics basically seek a roadmap to BigBand's selection, organization, synthesis and assessment of numerous facts and documents, raising serious work product issues.  That is, Rule 30(b)(6) depositions that seek facts supporting allegations open a window into counsel's thought processes in selecting evidence to prepare a witness in an effort to comply with the Rule 30(b)(6) obligations.  However broad the discovery rules may be, Rule 30(b)(6) does not permit discovery of such protected information:

> When the entity demonstrates that all relevant, non-privileged evidence has been disclosed to the defendants, a proposed Rule 30(b)(6) deposition seeking synthesis of the supporting facts

"constitutes an impermissible attempt by defendant to inquire into the mental processes and strategies of the [entity]."

Ex. 10 (Sinclair & Fendrich) at 726 (citations omitted). As such, Imagine's topics remain an impermissible attempt to inquire into BigBand's protected work product. *See also id.* at 724 ("The criticism [of seeking protect work product] is true of a series of oral questions asking for the 'facts and documents which [the entity] contends support' each affirmative claim averment or defense, or of a notice stated with similar breadth.") (citation omitted).

BigBand has answered interrogatories regarding its conception and reduction to practice, infringement, validity, and claim construction, and has produced approximately 75,000 pages of documents in this litigation, including detailed infringement charts. Imagine should not be permitted further discovery of BigBand's contentions by way of a Rule 30(b)(6) deposition.

B.    Imagine's Second Amended Notice Improperly Seeks Privileged or Protected Information.

Several topics in Imagine's Second Amended Notice also implicate protected attorney-client communications or attorney work product. For example, Topic 22 requests testimony regarding the "identity of any DOCUMENT or thing that any person has suggested to BIGBAND is prior art or potential prior art to the PATENTS-IN-SUIT or that BIGBAND has considered to be prior art or potential prior art to the PATENTS-IN-SUIT." D.I. 37 at 9. In seeking the identity of suggested prior or potential prior art, this topic attempts to probe BigBand's communications with patent counsel as well as counsel's opinions and conclusions. Such subject matter is protected from discovery, however. *See, e.g., In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 806 (Fed. Cir. 2000) (protecting as privileged the process of obtaining "legal advice on patentability and legal services in preparing a patent application").

Similarly, topics 30-32 seek testimony concerning supposed decisions not to disclose prior art, information that also is protected by the attorney-client privilege and/or work product doctrine:

> 30. BIGBAND's knowledge of and decision not to disclose prior art to the '477 PATENT during the prosecution of the '477 PATENT, including without limitation, the references identified in Imagine's First Counterclaim (at paragraph 22) served July 26, 2007.

> 31. BIGBAND's knowledge of and decision not to disclose prior art (and related analysis) to the '619 PATENT during the prosecution of the '619 PATENT, including without limitation, the references and prior examiner's analysis identified in Imagine's Second Counterclaim (at paragraphs 35-39) served on July 26, 2007.

> 32. BIGBAND's knowledge and decision not to disclose prior art (and related analysis) to the '087 PATENT during the prosecution of the '087 PATENT, including without limitation, the references and prior examiner's analysis identified in Imagine's Third Counterclaim (at paragraphs 52-57) served on July 26, 2007.

The preparation and prosecution of a patent are the "hallmark activities of a lawyer," and this Court protects communications between an entity and its patent counsel for the purpose of securing legal advice in connection with those processes. *Hercules, Inc. v. Exxon Corp.,* 434 F. Supp. 136, 147 (D. Del. 1977) (citing *Sperry v. State of Florida*, 373 U.S. 379 (1963)). Here, Imagine seeks testimony that will reveal confidential communications between BigBand and its patent counsel for the purpose of obtaining legal services, which are immune from discovery. *See Rohm & Haas Co. v. Brotech Corp.*, 815 F. Supp. 793, 797 (D. Del. 1993) (deeming even draft patent applications privileged because they "often contain information and communications relating to the subject matter of the document, including, for example, proposed material to be included, suggested additions and deletions, and comments on the contents, all of which are

intended to be considered confidential between attorney and client and not intended for public disclosure.").

Further, if the mental impressions of the attorneys who drafted the patent applications and made judgments about prior art disclosures are based on privileged communications, then they also must be protected.  *See, e.g.*, *Hercules*, 434 F. Supp. at 144 ("The privilege also extends to the attorney's legal advice and opinions which encompass the thoughts and confidences of the client."); *see also Advanced Cardiovascular Sys., Inc. v. C.R. Bard, Inc.,* 144 F.R.D. 372, 378 (N.D. Cal. 1992) (noting that patent counsel's understanding of terms in a patent is not discoverable to the extent it is based upon privileged communications with the inventors).  Likewise, technical information exchanged between client and counsel for the purpose of securing or conveying legal advice also is privileged.  *See SmithKline Beecham Corp. v. Apotex Corp.,* 232 F.R.D. 467, 480 (E.D. Pa. 2005); *see also Conner Peripherals, Inc. v. Western Digital Corp.,* No. C93-20117 RMW/EAI, 1993 WL 726815, at * 3 (N.D. Cal. June 8, 1993) ("[I]f the primary purpose of a communication is to solicit legal advice, although the documents contain considerable technical factual information, the privilege applies.") (citations omitted).

