IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIGBAND NETWORKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-351 (JJF) |
| ) | |
| IMAGINE COMMUNICATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

**BIGBAND'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO COMPEL
FURTHER RESPONSES TO WRITTEN DISCOVERY**

    MORRIS, NICHOLS, ARSHT & TUNNELL LLP
    Jack B. Blumenfeld (#1014)
    Karen Jacobs Louden (#2881)
    1201 N. Market Street
    Wilmington, DE 19899-1347
    (302) 658-9200
    jblumenfeld@mnat.com
    klouden@mnat.com
        Attorneys for Plaintiff BigBand Networks, Inc.

OF COUNSEL:

Peter P. Chen
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

James L. Day
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

May 6, 2008

## TABLE OF CONTENTS

                    Page

TABLE OF AUTHORITIES

NATURE AND STAGE OF PROCEEDINGS     1

SUMMARY OF ARGUMENT     2

STATEMENT OF FACTS     3

ARGUMENT     5

    A.    Imagine Should Be Ordered To Provide Factual Support for Its Invalidity Contentions.     5

    B.    Imagine Should Be Ordered To Provide Factual Support for Its Non-Infringement Contentions.     7

    C.    Imagine Should Be Ordered To Produce Technical Documents for the Accused Products and Services.     9

CONCLUSION     11

## TABLE OF AUTHORITIES

**CASES**                                                                            **PAGE(S)**

*EEOC v. Klockner H&K Machs., Inc.*,
  168 F.R.D. 233 (E.D. Wis. 1996) ..........................................................................5

*Gary Plastic Packaging Corp. v. Merrill Lynch*,
  756 F.2d 230 (2d Cir. 1985)....................................................................................6

*Hercules Powder Co. v. Rohm & Haas Co.*,
  4 F.R.D. 452 (D. Del. 1946) .................................................................................11

*Pacitti by Pacitti v. Macy's*,
  193 F.3d 766 (3d Cir. 1999) ...................................................................................5

*Schlesinger Inv. P'ship v. Fluor Corp.*,
  671 F.2d 739 (2d Cir. 1982)....................................................................................8

*Sea Star Line, LLC v. Emerald Equip. Leasing Inc.*,
  2007 U.S. Dist. LEXIS 95070 (D. Del. Dec. 28, 2007)......................................6, 8

*Shomide v. ILC Dover, Inc.*,
  521 F. Supp. 2d 324 (D. Del. 2007).........................................................................5


**STATUTES**

Fed. R. Civ. P. 26(b)(1)......................................................................................................5

Fed. R. Civ. P. 37(a) ..........................................................................................................1

1.

## NATURE AND STAGE OF PROCEEDINGS

BigBand Networks, Inc. ("BigBand") filed this lawsuit on June 5, 2007, accusing Imagine Communications, Inc. ("Imagine") of infringing its innovative switched broadcast and rate-shaping methods and systems for conserving bandwidth and delivering video content more efficiently. Among Defendant Imagine's executives are several former BigBand employees who had ready access to BigBand's technology, intellectual property and proprietary information for years. BigBand alleges that Imagine has copied BigBand's technology, thereby injuring BigBand in the video technology market.

Soon after BigBand filed suit, the parties propounded initial written discovery requests upon one another. Imagine largely interposed objections, restated the assertions in its Answer and Counterclaims, or refused to produce pertinent documents in response to BigBand's interrogatories and document requests. BigBand engaged in extensive meet and confer discussions with Imagine in attempt to have it comply with its discovery obligations. Yet now, more than eight months after BigBand first propounded its requests, Imagine still refuses to provide factual support for its invalidity and non-infringement contentions, including any invalidity charts (even as to the independent claims), and has not produced basic technical documents describing the design and implementation of its accused products and services.

As a result, BigBand has moved for entry of an Order pursuant to Federal Rule of Civil Procedure 37(a) compelling Imagine to respond fully to BigBand's Interrogatories Nos. 4-6 and 10-11 and Document Requests Nos. 22-24. This is BigBand's opening brief in support of that motion.