Through its Second Amended Notice, Imagine seeks information that is inextricably intertwined with issues of attorney-client privilege and/or work product immunity. To the extent it may be discoverable, information of this nature is more appropriately obtained through means other than a Rule 30(b)(6) deposition.

      C.     Imagine's Second Amended Rule 30(B)(6) Notice Is
               Unduly Burdensome And Unreasonably Broad.

The Second Amended Rule 30(b)(6) Notice places an impossible burden on BigBand, namely, to prepare an all-knowing witness to somehow testify as to all of BigBand's

theories, and factual support for the same.  *See* Ex. 10 (Sinclair & Fendrich) at 704 ("Reliance on

Rule 30(b)(6) as a basis for requiring creation of a single, omniscient witness who can synthesize

all of the preparations and knowledge of a party has been roundly castigated as a procedure not

meriting serious consideration and one that refutes itself when spelled out.").  Imagine's fifty-

three (53) deposition topics purport to impose just such a burden and are improper, for:

> However liberal the discovery rules are, they could not reasonably
> be construed as requiring a party in a case such as this to make a
> Rule 30(b)(6) deponent … the repository of all information known
> to counsel so that she could then provide it to an adversary….

*United States v. District Council of New York City*, No. 90 CIV. 5722, 1992 WL 208284, at *15

(S.D.N.Y. Aug. 18, 1992).  If a defendant such as Imagine seeks factual information that

information is more fittingly available through document discovery and through depositions of

fact witnesses who possess personal knowledge.  *Id.*  Moreover, it is "highly inefficient and

burdensome" to require a party to "marshal all of its factual proof and then provide it to [the

deponent] so that she [can] respond to what are essentially a form of contention interrogatories."

*Id.*

Indeed, to enable any deponent to testify, a Rule 30(b)(6) notice must define its

subject matter "with reasonable particularity."  Fed. R. Civ. P. 30(b)(6).  In preparing its witness

to testify, a party must not be left to conjecture regarding the scope of the matters for

examination.  *Reed v. Nellcor Puritan Bennett & Mallinckrodt, Inc.*, 193 F.R.D. 689, 692 (D.

Kan. 2000) (quashing a Rule 30(b)(6) notice because the issuing party could not "identify the

outer limits of the areas of inquiry noticed").  Moreover, courts shall limit discovery if they

determine that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be

obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery

in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit…." Fed. R. Civ. P. 26(b)(2)(C).

Many of the topics in Imagine's Second Amended Notice are overbroad and plainly fail to describe the testimony sought with reasonable particularity.  For example, Topic 11 seeks testimony regarding:  "The place and dates of CONCEPTION and REDUCTION TO PRACTICE *for each claim in the PATENTS-IN-SUIT*, and *all evidence showing or corroborating the dates identified*, including without limitation the identity of all PERSONS with personal knowledge of those dates and *all DOCUMENTS showing or corroborating those dates*."  D.I. 37 at 8 (emphasis added).  Topic 12 also requests testimony regarding "PERSONS who contributed to the CONCEPTION and REDUCTION TO PRACTICE of the claims in each asserted patent, and each PERSON'S contribution to that alleged invention."  These topics call for information from numerous BigBand employees or former employees encompassing many years of work, embracing countless activities, and relating to hundreds of claims.  There is no feasible way that BigBand can prepare a witness to properly and completely address every facet of those overly broad topics.  *Id*; *See also id*. at 9 (Topics 26 and 27 are virtually duplicative of Topics 11 and 12, except that they relate to BigBand's products rather than its patent claims).

In addition, Topic 14, which seeks testimony regarding any and all sources that "significantly contributed to or influenced conception and reduction to practice of each asserted claim," would require BigBand to review many years' worth of information from numerous people who are not primarily involved in this case, and match that information to particular claims of the patents without any articulation of the particular testimony sought, or the relevance of or need for such testimony.  *Id*. at 8.  Such broad requests are more properly subject to written discovery, with appropriate follow up with individual fact witnesses.

As still another example, Topic 38 asks BigBand to provide testimony covering years of competitive and marketing analyses regarding BigBand's products, and Topic 41 asks for testimony on sales, revenues, costs, profits and loss from the date of commercial introduction of any BigBand product.  *Id.* at 11.  Besides being plainly overbroad, such that no witness could be fully prepared to provide such testimony, these topics also encompass analyses that may have nothing to do with the patents-in-suit or the subject matter of this dispute in general.