## SUMMARY OF ARGUMENT

Notwithstanding that this case has been pending for almost a year, to date Imagine has failed to provide any factual support for its invalidity contentions other than a list of alleged prior art, without any claim charts, and without any discussion or analysis of how that art applies to the claims. As for its non-infringement contentions, all Imagine has done is identify "at least" one element of the claims that it contends is missing from its products. Despite BigBand's repeated requests, Imagine still has refused to confirm whether it relies on the alleged absence of any other claim element(s) or provide any support whatsoever for its conclusory assertions. And, in response to BigBand's document requests, Imagine has produced only about 20,000 pages of documents and has not provided numerous categories of responsive design and engineering documents relating to the products and services accused of infringement and how they have been implemented. Moreover, the relatively few technical documents Imagine has produced relate only to certain accused features rather than to the products in their entirety.

By asserting affirmative defenses and counterclaims of invalidity and non-infringement, Imagine admitted the relevance of those issues and should be required to provide factual support for its assertions. Its responses to BigBand's related interrogatories lack any factual detail and are improper, particularly given that BigBand has provided detailed infringement charts that should enable Imagine to respond with its counterpoints. Imagine also should be required to produce complete design and engineering information about the accused products and services, rather than just the selected documents it has produced to date.

The Federal Rules governing discovery favor a liberal exchange of information and disfavor the kind of surprise that may occur here if Imagine is not made

to fully respond to outstanding discovery. The case cannot further progress until Imagine provides the requested information.

Throughout the meet and confer process, BigBand has tried in good faith to clarify what it seeks, attempt to accommodate Imagine's concerns and provide Imagine with repeated opportunities to respond properly to BigBand's requests. Exs. 1, 2, 3 and 4 (Letters from Minton to Gratzinger of 1/22 and 2/20; Letters from Graves to Benassi of 4/9 and 4/24). Notwithstanding BigBand's efforts, Imagine still refuses to provide factual support for its contentions or produce the technical documents BigBand requires to move along and focus this action. BigBand respectfully requests that the Court enter an order compelling Imagine to provide complete responses to the discovery requests that are the subject of this motion.

## STATEMENT OF FACTS

BigBand served its initial sets of interrogatories and document requests on Imagine on August 27, 2007. For the most part, these discovery requests seek basic factual support for the assertions in Imagine's Answer and Counterclaims, as well as documents relating to Imagine's products and related services, which BigBand believes infringe the patents-in-suit. Imagine responded to BigBand's interrogatories by objecting and largely repeating its counterclaim allegations. Ex. 5 (Imagine's Responses to BigBand's First Interrogatories). In response to BigBand's document requests, Imagine also asserted objections and, in some cases, refused to produce responsive documents unless or until BigBand identified claims and detailed infringement allegations. Ex. 6 (Imagine's Responses to BigBand's First Document Requests). To date, Imagine has produced only about 20,000 pages of documents, which contain only limited information

about certain features of the accused products and services, but not about the products as implemented.

BigBand engaged in extensive meet and confer discussions and correspondence with Imagine in an attempt to address Imagine's concerns and obtain the requested information. On January 22, BigBand sent a detailed letter setting forth its most pressing issues with Imagine's responses and inviting Imagine to confer. Ex. 1 (Letter from Minton to Gratzinger of 1/22). With respect to the specific requests now at issue, Imagine's reply letter inappropriately conditioned any provision of responsive material on BigBand first performing certain tasks. Ex. 7 (Letter from Gratzinger to Minton of 2/1). The parties conferred telephonically and BigBand sent a confirming letter, in which it proposed narrowing various requests to accommodate Imagine's concerns. Ex. 2 (Letter from Minton to Gratzinger of 2/20). The parties then conferred again on April 23, and BigBand again requested that Imagine provide support for its invalidity and non-infringement contentions and produce complete design and engineering documentation for its products and services. Ex. 4 (Letter from Graves to Benassi of 4/24). BigBand requested that Imagine respond by April 30 so that any outstanding issues could be briefed in time for the Court's June 6 motion hearing. Imagine agreed to provide its positions by April 30, 2008, but then failed to do so.