Still further, Imagine persists in asserting  topics that have no relevance to the parties' claims and defenses.  For example, Imagine continues to assert topic Nos. 7 and 8 asking about BigBand's intent in filing suit notwithstanding well-established law provided to Imagine (see Ex. 3, Letter from Minton to Gratzinger of 2/11), that such issues are irrelevant to Imagine's infringement.  *See, e.g.*, *Loving v. Pirelli Cable Corp.*, 11 F. Supp. 2d 480, 493 (D. Del. 1998) (quoting *Lony v. E.I. DuPont de Nemours & Co.*, 935 F.2d 604, 616 (3d Cir. 1991) (concluding that "'the Rule 11 test' is now an objective one of reasonableness.")).  Notably, where a complaint is "well grounded in fact and warranted under existing law," the initial complaint cannot, of itself, violate the "improper purpose" language of Rule 11.  5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3035 (3d ed. 2004).

Imagine further has persisted in seeking testimony on BigBand's awareness of Imagine's financing efforts (Topic 6), even though Imagine concedes that this issue is irrelevant to any claim or defense and itself has refused to provide discovery on it.  *See* Ex. 14 at 1 (Letter from Gratzinger to Minton of 2/1 regarding Imagine's responses to Interrogatories Nos. 2-3).

These examples illustrate that Imagine's Second Amended Notice lacks reasonable particularity and encompasses a broad universe of information that either is irrelevant to the issues in the suit or is of such marginal relevance that it is unduly burdensome.  The use of

such an overreaching Rule 30(b)(6) deposition to basically fish for information is improper.  *See Carpenter Tech. Corp. v. Armco, Inc.*, No. 90-0740, 1990 U.S. Dist. LEXIS 5538, at *8, *11-12 (E.D. Pa. May 7, 1990) (noting that the scope of discovery is "not without its bounds," and then striking irrelevant topics from a Rule 30(b)(6) deposition notice); *see also Westchester Fire Ins. Co. v. Household Int'l, Inc.*, No. 02-1328 JJF, 2005 U.S. Dist. LEXIS 116, at *7 (D. Del. Jan. 5, 2005) (refusing to permit discovery, including Rule 30(b)(6) deposition testimony, as to matters for which the propounding party failed to establish relevance).  Particularly when taken as a whole, Imagine's Second Amended Notice seeks to abuse the discovery process by asking BigBand to assume an excessive burden.

Finally, the Second Amended Notice places upon BigBand an unfair risk of possible preclusion if its designated witness cannot adequately respond to all of the overly broad questions posed.  This includes the risk of preclusion of proofs:

> The potential for abuse by the discovering party is high here. Courts have noted that "if it's [sic] Rule 30(b)(6) representative cannot answer a question, either because the witness was not 'fully educated' or due to faulty memory, the party may well be confronted with a motion to dismiss or for summary judgment as a result of the witness' inability to answer."  Because in a complex case it may be impossible to "fully educate" any slate of witnesses to restate all aspects of the case in deposition format, the risk of a preclusive motion following the Rule 30(b)(6) deposition makes the propriety of requiring such a synthesis in the first place a consideration of enormous import.

Ex. 10 (Sinclair & Fendrich) at 701-702 (citations omitted).  Thus, even as modified, Imagine's Second Amended Notice seeks testimony that imposes an untenable burden on and poses an unfair risk to BigBand.  As such, the Second Amended Notice is contrary to the purpose of Rule 30(b)(6), and the material Imagine seeks is better pursued through other vehicles, including individual depositions, document requests, additional contention interrogatories, and expert discovery.

<u>CONCLUSION</u>

For the foregoing reasons, BigBand respectfully requests that the Court grant its

motion for entry of a protective order and to strike Imagine's Second Amended Rule 30(b)(6)

deposition notice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Karen Jacobs Louden*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200
klouden@mnat.com

*Attorneys for Plaintiff BigBand Networks, Inc.*

OF COUNSEL:

Peter P. Chen
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

James L. Day
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

May 2, 2008

<u>CERTIFICATE OF SERVICE</u>

I, Karen Jacobs Louden, hereby certify that on May 2 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Mary B. Matterer
> MORRIS JAMES LLP

I also certify that copies were caused to be served on May 2, 2008 upon the following in the manner indicated:

**BY HAND AND E-MAIL**                    **BY E-MAIL**

Mary B. Matterer                          John M. Benassi
Morris James LLP                          Alexander Brainerd
500 Delaware Avenue                       Heller Ehrman LLP
Suite 1500                                4350 La Jolla Village Drive,
Wilmington, DE  19899                     7th Floor
                                          San Diego, CA  92122-1246


*/s/ Karen Jacobs Louden*
Karen Jacobs Louden