BigBand thus respectfully requests that the Court order Imagine to provide complete factual support for its invalidity and non-infringement contentions (including claim charts as to at least the independent claims) and produce complete design and engineering documentation for the accused products and related services.

## ARGUMENT

The Court has discretion to enter an order compelling discovery and "must be mindful that parties are permitted to obtain discovery 'regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.'" *EEOC v. Klockner H&K Machs., Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (quoting Fed. R. Civ. P. 26(b)(1)); *see also Shomide v. ILC Dover, Inc.*, 521 F. Supp. 2d 324, 330 (D. Del. 2007). Moreover, the test for relevance is broad and discovery requests are to "be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.... The burden is on the objecting party to show why a particular discovery request is improper." *EEOC*, 168 F.R.D. at 235 (citations omitted); *see also Pacitti by Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999) (noting the "broad and liberal" nature of pretrial discovery). As set forth in more detail, *infra*, the discovery responses BigBand seeks are relevant to the subject matter of this action and, indeed, are critically important to the progression of the case. Good cause therefore exists for granting BigBand's motion and requiring Imagine to provide further responses.

  A. Imagine Should Be Ordered To Provide Factual Support for Its Invalidity Contentions.

In its Answer and Counterclaims, Imagine affirmatively asserted that the patents-in-suit are invalid. D.I. 9 at 2-3. To probe Imagine's claim, BigBand propounded Interrogatories Nos. 4-6, which seek "each fact supporting or relating to" Imagine's allegations that the patents-in-suit are invalid, as well as identification of persons with knowledge of and documents relating to those facts. Ex. 5 at 6-9 (Imagine's Responses to BigBand's First Interrogatories). In response, Imagine objected and simply

6.

listed a series of references that it claims are prior art to the patents-in-suit. *Id.* Although Imagine objected that these interrogatories are premature, this case is now almost a year old, and Imagine must have had some factual basis in order to assert invalidity in the first place. BigBand is entitled to discovery regarding those facts, including an identification of the theory of invalidity on which Imagine relies (i.e., anticipation or obviousness) and a claim chart indicating where each element of the claims purportedly is found in each identified reference.

Imagine cannot assert an affirmative defense and counterclaim of invalidity and then provide minimal factual support for it, essentially leaving BigBand in the dark regarding a subject that will be at issue during the trial of this case. *See Sea Star Line, LLC v. Emerald Equip. Leasing Inc.*, No. 05-245-JJF-LPS, 2007 U.S. Dist. LEXIS 95070, at *16 (D. Del. Dec. 28, 2007) (stating that the Federal Rules of Civil Procedure relating to discovery are "designed to eliminate surprise at trial"); *see also Gary Plastic Packaging Corp. v. Merrill Lynch*, 756 F.2d 230, 236 (2d Cir. 1985) ("Discovery serves important purposes, such as avoiding surprise, fully disclosing the nature and scope of the controversy, narrowing, simplifying, and framing the issues involved, and enabling parties to obtain the factual information needed to prepare for trial.") (citations omitted).

Imagine itself acknowledges that the invalidity chart BigBand seeks is relevant and responsive, and at various times has stated its future intent to provide such a chart. *See* Ex. 7 at 1 (Letter from Gratzinger to Minton of 2/1). More than eight months after BigBand posed the requests, however, Imagine still has yet to do so. Imagine appears to be conditioning its response, and justifying its delay, on the notion that BigBand must first provide supplemental infringement contentions and reduce the

number of claims at issue. *See id.*; *see also* Ex. 4 at 2 (Letter from Graves to Benassi of 4/24). Imagine's invalidity contentions, however, have nothing to do with BigBand's infringement contentions. Imagine has an independent obligation to provide factual support for its contention that the patents-in-suit are invalid.

Imagine also seeks to condition its agreement to provide invalidity claim charts on BigBand's agreement to reduce the number of claims in dispute, but this puts the cart before the horse. BigBand's ability to reduce the number of claims at issue depends not only on Imagine providing its invalidity contentions, but also on Imagine's complete production of design and engineering documents regarding the accused products and services. To be clear, BigBand does intend to reduce the number of claims at issue and is actively working toward that end; however, to complete the process, BigBand must receive Imagine's invalidity contentions (as well as complete technical documentation for Imagine's products, as discussed, *infra*). Furthermore, to minimize the burden, BigBand has agreed for now that Imagine need only provide an invalidity chart for the independent claims at issue. *See id.*

Thus, BigBand seeks an order requiring Imagine to respond to Interrogatories Nos. 4-6 and provide an invalidity chart without further delay.

      B.      <u>Imagine Should Be Ordered To Provide Factual Support for Its Non-Infringement Contentions.</u>

Imagine also asserted an affirmative defense and counterclaim of non-infringement. D.I. 9 at 2. BigBand's Interrogatories Nos. 10 and 11 seek facts underlying Imagine's contention that its products do not infringe, an identification of persons with knowledge of and documents relating to those facts, and specifically request claim charts "for each claim asserted not to be infringed" identifying "how each element

8.

is or is not met by" the accused products. Ex. 5 at 28-31 (Imagine's Responses to BigBand's First Interrogatories). Again, Imagine served lengthy objections and demanded infringement charts from BigBand. *Id*. In fact, BigBand provided detailed infringement charts for the patents-in-suit at the same time Imagine served its responses.

Although Imagine purported to supply a form of non-infringement chart (*see id*. at Appendix A), each of its chart entries refers in a conclusory manner to the supposed absence of "at least" a single claim element. It fails, however, to provide any facts in support of Imagine's assertion that the referenced element is missing from the accused product(s). In addition, because Imagine only identified a single element per claim that it contended was not met by the accused products, BigBand repeatedly asked Imagine to identify all elements on which Imagine's non-infringement contentions are based. Alternatively, if the chart represents an exhaustive list, BigBand asked Imagine to confirm that fact. Imagine has done neither of these things, again requiring BigBand to guess at the basis for Imagine's claims and leaving it susceptible to surprise at trial. *See Sea Star Line,* 2007 U.S. Dist. LEXIS 95070, at *16-17 (grating motion to compel response to an interrogatory aimed at fleshing out an issue that "will be the subject of trial"); *see also Schlesinger Inv. P'ship v. Fluor Corp.*, 671 F.2d 739, 742 (2d Cir. 1982) ("The federal rules evince a liberal policy with regard to discovery in order to allow litigants to secure helpful evidence from the hands of their adversaries.").

Recently, when BigBand again requested that Imagine identify *all* claim elements it alleges are absent from the accused products, Imagine replied that it may not provide non-infringement contentions for all claims currently at issue. Ex. 4 at 3 (Letter from Graves to Benassi of 4/24). Once more, Imagine seems to condition its response to

these interrogatories on BigBand first reducing the number of claims involved in this dispute and updating its infringement contentions, tasks that BigBand cannot achieve until Imagine fulfills its discovery obligations. Imagine also cannot escape the fact that BigBand has provided complete infringement contentions, and that Imagine has a duty to disclose the facts on which it intends to attempt to refute those contentions.

BigBand thus seeks an order requiring Imagine to supplement its responses to Interrogatories Nos. 10-11 and identify all claim elements it contends are missing from its products and the factual basis for its assertions.

### C. Imagine Should Be Ordered To Produce Technical Documents for the Accused Products and Services.

Here, as in any patent infringement case, BigBand, the patentee, is entitled to review Imagine's design and engineering documents that describe the accused products. BigBand Document Requests Nos. 22-24 seek documents relating to "the design, research, development, or testing of [the accused products], and any related services" as well as documents relating to regulatory approval of the accused products. Ex. 6 at 13-15 (Imagine's Responses to BigBand's First Document Requests). As in its responses to the interrogatories at issue here, Imagine asserted objections to these document requests and conditioned any production of responsive documents upon BigBand identifying its infringement contentions. *Id.* BigBand did provide detailed infringement charts in its written discovery responses, and Imagine now should fulfill its duty to produce design and engineering documents relating to the accused products and services, including documents sufficient to identify how these products have been implemented.

When BigBand expressed its concerns with Imagine's improper responses to these document requests (*see* Ex. 1 at 5 (Letter from Minton to Gratzinger of 1/22)), Imagine replied that it had produced and would produce "technical documentation relevant to BigBand's infringement contentions." Ex. 7 at 2 (Letter from Gratzinger to Minton of 2/1). Though Imagine has produced some technical documents to date, they do not relate to all aspects sought by the document requests – namely, the design, research, development, testing, and approval of the accused products. Rather, the produced documents consist of some high-level technical slides and some design documents that focus only on certain parts of Imagine's products. Besides not covering the full range of design and implementation information sought, Imagine's production so far also does not relate in any way to the whole products, even though BigBand noted during meet and confer discussions that it seeks documents relating not only to the accused features, but also to the accused products in their entirety. *See* Ex. 2 at 4 (Letter from Minton to Gratzinger of 2/20). In addition, it is unclear from the nature of the produced documents – and Imagine has not confirmed – whether they represent current, operative versions or have since been updated (in which case BigBand needs the newer versions). Ex. 4 at 2-3 (Letter from Graves to Benassi of 4/24).

Pursuant to Imagine's request, BigBand even listed the specific types of documents it seeks that Imagine has not yet produced. The requested materials include, for example, testing documentation, feature matrices, customer trial materials, and user manuals, among other things. More particularly, BigBand seeks documentation describing the features implemented by Imagine's products and services. BigBand asked

that Imagine produce the requested documents or promptly advise if they do not exist. Despite promising to do so, Imagine failed to respond in any manner.

Imagine's refusal to produce basic design, development and implemention documents is impeding the progress of discovery and this case. As noted above, BigBand cannot complete the supplementation of its infringement contentions or significantly reduce the number of claims at issue – and focus on the most critical issues in the case – until Imagine provides the requested documents.[1] Imagine's delay and refusal to provide proper responses to these document requests should not be tolerated. *See Hercules Powder Co. v. Rohm & Haas Co.*, 4 F.R.D. 452, 453 (D. Del. 1946) (stating that in considering a motion made under the rule for inspection and production of documents, a court "should be guided primarily by the spirit of the Federal Rules which requires that discovery before trial be made wherever possible") (citation, internal quotes omitted).

After more than eight months without progress, BigBand asks for an order requiring Imagine to produce complete technical documentation regarding the accused products and services in response to Document Requests Nos. 22-24.

## CONCLUSION

For the reasons stated above, BigBand respectfully requests that the Court enter an order compelling Imagine to provide complete responses to BigBand's Interrogatories Nos. 4-6 and 10-11 and Document Requests Nos. 22-24.

---

[1] If, as Imagine claims, the amount of technical documentation relating to its products and services is limited, then BigBand may need to take some depositions before it is in a position to complete the process of reducing the number of claims at issue.

12.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Karen Jacobs Louden*

        _____
        Jack B. Blumenfeld (#1014)
        Karen Jacobs Louden (#2881)
        1201 N. Market Street
        Wilmington, DE  19899-1347
        (302) 658-9200
        klouden@mnat.com
            Attorneys for Plaintiff BigBand
            Networks, Inc.

OF COUNSEL:

Peter P. Chen
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600


James L. Day
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
(415) 391-0600


May 6, 2008

2318208

## CERTIFICATE OF SERVICE

I, Karen Jacobs Louden, hereby certify that on May 6, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Mary B. Matterer
MORRIS JAMES LLP

I also certify that copies were caused to be served on May 6, 2008 upon the following in the manner indicated:

### BY HAND

Mary B. Matterer
Morris James LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19899

### BY FEDERAL EXPRESS

John M. Benassi
Christopher Longman
Heller Ehrman LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246

/s/ Karen Jacobs Louden
_____
klouden@mnat.com