IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| BIGBAND NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-351 (JJF) |
| | ) | |
| IMAGINE COMMUNICATIONS, INC., | ) | **REDACTED -** |
| | ) | **PUBLIC VERSION** |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF KAREN JACOBS LOUDEN IN SUPPORT OF
BIGBAND'S OPENING BRIEF IN SUPPORT OF TIS MOTION TO COMPEL
FURTHER RESPONES TO WRITTEN DISCOVERY**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
    Attorneys for Plaintiff BigBand Networks, Inc.

OF COUNSEL:

Peter P. Chen
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

James L. Day
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
(415) 391-0600

Original Filing Date: May 6, 2008
Redacted Filing Date:  May 6, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BIGBAND NETWORKS, INC., )
)
Plaintiff, )
)
v. )   C.A. No. 07-351 (JJF)
)
IMAGINE COMMUNICATIONS, INC., )   **REDACTED –**
)   **PUBLIC VERSION**
Defendant. )
)

**DECLARATION OF KAREN JACOBS LOUDEN IN SUPPORT OF
BIGBAND'S OPENING BRIEF IN SUPPORT OF TIS MOTION TO COMPEL
FURTHER RESPONES TO WRITTEN DISCOVERY**

I, Karen Jacobs Louden, hereby declare as follows:

1.      I am a partner with the law firm of Morris, Nichols, Arsht & Tunnell LLP.  I am

one of the attorneys representing BigBand Networks, Inc. ("Big Band") in this litigation.

2.      Attached hereto as Exhibit 1 is a true and correct copy of a January 22, 2008 letter

from J. Minton to P. Gratzinger.

3.      Attached hereto as Exhibit 2 is a true and correct copy of a February 20, 2008

letter from J. Minton to P. Gratzinger.

4.      Attached hereto as Exhibit 3 is a true and correct copy an April 9, 2008 letter

from S. Graves to J. Benassi.

5.      Attached hereto as Exhibit 4 is a true and correct copy of an April 24, 2008 letter

from S. Graves to J. Benassi.

6.      Attached hereto as Exhibit 5 is a true and correct copy of Imagine

Communications, Inc.'s Objections and Responses to BigBand Networks, Inc.'s First Set of

Interrogatories, dated October 24, 2007.

7.      Attached hereto as Exhibit 6 is a true and correct copy of Imagine Communications, Inc.'s Objections and Responses to BigBand Networks, Inc.'s First Set of Requests for Documents, dated October 24, 2007.

8.      Attached hereto as Exhibit 7 is a true and correct copy of a February 1, 2008 letter from P. Gratzinger to J. Minton.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on this 6th day of May, 2008.

*Karen Jacobs Louden*

Karen Jacobs Louden (#2881)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 6, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Mary B. Matterer
MORRIS JAMES LLP

I also certify that copies were caused to be served on May 6, 2008 upon the following in the manner indicated:

**BY HAND AND E-MAIL**

Mary B. Matterer
Morris James LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

**BY E-MAIL**

John Benassi
Alexander Brainerd
Heller Ehrman LLP
4350 La Jolla Village Drive
Suite 700
San Diego, CA 92122

/s/   Karen Jacobs Louden (#2881)
Karen Jacobs Louden

# EXHIBIT 1

**John D. Minton**
Direct Dial: +1.650.463.3009
john.minton@lw.com

140 Scott Drive
Menlo Park, California  94025
Tel: +650.328.4600  Fax: +650.463.2600
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

<u>**VIA EMAIL AND U.S. MAIL**</u>

January 22, 2008

Peter E. Gratzinger
Jon Benassi
HELLER EHRMAN LLP
333 South Hope Street, 39th Floor
Los Angeles, CA  90071

       Re:    *BigBand Networks, Inc. v. Imagine Communications, Inc.*,
               C.A. No. 07-351 (***) (D. Del.)

Dear Peter:

       This letter addresses Imagine Communications, Inc.'s ("Imagine") objections and responses to BigBand Networks, Inc.'s ("BigBand") First Set of Interrogatories and BigBand's First Set of Requests for Documents.  The purpose of this letter is to summarize BigBand's concerns regarding Imagine's responses.  We would like to schedule a meet and confer call to discuss the responses with Imagine so that we can attempt to resolve any disputes informally without intervention of the Court.

       This letter highlights BigBand's most salient concerns and does not address every deficiency in Imagine's responses.  The fact that this letter does not address each objection asserted by Imagine should not be interpreted to mean that BigBand agrees that those objections have merit.

<u>**Imagine's Responses to BigBand's First Set of Interrogatories**</u>

<u>General Objection No. 6:</u>

       General Objection No. 6 states that "[n]othing in Imagine's responses to the Interrogatories constitutes an admission concerning the scope of the claims of any patent at issue nor the relation of any such claims to any product made, used, sold, or offered for sale by Imagine."  This objection effectively renders meaningless Imagine's responses to the Interrogatories that implicate the scope of the claims, specifically including those related to

LATHAM&WATKINS LLP

Imagine's invalidity, unenforceability, and non-infringement contentions. Imagine should remove this improper objection from its Interrogatory responses.

<u>Interrogatory Nos. 2-3:</u>

In response to Interrogatory Nos. 2 and 3, Imagine asserts that its contention that BigBand filed suit in order to disrupt Imagine's refinancing is "unrelated to any claim or defense because Imagine's present Counterclaims do not include any claim based on BigBand's attempt to disrupt Imagine's funding." This statement confirms that Imagine included in its pleading irrelevant and highly inflammatory allegations having no relation to Imagine's claims or defenses. Imagine should amend its answer to remove these contentions.

In response to Interrogatory No. 2, Imagine claims "on information and belief" that the persons who made the decision to file this suit "on the eve of Imagine's refinancing" include BigBand executives and members of BigBand's board of directors. While allegations made "on information and belief" may be acceptable at the pleading stage, in its Interrogatory responses Imagine must set forth specific facts supporting its contention that "BigBand's ulterior motive was to disrupt Imagine's funding." Or, if Imagine knows of no such facts, it should say so.

<u>Interrogatory No. 3:</u>

Interrogatory No. 3 asks Imagine to state whether it has received any of the funding referred to in Paragraph 16 of its counterclaims and to identify each document relating to such funding. In response, Imagine merely states that it has obtained additional funding, but provides no further detail and does not reference a single document. Imagine should amend its response to specifically describe the details of the funding referenced in its pleading and more recently publicized in various press reports and identify the documents relating to any such funding.

<u>Interrogatory Nos. 4-6:</u>

These Interrogatories seek support for Imagine's invalidity contentions regarding the '619, '477 and '087 patents. Imagine simply lists references that it alleges are prior art, but provides no explanation as to how each reference supposedly applies to any claim of the patents at issue (let alone invalidates the claim), or supports any defense asserted by Imagine. These responses also do not identify the alleged statutory basis on which one or more of these references invalidates any claim. Imagine should provide an invalidity chart, or the equivalent, showing how it contends any purported prior art, or combination of prior art references, invalidates specific claims of the patents-in-suit and the applicable legal theory (*i.e.*, anticipation, obviousness, etc.).

Moreover, Imagine has asserted defenses and counterclaims under 35 U.S.C. §§ 101, 112 and 116 , in addition to §§ 102 and 103, but provides no facts in its interrogatory responses to support a defense under these statutes. Either Imagine should withdraw these defenses and counterclaims or provide the specific facts supporting them.

Peter E. Gratzinger
January 22, 2008
Page 3

LATHAM&WATKINS<sup>LLP</sup>

Interrogatory Nos. 10-11:

Imagine responds to Interrogatory Nos. 10-11, which ask for Imagine's support for its non-infringement contentions, by stating only that BigBand bears the burden of proof on infringement and that Imagine should not be required to demonstrate why and how it has not infringed. Apparently on that basis, Imagine provides only a partial response to these Interrogatories. Imagine's position is without merit. BigBand provided its infringement contentions on October 24, 2007 and, therefore, Imagine has no basis not to provide its rebuttal contentions. These responses should be amended to remove Imagine's improper objection.

Additionally, Imagine's responses to Interrogatory Nos. 10-11 refer to Appendix A, which purports to provide a chart listing certain bases for Imagine's non-infringement contentions with respect to the patents-in-suit. Each entry in Appendix A, however, simply refers to the alleged lack of a certain claim element and does not provide any basis for its contention as to why that element is not present. Imagine should amend its Interrogatories to provide the basis for its contentions.

Imagine further asserts that its charts set forth its contentions "as to at least one limitation that is not met by Imagine's products" and purports to reserve the right to "identify further limitations that are not met by Imagine's products, as well as further bases of noninfringement." If Imagine contends that its products are missing other elements of the claims at issue, then it must list all such elements on which it bases its non-infringement contentions. Or, if Appendix A is an exhaustive list, then Imagine should say so. In any event, Imagine must provide complete responses to these Interrogatories.

### Imagine's Responses to BigBand's First Set of Document Requests

General Objection No. 6:

As in its responses to the Interrogatories, Imagine objects to the Document Requests by stating that "[n]othing in Imagine's responses to the Requests constitutes an admission concerning the scope of the claims of any patent at issue nor the relation of any such claims to any product made, used, sold or offered for sale by Imagine." Again, this objection, if applied, would nullify Imagine's responses to many of the Document Requests, including those which seek support for Imagine's contentions that the patents at issue are invalid, unenforceable, and not infringed. Imagine should amend its responses to remove this improper objection.

General Objection No. 8:

Imagine also objects to the Document Requests "to the extent that production of documents located within Israel is contrary to Israeli law." If Imagine is withholding any responsive documents based on limitations under Israeli law, please specifically identify the documents that are being withheld and the legal bases for withholding those documents.

Peter E. Gratzinger
January 22, 2008
Page 4

## LATHAM&WATKINS LLP

Request Nos. 1-3, 5:

     Request Nos. 1-3 seek all documents relating to the '619, '477 and '087 patents, their subject matter, the applications leading to their issuance, and any of their foreign counterparts. In response, Imagine states that it will produce "non-privileged documents regarding the construction, infringement, validity, or enforceability of the [patents-in-suit], or reasonable royalty for the [patents-in-suit]." Imagine provides a similar response to Request No. 5, which seeks documents constituting or relating to any communication between Imagine and any other Person regarding BigBand, any of the patents-in-suit, or this lawsuit.

     Imagine may not unilaterally limit its production to the categories of documents listed in its responses, which, for example, would exclude documents relating to willful infringement. Any documents concerning the patents-in-suit plainly are "relevant to [BigBand's] claim or defense" (Fed. R. Civ. P. 26(b)(1)). Imagine should produce any and all responsive, non-privileged documents.

Request No. 4:

     Imagine merely objects to this Request, which seeks documents relating to BigBand, but does not agree to produce any responsive documents. Contrary to Imagine's objection, this Request is relevant to claims and defenses in this suit, as documents relating to BigBand may go to such issues as willfulness, copying, design around efforts, claim construction, and damages, among others. Imagine should produce responsive documents.

Request No. 6:

     Request No. 6 seeks documents relating to any of the funding referred to in Paragraph 16 of Imagine's counterclaims. As stated above with respect to Interrogatories 2-3, if this Request is "unrelated to any claim or defense in this action," Imagine should remove its inflammatory allegations from paragraph 16 of its counterclaims. If it does not, then it should provide the requested discovery.

Request Nos. 8-10, 11-13:

     Request Nos. 8-10 seek documents supporting, refuting or relating to Imagine's non-infringement contentions. Similarly, Request Nos. 11-13 seek documents supporting, refuting or relating to Imagine's invalidity contentions. In its responses to all of these Requests, Imagine states that it will produce documents "if and when" BigBand identifies its asserted claims and sets forth its infringement allegations. BigBand has already identified its asserted claims and how each claim is infringed by Imagine's products in its Responses to Imagine's First Set of Interrogatories. Imagine thus has an obligation to produce documents responsive to these Requests.

     Further, in response to Request Nos. 11-13, Imagine says that it will produce prior art to the patents-in-suit only "if and when" BigBand produces documents in response to these Requests. Imagine bears the burden of proving invalidity and it must produce all documents that allegedly support its contentions, and not just prior art.

**LATHAM&WATKINS**LLP

Request No. 17:

     This Request seeks documents relating to oral or written opinions, reports or analyses on a number of topics. Imagine reserves the right to waive the attorney-client privilege with respect to responsive documents at a later date. Please provide a privilege log identifying any and all documents withheld on the basis of privilege in response to this and all other Requests.

Request No. 19:

     This Request seeks all documents relating to actual or potential competition between Imagine and BigBand. In response, Imagine agrees to produce only competitive analyses, if any, relating to BigBand. There is no basis for this limitation in Imagine's response. For example, competition between the parties is relevant to the reasonable royalty analysis under *Georgia-Pacific*. Imagine should produce all documents that relate to actual and potential competition between Imagine and BigBand, either direct or indirect.

Request No. 20:

     In response to this Request asking Imagine to identify its current or contemplated products and services, Imagine simply refers to its Internet homepage. This response is evasive and inappropriate. Furthermore, no products are listed on the webpage located at the URL provided. Additionally, Imagine must produce documents sufficient to identify and describe its contemplated future products and services and not simply its current offerings.

Request No. 21:

     Request No. 21 asks for documents supporting, refuting or relating to Imagine's allegations in Paragraph 6 of its counterclaims. Imagine simply says that every document in its possession arguably relates to Paragraph 6 of its counterclaims, and refuses to produce any responsive documents. Paragraph 6 states in pertinent part that "Imagine Communication's [sic] video processing and multiplexing technology … [is] fundamentally different from and superior to legacy techniques previously utilized." Imagine made this assertion in support of its counterclaims against BigBand, and must produce documents that support that contention.

Request Nos. 22-24:

     In its responses to Request Nos. 22-24, Imagine states that it will produce documents related to specific structures contained in Imagine's products "if and when" BigBand identifies its asserted claims and sets forth its infringement allegations regarding those structures. There is no basis for this limitation. It is Imagine's products that are accused of infringement. Further, the method claims implicate use of the entirety of Imagine's products. BigBand has provided its preliminary infringement contentions and is entitled to discovery on Imagine's products to further support BigBand's contentions.

LATHAM&WATKINS LLP

Request Nos. 25, 28, and 31:

These Requests seek information (sales, revenues and profits; marketing and advertising materials; and training materials) related to the technology referred to in Paragraph 6 of Imagine's counterclaims. In response, Imagine states that the Requests are duplicative of Request Nos. 26, 27, 29, 30, 32, and 33, which seek the same information related to Imagine's quality on demand and switched digital video products. Imagine should state whether the technology referenced in Paragraph 6 of its pleading consists only of the quality on demand and switched digital video products. If not, then Imagine should amend its responses to Request Nos. 25, 28, and 31 to include all of the technology referred to in Paragraph 6.

Request Nos. 26-27:

These Requests seek documents sufficient to show Imagine's sales, revenues and profits derived from or related to its Quality on Demand and Switched Digital Video products. In response, Imagine agrees to produce only documents sufficient to show *revenues* from the sale of these products. This limitation is improper as all of the requested information is relevant to, *inter alia*, a reasonable royalty analysis under *Georgia-Pacific*, as well as a claim for lost profits.

Request Nos. 32-33:

As with Request Nos. 22-24, in its responses to Request Nos. 32-33, Imagine states that it will produce training manuals, handbooks, and user guides relating to specific structures contained in Imagine's products "if and when" BigBand identifies its asserted claims and sets forth its infringement allegations regarding those structures. For the reasons stated above with respect to Request Nos. 22-24, this purported limitation is improper.

Request Nos. 34-35:

Imagine refuses to produce any documents in response to Request Nos. 34-35, which seek documents concerning Imagine's patents, patent applications, and documents relating to application number 2006/0195881. This is improper because the Requests are relevant to the scope of Imagine's infringing technology. In an effort to compromise, BigBand is willing to narrow Request No. 34 to seek all Imagine patents and patent applications that relate to Imagine's products and technologies referred to in Paragraph 6 of Imagine's counterclaims. With respect to Request No. 35 at a minimum, Imagine's patent application number 2006/0195881 appears to describe (at least in part) the infringing technology. As such, the Request is relevant to BigBand's infringement contentions and Imagine should produce the requested documents relating to application number 2006/0195881.

Request No. 36:

Request No. 36 seeks documents relating to Imagine's press release referring to this suit dated on or about July 26, 2007. Imagine does not agree to produce any documents responsive to the Request and instead states that the only document referred to in the identified press release is Imagine's Answer and Counterclaim, which it already served on BigBand. This Request is not limited to documents referenced in the press release, however. BigBand requested – and is

Peter E. Gratzinger
January 22, 2008
Page 7

**LATHAM&WATKINS**LLP

entitled to receive – all documents relating to statements made in the press release, including any statements made by Imagine's Chief Executive Officer.

Request No. 37:

    Imagine does not agree to produce any documents in response to Request No. 37, which seeks documents relating to the "Release and Standstill Agreement" referenced by Imagine in Paragraph 13 of its counterclaims. Imagine also does not explain why this Request supposedly is "overbroad, unduly burdensome, or unrelated to any claim or defense in this suit" given that Imagine itself references the document in its counterclaims. If the Release and Standstill Agreement is "unrelated to any claim or defense in the action," then Imagine should withdraw its allegations. If it does not, it should produce responsive documents.

Request No. 38:

    This Request seeks all documents supporting, refuting, or relating to the allegations in Paragraphs 15 and 16 of Imagine's counterclaims. Once again, if these allegations are "unrelated to any claim or defense in this action," they should be withdrawn. Otherwise, Imagine must produce responsive documents. Further, Imagine says only that it "will produce Mr. Howard's June 13, 2007 letter referenced in Paragraph 15 of Imagine's counterclaims." Imagine must produce, however, all other documents supporting, refuting or relating to the allegations in Paragraphs 15 and 16 of its counterclaims.

Request No. 55:

    Request No. 55 asks for all documents relating to the employment by Imagine of any present or former BigBand employees. Imagine merely objects to the Request and does not state that it will produce any responsive documents. Information about former BigBand employees now working for Imagine is reasonably calculated to lead to evidence regarding BigBand's infringement and willful infringement contentions, among other things, including Imagine's access to, and copying of, the claimed inventions. Imagine should produce the requested documents.

    Please contact me as soon as possible to schedule a meet and confer call.

        Truly Yours,

        John D. Minton
        of LATHAM & WATKINS LLP

cc: Mary Matterer

# EXHIBIT 2

**John D. Minton**
Direct Dial: +1.650.463.3009
john.minton@lw.com

140 Scott Drive
Menlo Park, California 94025
Tel: +650.328.4600  Fax: +650.463.2600
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

**VIA EMAIL**

February 20, 2008

Peter E. Gratzinger
HELLER EHRMAN LLP
333 South Hope Street, 39th Floor
Los Angeles, CA 90071

      Re:     BigBand Networks, Inc. v. Imagine Communications, Inc.
                 C.A. No. 07-351 (***) (D. Del.)

Dear Peter:

      This letter confirms the issues discussed in our call last Tuesday regarding the deficiencies in Imagine's written discovery responses.

## Imagine's Responses to BigBand's First Set of Interrogatories

### Interrogatory Nos. 4-6:

      These Interrogatories seek support for Imagine's invalidity contentions regarding the '619, '477 and '087 patents. In its written responses, Imagine simply lists references that it alleges are prior art, but provides no explanation as to how each reference supposedly applies to any claim of the patents at issue (let alone invalidates the claim), or supports any defense asserted by Imagine. The responses also do not identify the alleged statutory basis on which one or more of these references invalidates any claim. On our call, you stated that you would consider providing a chart that provides the requested information as to the independent claims of the patents-in-suit. Please confirm that Imagine will supplement its response by, *inter alia*, providing a claim chart identifying its invalidity contentions.

### Interrogatory Nos. 10-11:

      Imagine responds to Interrogatory Nos. 10-11, which ask for Imagine's support for its non-infringement contentions, by stating only that BigBand bears the burden of proof on infringement and that Imagine should not be required to demonstrate why and how it has not infringed. Imagine provides only a partial response to these Interrogatories. It provides a chart setting forth its contentions "as to at least one limitation that is not met by Imagine's products"

**LATHAM&WATKINS** LLP

and purports to reserve the right to "identify further limitations that are not met by Imagine's products, as well as further bases of noninfringement." We explained on the call that if Imagine contends that its products are missing other elements of the claims at issue, then it must list all such elements on which it bases its non-infringement contentions. Or, if the chart Imagine provided is an exhaustive list, then Imagine should say so. It also should identify the basis for its contentions that the element(s) allegedly are missing. Please confirm that Imagine will supplement its response accordingly.

## Imagine's Responses to BigBand's First Set of Document Requests

Request Nos. 1-3:

Request Nos. 1-3 seek all documents relating to the '619, '477 and '087 patents, their subject matter, the applications leading to their issuance, and any of their foreign counterparts. In response, Imagine's written response states that it will produce "non-privileged documents regarding the construction, infringement, validity, or enforceability of the [patents-in-suit], or reasonable royalty for the [patents-in-suit]."

We explained on our call that Imagine may not unilaterally limit its production to the categories of documents listed in its responses, which, for example, would exclude documents relating to willful infringement. You stated that you believed these requests were overbroad as written. We agreed to consider ways to narrow these requests. BigBand now proposes that Request Nos. 1-3 be narrowed to all documents that refer to the patents-at-issue or their subject matter, or related to the applications leading to their issuance or any of their foreign counterparts. Please let us know whether Imagine will produce all non-privileged documents responsive to these requests, as narrowed herein.

Request No. 4:

Imagine's written response objects to this Request, which seeks documents relating to BigBand, but does not agree to produce any responsive documents. We explained on the call that this request is relevant to claims and defenses in this suit, as documents relating to BigBand may relate to such issues as willfulness, copying, design around efforts, claim construction, and damages, among others. You said on our call that you believe the request as written is overbroad. We have considered your request, and we are willing to narrow the request to all documents that refer to BigBand (or its current and former employees not employed by Imagine), and BigBand's technology, including the subject matter of the patents-at-issue. Please let me know whether Imagine will produce all non-privileged documents responsive to Request No. 4 as so narrowed.

Request No. 6:

Request No. 6 seeks documents relating to any of the funding referred to in Paragraph 16 of Imagine's counterclaims. Imagine's written response objects on the ground that, *inter alia*, the request seeks documents "unrelated to any claim or defense in this action." You repeated this objection on our call. As we have indicated, given your position that the allegations

## LATHAM&WATKINS<sup>LLP</sup>

concerning Imagine's financing are unrelated to any claim or defense (including your statement that Imagine does not intend to assert a claim for interference or the like), these allegations have no place in Imagine's pleading and should be stricken.

<u>Request Nos. 8-10, 11-13:</u>

Request Nos. 8-10 seek documents supporting, refuting or relating to Imagine's non-infringement contentions.  Similarly, Request Nos. 11-13 seek documents supporting, refuting or relating to Imagine's invalidity contentions.  In its responses to all of these requests, Imagine states that it will produce documents "if and when" BigBand identifies its asserted claims and sets forth its infringement allegations.  On our call, you confirmed that, notwithstanding this objection, Imagine has produced and is producing non-privileged documents responsive to these requests, and that Imagine is not withholding any documents on the basis of its objections.

<u>Request No. 19:</u>

This Request seeks all documents relating to actual or potential competition between Imagine and BigBand.  In its written response, Imagine agrees to produce only competitive analyses, if any, relating to BigBand.  On the call, you stated that you would consider also producing market analyses, competitive analyses and documents related to competition for sales between Imagine and BigBand.  BigBand is willing to accept that limitation on this request.  Please confirm that Imagine will produce all non-privileged documents responsive to Request No. 19 as so narrowed.

<u>Request No. 20:</u>

In response to this request asking Imagine to identify its current or contemplated products and services, Imagine's written response simply refers to its Internet homepage.  We explained on the call that this response is evasive and inappropriate and that, furthermore, no products are listed on the webpage located at the URL provided.  You stated that you believed that Imagine's production included, or would include, a listing of Imagine's products.  You also agreed that updates or new versions of the accused products are properly within the scope of the requests.  Please confirm that Imagine will produce all non-privileged documents responsive to Request No. 20.

<u>Request No. 21:</u>

Request No. 21 asks for documents supporting, refuting or relating to Imagine's allegations in Paragraph 6 of its counterclaims.  Imagine's written response simply says that every document in its possession arguably relates to Paragraph 6 of its counterclaims, and refuses to produce any responsive documents.  Paragraph 6 states in pertinent part that "Imagine Communication's [sic] video processing and multiplexing technology ... [is] fundamentally different from and superior to legacy techniques previously utilized."  On our call, you clarified that these statements relate only to Imagine's quality-on-demand and switched digital video products (to which other document requests are directed), and not other products.

LATHAM&WATKINS LLP

<u>Request Nos. 22-24:</u>

These requests seek documents relating to the design, research, development, or testing of Imagine's products.  In its responses to Request Nos. 22-24, Imagine states that it will produce documents related to specific structures contained in Imagine's products "if and when" BigBand identifies its asserted claims and sets forth its infringement allegations regarding those structures. On our call, you stated that Imagine only would be willing to produce documents concerning the design, research and development of the accused features.  We explained that such a limitation is improper and that BigBand is entitled to information concerning the design, research and development of the accused products as a whole.  Please let us know whether Imagine will produce all non-privileged documents responsive to these requests relating to Imagine's accused products.

<u>Request Nos. 26-27:</u>

These Requests seek documents sufficient to show Imagine's sales, revenues and profits derived from or related to its Quality on Demand and Switched Digital Video products.  In its written response, Imagine agrees to produce only documents sufficient to show *revenues* from the sale of these products.  On our call, you confirmed that Imagine has produced and will produce non-privileged documents responsive to these requests, and that Imagine is not withholding any documents on the basis of its objections.

<u>Request Nos. 32-33:</u>

As with Request Nos. 22-24, in its responses to Request Nos. 32-33, Imagine states that it will produce training manuals, handbooks, and user guides relating to specific structures contained in Imagine's products "if and when" BigBand identifies its asserted claims and sets forth its infringement allegations regarding those structures.  On our call, you confirmed that Imagine has produced and will produce non-privileged documents responsive to these requests, and that Imagine is not withholding any documents on the basis of its objections.

<u>Request Nos. 34-35:</u>

In its written responses, Imagine refuses to produce any documents in response to Request Nos. 34-35, which seek documents concerning Imagine's patents, patent applications, and documents relating to application number 2006/0195881.  We later narrowed this request to all Imagine patents and patent applications that relate to Imagine's products and technologies referred to in Paragraph 6 of Imagine's counterclaims.  On our call, you reiterated your objection to this request on relevance  grounds, asserting that a patent application has no necessary relationship to any product of the applicant.  We asked whether Imagine has told any customers that its allegedly infringing products are protected by patents or pending applications.  You told us you would check into this.  Please provide this information, and confirm whether Imagine will produce all non-privileged documents responsive to this request.

Peter E. Gratzinger
February 20, 2008
Page 5

LATHAM&WATKINS LLP

Request No. 55:

Request No. 55 asks for all documents relating to the employment by Imagine of any present or former BigBand employees. In its written response, Imagine merely objects to the request and does not state that it will produce any responsive documents. On our call, you asserted that the request was overbroad, and that some of the information you believed we were seeking could be better obtained through interrogatories. After considering your concerns, we are willing to narrow the request to all documents relating to BigBand's technology, the recruitment and/or hiring of BigBand employees by Imagine (including offer letters and documents setting forth their compensation), and any discussions about or restrictions on former BigBand employees' use of BigBand proprietary information. Please let us know whether Imagine will produce all non-privileged documents responsive to this request as so narrowed.

Truly Yours,

John D. Minton
of LATHAM & WATKINS LLP

cc: Mary Matterer
    John Benassi

# EXHIBIT 3

Sara Petersen Graves
Direct Dial: +1.650.463.2674
sara.graves@lw.com

140 Scott Drive
Menlo Park, California 94025
Tel: +650.328.4600  Fax: +650.463.2600
www.lw.com

# LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

**VIA EMAIL**

April 9, 2008

John M. Benassi
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246

Re:    BigBand Networks, Inc. v. Imagine Communications, Inc.
C.A. No. 07-351 (JJF) (D. Del.)

Dear Mr. Benassi:

I write as a follow-up to John Minton's February 20, 2008 letter to Peter Gratzinger regarding the deficiencies in Imagine's written discovery responses. That letter is attached hereto. The issues raised in that letter and associated meet and confer discussions were tabled for a few weeks while the parties focused on other things. At this point, however, we need to restart the meet and confer process and get some resolution of the issues previously raised. Please provide a response to Mr. Minton's letter by April 16, 2008.

Truly Yours,

Sara Petersen Graves

Sara Petersen Graves
of LATHAM & WATKINS LLP

cc:  Mary Matterer

ATTACHMENT

John D. Minton
Direct Dial: +1.650.463.3009
john.minton@lw.com

140 Scott Drive
Menlo Park, California  94025
Tel: +650.328.4600  Fax: +650.463.2600
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

## VIA EMAIL

February 20, 2008

Peter E. Gratzinger
HELLER EHRMAN LLP
333 South Hope Street, 39th Floor
Los Angeles, CA  90071

      Re:    BigBand Networks, Inc. v. Imagine Communications, Inc.
               C.A. No. 07-351 (***) (D. Del.)

Dear Peter:

      This letter confirms the issues discussed in our call last Tuesday regarding the deficiencies in Imagine's written discovery responses.

### Imagine's Responses to BigBand's First Set of Interrogatories

Interrogatory Nos. 4-6:

      These Interrogatories seek support for Imagine's invalidity contentions regarding the '619, '477 and '087 patents.  In its written responses, Imagine simply lists references that it alleges are prior art, but provides no explanation as to how each reference supposedly applies to any claim of the patents at issue (let alone invalidates the claim), or supports any defense asserted by Imagine.  The responses also do not identify the alleged statutory basis on which one or more of these references invalidates any claim.  On our call, you stated that you would consider providing a chart that provides the requested information as to the independent claims of the patents-in-suit.  Please confirm that Imagine will supplement its response by, *inter alia*, providing a claim chart identifying its invalidity contentions.

Interrogatory Nos. 10-11:

      Imagine responds to Interrogatory Nos. 10-11, which ask for Imagine's support for its non-infringement contentions, by stating only that BigBand bears the burden of proof on infringement and that Imagine should not be required to demonstrate why and how it has not infringed.  Imagine provides only a partial response to these Interrogatories.  It provides a chart setting forth its contentions "as to at least one limitation that is not met by Imagine's products"

**LATHAM&WATKINS**LLP

and purports to reserve the right to "identify further limitations that are not met by Imagine's products, as well as further bases of noninfringement." We explained on the call that if Imagine contends that its products are missing other elements of the claims at issue, then it must list all such elements on which it bases its non-infringement contentions. Or, if the chart Imagine provided is an exhaustive list, then Imagine should say so. It also should identify the basis for its contentions that the element(s) allegedly are missing. Please confirm that Imagine will supplement its response accordingly.

### Imagine's Responses to BigBand's First Set of Document Requests

#### Request Nos. 1-3:

Request Nos. 1-3 seek all documents relating to the '619, '477 and '087 patents, their subject matter, the applications leading to their issuance, and any of their foreign counterparts. In response, Imagine's written response states that it will produce "non-privileged documents regarding the construction, infringement, validity, or enforceability of the [patents-in-suit], or reasonable royalty for the [patents-in-suit]."

We explained on our call that Imagine may not unilaterally limit its production to the categories of documents listed in its responses, which, for example, would exclude documents relating to willful infringement. You stated that you believed these requests were overbroad as written. We agreed to consider ways to narrow these requests. BigBand now proposes that Request Nos. 1-3 be narrowed to all documents that refer to the patents-at-issue or their subject matter, or related to the applications leading to their issuance or any of their foreign counterparts. Please let us know whether Imagine will produce all non-privileged documents responsive to these requests, as narrowed herein.

#### Request No. 4:

Imagine's written response objects to this Request, which seeks documents relating to BigBand, but does not agree to produce any responsive documents. We explained on the call that this request is relevant to claims and defenses in this suit, as documents relating to BigBand may relate to such issues as willfulness, copying, design around efforts, claim construction, and damages, among others. You said on our call that you believe the request as written is overbroad. We have considered your request, and we are willing to narrow the request to all documents that refer to BigBand (or its current and former employees not employed by Imagine), and BigBand's technology, including the subject matter of the patents-at-issue. Please let me know whether Imagine will produce all non-privileged documents responsive to Request No. 4 as so narrowed.

#### Request No. 6:

Request No. 6 seeks documents relating to any of the funding referred to in Paragraph 16 of Imagine's counterclaims. Imagine's written response objects on the ground that, *inter alia*, the request seeks documents "unrelated to any claim or defense in this action." You repeated this objection on our call. As we have indicated, given your position that the allegations

**LATHAM&WATKINS**LLP

concerning Imagine's financing are unrelated to any claim or defense (including your statement that Imagine does not intend to assert a claim for interference or the like), these allegations have no place in Imagine's pleading and should be stricken.

<u>Request Nos. 8-10, 11-13:</u>

Request Nos. 8-10 seek documents supporting, refuting or relating to Imagine's non-infringement contentions. Similarly, Request Nos. 11-13 seek documents supporting, refuting or relating to Imagine's invalidity contentions. In its responses to all of these requests, Imagine states that it will produce documents "if and when" BigBand identifies its asserted claims and sets forth its infringement allegations. On our call, you confirmed that, notwithstanding this objection, Imagine has produced and is producing non-privileged documents responsive to these requests, and that Imagine is not withholding any documents on the basis of its objections.

<u>Request No. 19:</u>

This Request seeks all documents relating to actual or potential competition between Imagine and BigBand. In its written response, Imagine agrees to produce only competitive analyses, if any, relating to BigBand. On the call, you stated that you would consider also producing market analyses, competitive analyses and documents related to competition for sales between Imagine and BigBand. BigBand is willing to accept that limitation on this request. Please confirm that Imagine will produce all non-privileged documents responsive to Request No. 19 as so narrowed.

<u>Request No. 20:</u>

In response to this request asking Imagine to identify its current or contemplated products and services, Imagine's written response simply refers to its Internet homepage. We explained on the call that this response is evasive and inappropriate and that, furthermore, no products are listed on the webpage located at the URL provided. You stated that you believed that Imagine's production included, or would include, a listing of Imagine's products. You also agreed that updates or new versions of the accused products are properly within the scope of the requests. Please confirm that Imagine will produce all non-privileged documents responsive to Request No. 20.

<u>Request No. 21:</u>

Request No. 21 asks for documents supporting, refuting or relating to Imagine's allegations in Paragraph 6 of its counterclaims. Imagine's written response simply says that every document in its possession arguably relates to Paragraph 6 of its counterclaims, and refuses to produce any responsive documents. Paragraph 6 states in pertinent part that "Imagine Communication's [sic] video processing and multiplexing technology ... [is] fundamentally different from and superior to legacy techniques previously utilized." On our call, you clarified that these statements relate only to Imagine's quality-on-demand and switched digital video products (to which other document requests are directed), and not other products.

Peter E. Gratzinger
February 20, 2008
Page 4

## LATHAM&WATKINSᴸᴸᴾ

<u>Request Nos. 22-24:</u>

These requests seek documents relating to the design, research, development, or testing of Imagine's products. In its responses to Request Nos. 22-24, Imagine states that it will produce documents related to specific structures contained in Imagine's products "if and when" BigBand identifies its asserted claims and sets forth its infringement allegations regarding those structures. On our call, you stated that Imagine only would be willing to produce documents concerning the design, research and development of the accused features. We explained that such a limitation is improper and that BigBand is entitled to information concerning the design, research and development of the accused products as a whole. Please let us know whether Imagine will produce all non-privileged documents responsive to these requests relating to Imagine's accused products.

<u>Request Nos. 26-27:</u>

These Requests seek documents sufficient to show Imagine's sales, revenues and profits derived from or related to its Quality on Demand and Switched Digital Video products. In its written response, Imagine agrees to produce only documents sufficient to show *revenues* from the sale of these products. On our call, you confirmed that Imagine has produced and will produce non-privileged documents responsive to these requests, and that Imagine is not withholding any documents on the basis of its objections.

<u>Request Nos. 32-33:</u>

As with Request Nos. 22-24, in its responses to Request Nos. 32-33, Imagine states that it will produce training manuals, handbooks, and user guides relating to specific structures contained in Imagine's products "if and when" BigBand identifies its asserted claims and sets forth its infringement allegations regarding those structures. On our call, you confirmed that Imagine has produced and will produce non-privileged documents responsive to these requests, and that Imagine is not withholding any documents on the basis of its objections.

<u>Request Nos. 34-35:</u>

In its written responses, Imagine refuses to produce any documents in response to Request Nos. 34-35, which seek documents concerning Imagine's patents, patent applications, and documents relating to application number 2006/0195881. We later narrowed this request to all Imagine patents and patent applications that relate to Imagine's products and technologies referred to in Paragraph 6 of Imagine's counterclaims. On our call, you reiterated your objection to this request on relevance grounds, asserting that a patent application has no necessary relationship to any product of the applicant. We asked whether Imagine has told any customers that its allegedly infringing products are protected by patents or pending applications. You told us you would check into this. Please provide this information, and confirm whether Imagine will produce all non-privileged documents responsive to this request.

Peter E. Gratzinger
February 20, 2008
Page 5

**LATHAM&WATKINS**LLP

Request No. 55:

Request No. 55 asks for all documents relating to the employment by Imagine of any present or former BigBand employees. In its written response, Imagine merely objects to the request and does not state that it will produce any responsive documents. On our call, you asserted that the request was overbroad, and that some of the information you believed we were seeking could be better obtained through interrogatories. After considering your concerns, we are willing to narrow the request to all documents relating to BigBand's technology, the recruitment and/or hiring of BigBand employees by Imagine (including offer letters and documents setting forth their compensation), and any discussions about or restrictions on former BigBand employees' use of BigBand proprietary information. Please let us know whether Imagine will produce all non-privileged documents responsive to this request as so narrowed.

Truly Yours,

John D. Minton
of LATHAM & WATKINS LLP

cc: Mary Matterer
John Benassi

# EXHIBIT 4

Sara Petersen Graves
Direct Dial: +1.650.463.2674
sara.graves@lw.com

140 Scott Drive
Menlo Park, California 94025
Tel: +650.328.4600  Fax: +650.463.2600
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

<u>VIA EMAIL</u>

April 24, 2008

John M. Benassi
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246

      Re:    BigBand Networks, Inc. v. Imagine Communications, Inc.
              C.A. No. 07-351 (JJF) (D. Del.)

Dear John:

I write to follow up on our discussion yesterday regarding various discovery matters.

<u>Imagine's Amended 30(b)(6) Deposition Notice to BigBand:</u>

We reiterated that BigBand still has fundamental conceptual concerns regarding Imagine's amended 30(b)(6) deposition notice. For example, we continue to believe that Topics Nos. 1-4, which seek BigBand's contentions, are improper. We also have concerns about the over breadth of many of the topics and the unfairness of having any individual witness provide exhaustive information about matters more appropriately sought by written discovery. We asked if you would take another look at Imagine's notice and consider amending it further. We further indicated that if Imagine chooses to stand on its notice, we would have no option but to seek relief from the Court. You agreed to review BigBand's objections to Imagine's notice and to provide another amended notice by Friday, April 25, 2008.

<u>BigBand's 30(b)(6) Deposition Notice to Imagine:</u>

You asked whether BigBand would be willing to amend its 30(b)(6) notice to address Imagine's objections. We explained that Peter Gratzinger had advised us that Imagine's objections were in the nature of a reservation of rights and that Imagine has never articulated any specific concerns about BigBand's notice, which is of a much narrower scope than Imagine's notice. You agreed to identify any specific concerns Imagine would like addressed in writing by Friday, April 25, 2008 or Monday, April 28, 2008.

John M. Benassi
April 24, 2008
Page 2

LATHAM&WATKINS LLP

Imagine's Responses to BigBand's Written Discovery:

*Interrogatories Nos. 4-6 and Document Requests Nos. 22-24:*

We again asked whether Imagine will produce a chart identifying support for its invalidity contentions (in response to BigBand's Interrogatories Nos. 4-6). You stated that Imagine would be willing to produce a chart comparing the independent claims at issue to prior art within the next one to three weeks. If this is incorrect, or if you believe that Imagine's obligation to provide this chart is conditioned on any obligation of BigBand's, please inform me no later than April 30, 2008.

You asked, during the call, whether BigBand will agree to reduce the number of claims at issue within a certain amount of time after receiving Imagine's invalidity chart. We explained that for BigBand to reduce the number of claims, it requires not only Imagine's invalidity chart, but also further discovery about Imagine's products - namely, design and engineering documents (in response to Document Requests Nos. 22-24). You indicated your belief that Imagine has produced some design and engineering documents and that, as a start-up company, Imagine may not have the documentation of more established companies. We agreed to provide a description of the design-related documents BigBand has received from Imagine to date and a description of the types of documents that BigBand still requires. To be clear, however, BigBand does not agree that any reduction in the asserted claims is tied to Imagine's obligation to provide adequate invalidity charts.

Documents Produced:

BigBand has received the following types of documents from Imagine. We would appreciate receiving confirmation that the versions produced are current:

- Presentations that appear to be directed to investors/ customers – some such presentations include a few technical slides describing Imagine's technology at a high level;

- Presentations that appear to be for internal purposes – these presentations include slides regarding the architecture Imagine uses; and

- Design documents that appear to be for internal purposes and describe various parts of Imagine's products, including QOD Gateway, Timeslot Population Algorithm, QOD Processor, Enhanced Video Decoder, Quality Manager, TS Packetizer, Variable Length Encoder, and QOD Gateway - SDV 1.0.

Documents Needed:

BigBand seeks the following documents from Imagine:

- Any additional design/ development documentation relating to Imagine's SDV Solution;

- Documents regarding the design/development of the entirety of the products at issue;

LATHAM&WATKINS LLP

- Any testing documents, including without limitation documents relating to the set-up, testing procedure, features tested, results, and personnel involved, including customer or other third party documents in Imagine's possession;

- Any feature matrices tracking progress of implementation, testing, trials, and deployment of Imagine products;

- Any documentation relating to customer trials, including without limitation both those used by Imagine engineers to assist in set up or deployment and documents provided to or by customers describing, explaining, or providing specifications of the trial; and

- Any customer or user manuals describing the features of Imagine's products.

- Any source code implementing features of Imagine's products.

Please advise us whether and when Imagine will produce the documents described above, or if Imagine does not possess such documents. In that event, as we indicated during our discussion, BigBand may be required to take deposition discovery to pursue these design and engineering-related discovery topics before it will be in a position to reduce the number of claims at issue, particularly if, as you suggest, technical documents describing the design and operation of the accused products do not exist. If Imagine is willing to produce the categories of documents identified above, we can be reasonably flexible about the timing of the production. We need a prompt response, however, to the threshold questions of whether Imagine has and is willing to produce these categories of documents. Please respond by April 30 with regard to each category. If there is going to be a dispute as to any of these categories, we wish to address it without further delay

*Interrogatories Nos. 10-11*:

We also asked whether – in support of its non-infringement contentions – Imagine will identify other claim elements that it alleges are missing from the accused products. To date, Imagine simply has provided a chart setting forth its contentions "as to at least one limitation that is not met by [the accused] products." You stated that Imagine may not provide non-infringement contentions for all of the current claims, and we reiterated that BigBand has provided its infringement contentions and Imagine should identify all claim elements it alleges are missing from the accused products. Please let us know Imagine's final position as to whether it will identify all elements on which it bases its non-infringement contentions by no later than April 30, 2008.

John M. Benassi
April 24, 2008
Page 4

**LATHAM&WATKINS**LLP

      Please advise me immediately if this letter does not accurately reflect Imagine's position on these matters.

                    Truly Yours,

                    /s/ Sara Petersen Graves

                    Sara Petersen Graves
                    of LATHAM & WATKINS LLP

cc:    Christopher Longman
       Mary Matterer

# EXHIBIT 5

REDACTED

# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BIGBAND NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff and Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-cv-00351 *** |
| | ) | |
| IMAGINE COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant and Counterclaim Plaintiff. | ) | |
| | ) | |
| | ) | |

**IMAGINE COMMUNICATIONS, INC.'S OBJECTIONS AND REPONSES
TO BIGBAND NETWORKS, INC.'S
FIRST SET OF REQUESTS FOR DOCUMENTS**

Imagine Communications, Inc. ("Imagine") responds to BigBand Networks, Inc's ("BigBand") First Set of Requests for Documents as follows:

## GENERAL OBJECTIONS

1.     Imagine objects to the Definitions and Instructions to the extent they seek to impose a duty on Imagine beyond that which is required by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Delaware.

2.     Imagine objects to the Requests to the extent they are overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence.

3.     Imagine objects to the Requests to the extent that they exceed the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b)(1) by calling for information that

is neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Imagine objects to the Requests to the extent that they call for documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, doctrine or discovery protection.  Such information will not be provided in response to the Requests.  Inadvertent disclosure of any privileged or work product information shall not operate as a waiver of any applicable privilege or doctrine. Similarly, the voluntary production of any privileged document(s) shall not operate as a waiver of any applicable privilege as to any other documents not produced or as to any other information.

5.    Imagine objects to the Requests to the extent that they seek documents which are subject to confidentiality agreements, protective orders, and/or any other obligation pursuant to which Imagine is required to protect and/or maintain the confidentiality of any third party's documents.  Should a request call for such documents, Imagine will act reasonably to obtain the consent of the third party to produce the information.

6.    Nothing in Imagine's responses to the Requests constitutes an admission concerning the scope of the claims of any patent at issue nor the relation of any such claims to any product made, used, sold, or offered for sale by Imagine.

7.    Discovery in this matter and Imagine's investigation of the subject matter of this litigation is ongoing.  Imagine expressly reserves the right to supplement and/or amend its responses to these Requests at a later date.

8.     Imagine objects to these requests to the extent that production of documents located within Israel is contrary to Israeli law.

9.     Imagine objects to BigBand's request to produce all requested documents and things within 30 days of the service of Bigband's Requests.  Imagine will produce documents in a time and manner mutually agreed to by the parties.

**REQUEST NO. 1:**

All documents that relate to the '619 Patent, its subject matter, the patent application leading to its issuance, or any of its foreign counterparts.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 1:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine.  Imagine objects to this request as overbroad and unduly burdensome to the extent it requests all documents that "relate to" the '619 Patent.  Imagine objects to BigBand's request for documents relating to the "subject matter" of the '619 Patent as vague and ambiguous.  Imagine objects to producing patents, applications, and file histories related to BigBand's patents because these documents are equally or more available to BigBand.

Subject to and without waiving those objections, Imagine responds that it will produce non-privileged documents regarding the construction, infringement, validity, or enforceability of the '619 Patent, or reasonable royalty for the '619 Patent, if any, located after a reasonably diligent search.

**REQUEST NO. 2:**

All documents that relate to the '477 Patent, its subject matter, the patent application leading to its issuance, or any of its foreign counterparts.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 2:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as overbroad and unduly burdensome to the extent it requests all documents that "relate to" the '477 Patent. Imagine objects to BigBand's request for documents relating to the "subject matter" of the '477 Patent as vague and ambiguous. Imagine objects to producing patents, applications, and file histories related to BigBand's patents because these documents are equally or more available to BigBand.

Subject to and without waiving those objections, Imagine responds that it will produce non-privileged documents regarding the construction, infringement, validity, or enforceability of the '477 Patent, or reasonable royalty for the '477 Patent, if any, located after a reasonably diligent search.

**REQUEST NO. 3:**

All documents that relate to the '087 Patent, its subject matter, the patent application leading to its issuance, or any of its foreign counterparts.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 3:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as overbroad and unduly burdensome to the extent it requests all documents that "relate to" the '087 Patent. Imagine objects to BigBand's request for documents relating to the "subject matter" of the '087 Patent as vague and ambiguous. Imagine objects to producing patents, applications, and file histories related to BigBand's patents because these documents are equally or more available to BigBand.

Subject to and without waiving those objections, Imagine responds that it will produce non-privileged documents regarding the construction, infringement, validity, or enforceability of the '087 Patent, or reasonable royalty for the '087 Patent, if any, located after a reasonably diligent search.

4

**REQUEST NO. 4:**

All documents relating to BigBand, including without limitation any BigBand patents or patent applications, any BigBand employees, or any BigBand products or services.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 4:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to the request for "all documents relating to BigBand" as grossly overbroad and unduly burdensome. Imagine objects to the request as duplicative of Requests 1-3 to the extent it calls for documents relating to the Patents-in-Suit, and incorporates by reference its objections and responses to those Requests. To the extent the request calls for documents related to BigBand patents not in suit, Imagine objects to the request as overbroad, unduly burdensome, and unrelated to any claim or defense in this action. Imagine objects to the request for all documents relating to "any BigBand employees" as vague, overbroad, unduly burdensome, and unrelated to any claim or defense in this action. Imagine objects to the request for all documents relating to "any BigBand products or services" as vague, overbroad, unduly burdensome, and unrelated to any claim or defense in this action.

**REQUEST NO. 5:**

All documents that constitute or relate to any communication between Imagine and any other Person (including without limitation customers, competitors and potential sources of funding) regarding BigBand, any of the Patents-in-Suit, or this lawsuit.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 5:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to the request for all communications with any third party regarding BigBand as grossly overbroad and unduly burdensome. Imagine objects to the request for all communications with any

third party regarding the Patents-in-Suit or this lawsuit to the extent those communications do not relate to any claim or defense in this action.

Subject to and without waiving those objections, Imagine responds that it will produce non-privileged documents regarding the construction, infringement, validity, or enforceability of the Patents-in-Suit, or reasonable royalty for the Patents-In-Suit, if any, located after a reasonably diligent search.

**REQUEST NO. 6:**

All documents that relate to any funding that Imagine has sought or received, as referred to in paragraph 16 of your counterclaims.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 6:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine.  Imagine objects to this request as overbroad, unduly burdensome, and unrelated to any claim or defense in this action.

**REQUEST NO. 7:**

All documents relating to your first awareness of the Patents-in-Suit, or any of them, or the circumstances surrounding your awareness of the Patents-in-Suit, or any of them.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 7:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine.  Imagine objects to the request for documents relating to "the circumstances surrounding your awareness of the Patents-in-Suit" as vague, overbroad, and unduly burdensome.

Subject to and without waiving these objections, Imagine will produce non-privileged documents relating to Imagine's first awareness of the Patents-in-Suit, if any, located after a reasonably diligent search.

**REQUEST NO. 8:**

All documents supporting, refuting, or relating to your contention that Imagine does not infringe the '619 Patent.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 8:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as vague, grossly overbroad and unduly burdensome, particularly in light of the fact that BigBand has not yet identified which claims it intends to assert or provided a claim chart setting forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's products.

Subject to and without waiving these objections, if and when BigBand identifies its asserted claims and sets forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's products, Imagine will produce documents related to those structures, if any, located after a reasonably diligent search.

**REQUEST NO. 9:**

All documents supporting, refuting, or relating to your contention that Imagine does not infringe the '477 Patent.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 9:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as vague, grossly overbroad and unduly burdensome, particularly in light of the fact that BigBand has not yet identified which claims it intends to assert or provided a claim chart setting forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's products.

Subject to and without waiving these objections, if and when BigBand identifies its asserted claims and sets forth its allegations of how each limitation of each asserted

7

claim is met by a specific structure contained in Imagine's products, Imagine will produce documents related to those structures, if any, located after a reasonably diligent search.

## REQUEST NO. 10:

All documents supporting, refuting, or relating to your contention that Imagine does not infringe the '087 Patent.

## OBJECTIONS AND RESPONSES TO REQUEST NO. 10:

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as vague, grossly overbroad and unduly burdensome, particularly in light of the fact that BigBand has not yet identified which claims it intends to assert or provided a claim chart setting forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's products.

Subject to and without waiving these objections, if and when BigBand identifies its asserted claims and sets forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's products, Imagine will produce documents related to those structures, if any, located after a reasonably diligent search.

## REQUEST NO. 11:

All documents supporting, refuting, or relating to your contention that the '619 Patent, or any of its claims, is invalid.

## OBJECTIONS AND RESPONSES TO REQUEST NO. 11:

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as premature, in that BigBand has not yet identified which claims it intends to assert or provided a claim chart setting forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's products.

Subject to and without waiving these objections, if and when BigBand identifies its asserted claims and sets forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's products, Imagine will produce prior art to the '619 patent, if any, located after a reasonably diligent search.

**REQUEST NO. 12:**

All documents supporting, refuting, or relating to your contention that the '477 Patent, or any of its claims, is invalid.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 12:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as premature, in that BigBand has not yet identified which claims it intends to assert or provided a claim chart setting forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's products.

Subject to and without waiving these objections, if and when BigBand identifies its asserted claims and sets forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's products, Imagine will produce prior art to the '477 patent, if any, located after a reasonably diligent search.

**REQUEST NO. 13:**

All documents supporting, refuting, or relating to your contention that the '087 Patent, or any of its claims, is invalid.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 13:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as premature, in that BigBand has not yet identified which claims it intends to assert or provided a claim chart setting forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's products.

Subject to and without waiving these objections, if and when BigBand identifies its asserted claims and sets forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's products, Imagine will produce prior art to the '087 patent, if any, located after a reasonably diligent search.

**REQUEST NO. 14:**

All documents supporting, refuting, or relating to your contention that the '619 Patent is unenforceable.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 14:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine.  Imagine objects to producing patents, applications, and file histories related to BigBand's patents because these documents are equally or more available to BigBand.

Subject to and without waiving those objections, Imagine responds that no responsive, non-privileged documents have been located after a reasonably diligent search.

**REQUEST NO. 15:**

All documents supporting, refuting, or relating to your contention that the '477 Patent is unenforceable.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 15:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine.  Imagine objects to producing patents, applications, and file histories related to BigBand's patents because these documents are equally or more available to BigBand.

Subject to and without waiving those objections, Imagine responds that no responsive, non-privileged documents have been located after a reasonably diligent search.

**REQUEST NO. 16:**

All documents supporting, refuting, or relating to your contention that the '087 Patent is unenforceable.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 16:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to producing patents, applications, and file histories related to BigBand's patents because these documents are equally or more available to BigBand.

Subject to and without waiving those objections, Imagine responds that no responsive, non-privileged documents have been located after a reasonably diligent search.

**REQUEST NO. 17:**

All documents constituting or relating to any oral or written opinion, report, or analysis of any of the following: a) infringement or noninfringement of one or more claims of the Patents-in-Suit; b) validity, invalidity or scope of one or more claims of the Patents-in-Suit; c) enforceability or unenforceability of one or more claims of the Patents-in-Suit; d) whether any product, apparatus, method or technique made, utilized, or sold by you or any other person is within the scope of, or covered by one or more claims of the Patents-in-Suit.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 17:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving those objections, Imagine responds that no responsive, non-privileged documents have been located after a reasonably diligent search. Imagine reserves the right to waive the attorney-client privilege with respect to responsive documents, if any, at a future date.

**REQUEST NO. 18:**

All documents and things relating to the construction or interpretation of each term, phrase, or limitation of each claim of the Patents-in-Suit.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 18:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as premature and overbroad.

Subject to and without waiving those objections, Imagine will exchange extrinsic evidence relating to the construction or interpretation of terms identified in the Joint Claim Construction Chart in a time and manner to be agreed upon by the parties.

**REQUEST NO. 19:**

All documents relating to actual or potential competition between Imagine and BigBand.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 19:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as vague, overbroad, and unduly burdensome.

Subject to and without waiving these objections, Imagine will produce all competitive analyses relating to BigBand, if any, located after a reasonably diligent search.

**REQUEST NO. 20:**

Documents sufficient to identify and describe all Imagine products or services, including contemplated future products or services, including without limitation its Switched Digital Video product and its Quality on Demand product.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 20:**

Imagine objects to this request as overbroad, unduly burdensome, and unrelated to any claim or defense in this action to the extent that it calls for documents relating to

products or services not accused of infringement by BigBand. Imagine objects to this request as nonsensical to the extent that the request itself "identifies" the Switched Digital Video and Quality on Demand products. Imagine objects to the request for documents "sufficient to describe" those products as vague and ambiguous.

Subject to and without waiving those objections, Imagine responds that the products are described at www.imaginecommunications.com, which is hereby produced for inspection.

**REQUEST NO. 21:**

All documents supporting, refuting, or relating to the allegations in Paragraph 6 of Imagine's counterclaims.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 21:**

Imagine Communications objects to this request as grossly overbroad and unduly burdensome. Paragraph 6 of Imagine's counterclaims is a broad overview of Imagine's technology. Every document in Imagine's possession arguably "relates" to Paragraph 6 of its Counterclaim.

**REQUEST NO. 22:**

All documents relating to the design, research, development, or testing of Imagine's video processing and multiplexing technology referred to in Paragraph 6 of Imagine's counterclaims, and all documents that relate to the design, research, development, testing, or any regulatory approval of that video processing and multiplexing technology, including without limitation laboratory notebooks; diaries; files; research reports; summaries; or workbooks generated, maintained, or referred to during the design and development of that video processing and multiplexing technology, as well as the results of any such research, development, or testing.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 22:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as

vague, grossly overbroad and unduly burdensome, particularly in light of the fact that BigBand has not yet identified which claims it intends to assert or provided a claim chart setting forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's products.

Subject to and without waiving these objections, if and when BigBand identifies its asserted claims and sets forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's products, Imagine will produce documents related to the design, research, and development of those structures, if any, located after a reasonably diligent search.

**REQUEST NO. 23:**

All documents relating to the design, research, development, or testing of the Quality on Demand product, and any related services, and all documents that relate to the design, research, development, testing, or any regulatory approval of the Quality on Demand product, and any related services, including without limitation laboratory notebooks; diaries; files; research reports; summaries; or workbooks generated, maintained, or referred to during the design and development of the Quality on Demand product, and any related services, as well as the results of any such research, development, or testing.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 23:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as vague, grossly overbroad and unduly burdensome, particularly in light of the fact that BigBand has not yet identified which claims it intends to assert or provided a claim chart setting forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's Quality on Demand product.

Subject to and without waiving these objections, if and when BigBand identifies its asserted claims and sets forth its allegations of how each limitation of each asserted

claim is met by a specific structure contained in Imagine's Quality on Demand product, Imagine will produce documents related to the design, research, and development of those structures, if any, located after a reasonably diligent search.

## REQUEST NO. 24:

All documents relating to the design, research, development, or testing of the Switched Digital Video product, and any related services, and all documents that relate to the design, research, development, testing, or any regulatory approval of the Switched Digital Video product, and any related services, including without limitation laboratory notebooks; diaries; files; research reports; summaries; or workbooks generated, maintained, or referred to during the design and development of the Switched Digital Video product, and any related services, as well as the results of any such research, development, or testing.

## OBJECTIONS AND RESPONSES TO REQUEST NO. 24:

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as vague, grossly overbroad and unduly burdensome, particularly in light of the fact that BigBand has not yet identified which claims it intends to assert or provided a claim chart setting forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's Switched Digital Video product.

Subject to and without waiving these objections, if and when BigBand identifies its asserted claims and sets forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's Switched Digital Video product, Imagine will produce documents related to the design, research, and development of those structures, if any, located after a reasonably diligent search.

**REQUEST NO. 25:**

Documents sufficient to show all sales, revenues, and profits derived from or related to Imagine's video processing and multiplexing technology referred to in Paragraph 6 of Imagine's counterclaims.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 25:**

Imagine objects to this request as overbroad, unduly burdensome, and unrelated to any claim or defense in this action to the extent that it seeks documents relating to products or services not accused by BigBand.  To the extent this request seeks documents relating to Imagine's Quality on Demand and Switched Digital Video products, it is duplicative of Request No's. 26 and 27.  Imagine will produce documents pursuant to its objections and responses to those requests, which are incorporated herein by reference.

**REQUEST NO. 26:**

Documents sufficient to show all sales, revenues, and profits derived from or related to the Quality on Demand product or any related services.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 26:**

Imagine objects to this request as overbroad and unrelated to any claim or defense in this action to the extent it seeks documents related to Imagine's profits.  Imagine objects to this request as vague to the extent it calls for "sales" and "revenues."

Subject to and without waiving these objections, Imagine will produce documents sufficient to show revenues from the sale of Quality on Demand products, if any, located after a reasonably diligent search.

**REQUEST NO. 27:**

Documents sufficient to show all sales, revenues, and profits derived from or related to the Switched Digital Video product or any related services.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 27:**

Imagine objects to this request as overbroad and unrelated to any claim or defense in this action to the extent it seeks documents related to Imagine's profits. Imagine objects to this request as vague to the extent it calls for "sales" and "revenues."

Subject to and without waiving these objections, Imagine will produce documents sufficient to show revenues from the sale of Switched Digital Video products, if any, located after a reasonably diligent search.

**REQUEST NO. 28:**

All documents constituting or relating to marketing materials, advertising, and public statements, including without limitation via any website, related to Imagine's video processing and multiplexing technology referred to in Paragraph 6 of Imagine's counterclaims.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 28:**

Imagine objects to this request as overbroad, unduly burdensome, and unrelated to any claim or defense in this action to the extent that it seeks documents relating to products or services not accused by BigBand. To the extent this request seeks documents relating to Imagine's Quality on Demand and Switched Digital Video products, it is duplicative of Request No's. 29 and 30. Imagine will produce documents pursuant to its objections and responses to those requests, which are incorporated herein by reference.

**REQUEST NO. 29:**

All documents constituting or relating to marketing materials, advertising, and public statements, including without limitation via any website, related to Imagine's Quality on Demand product or any related services.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 29:**

Imagine objects to this request as vague and overbroad to the extent it calls for all documents relating to marketing materials, advertising, and public statements.

Subject to and without waiving these objections, Imagine responds that its website is available at www.imaginecommunications.com, which is hereby produced for inspection. Imagine will produce additional marketing and advertising materials related to Imagine's Quality on Demand product, if any, located after a reasonably diligent search.

**REQUEST NO. 30:**

All documents constituting or relating to marketing materials, advertising, and public statements, including without limitation via any website, related to Imagine's Switched Digital Video product or any related services.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 30:**

Imagine objects to this request as vague and overbroad to the extent it calls for all documents relating to marketing materials, advertising, and public statements.

Subject to and without waiving these objections, Imagine responds that its website is available at www.imaginecommunications.com, which is hereby produced for inspection. Imagine will produce additional marketing and advertising materials related to Imagine's Switched Digital Video product, if any, located after a reasonably diligent search.

**REQUEST NO. 31:**

All documents constituting or relating to training materials, handbooks, user guides, or any other explanatory materials related to Imagine's video processing and multiplexing technology referred to in Paragraph 6 of Imagine's counterclaims.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 31:**

Imagine objects to this request as overbroad, unduly burdensome, and unrelated to any claim or defense in this action to the extent that it seeks documents relating to products or services not accused by BigBand. To the extent this request seeks documents relating to Imagine's Quality on Demand and Switched Digital Video products, it is

duplicative of Request No's. 32 and 33. Imagine will produce documents pursuant to its objections and responses to those requests, which are incorporated herein by reference.

## REQUEST NO. 32:

All documents constituting or relating to training materials, handbooks, user guides, or any other explanatory materials related to Imagine's Quality on Demand product or any related services.

## OBJECTIONS AND RESPONSES TO REQUEST NO. 32:

Imagine objects to this request as vague and overbroad to the extent it calls for "other explanatory materials." Imagine objects to this request as vague, grossly overbroad and unduly burdensome, particularly in light of the fact that BigBand has not yet identified which claims it intends to assert or provided a claim chart setting forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's Quality on Demand product.

Subject to and without waiving these objections, if and when BigBand identifies its asserted claims and sets forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's Switched Digital Video product, Imagine will produce training manuals, handbooks, and user guides related to those structures, if any, located after a reasonably diligent search.

## REQUEST NO. 33:

All documents constituting or relating to training materials, handbooks, user guides, or any other explanatory materials related to Imagine's Switched Digital Video product or any related services.

## OBJECTIONS AND RESPONSES TO REQUEST NO. 33:

Imagine objects to this request as vague and overbroad to the extent it calls for "other explanatory materials." Imagine objects to this request as vague, grossly overbroad and unduly burdensome, particularly in light of the fact that BigBand has not yet identified which claims it intends to assert or provided a claim chart setting forth its

allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's Switched Digital Video product.

Subject to and without waiving these objections, if and when BigBand identifies its asserted claims and sets forth its allegations of how each limitation of each asserted claim is met by a specific structure contained in Imagine's Switched Digital Video product, Imagine will produce training manuals, handbooks, and user guides related to those structures, if any, located after a reasonably diligent search.

**REQUEST NO. 34:**

All Imagine patents and patent applications.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 34:**

Imagine objects to this request as overbroad, unduly burdensome, and unrelated to any claim or defense in this action.

**REQUEST NO. 35:**

All documents relating to patent application number 2006/0195881.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 35:**

Imagine objects to this request as overbroad, unduly burdensome, and unrelated to any claim or defense in this action.

**REQUEST NO. 36:**

All documents relating to the statements made in your press release referring to this lawsuit issued on or about July 26, 2007.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 36:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as overbroad, unduly burdensome, and unrelated to any claim or defense in this action. Imagine objects that the only document referred to in Imagine's press release of July 26, 2007 is Imagine's Answer and Counterclaim, which has already been served on BigBand.

**REQUEST NO. 37:**

All documents relating to the "Release and Standstill Agreement" referred to in Paragraph 13 of Imagine's counterclaims.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 37:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as overbroad, unduly burdensome, and unrelated to any claim or defense in this action.

**REQUEST NO. 38:**

All documents supporting, refuting, or relating to the allegations in Paragraphs 15 and 16 of Imagine's counterclaims.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 38:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as overbroad, unduly burdensome, and unrelated to any claim or defense in this action.

Subject to and without waiving those objections, Imagine will produce Mr. Howard's June 13, 2007 letter referenced in paragraph 15 of Imagine's counterclaims.

**REQUEST NO. 39:**

All documents supporting, refuting, or relating to the First Counterclaim asserted in Imagine's counterclaims.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 39:**

Imagine objects to this request as duplicative of Request 15 and hereby incorporates by reference its objections and responses to that Request.

**REQUEST NO. 40:**

All documents supporting, refuting, or relating to the Second Counterclaim asserted in Imagine's counterclaims.

21

## OBJECTIONS AND RESPONSES TO REQUEST NO. 40:

Imagine objects to this request as duplicative of Request 14 and hereby incorporates by reference its objections and responses to that Request.

## REQUEST NO. 41:

All documents supporting, refuting, or relating to the Third Counterclaim asserted in Imagine's counterclaims.

## OBJECTIONS AND RESPONSES TO REQUEST NO. 41:

Imagine objects to this request as duplicative of Request 16 and hereby incorporates by reference its objections and responses to that Request.

## REQUEST NO. 42:

All documents supporting, refuting, or relating to the Fourth Counterclaim asserted in Imagine's counterclaims.

## OBJECTIONS AND RESPONSES TO REQUEST NO. 42:

Imagine objects to this request as duplicative of Request 9 and hereby incorporates by reference its objections and responses to that Request.

## REQUEST NO. 43:

All documents supporting, refuting, or relating to the Fifth Counterclaim asserted in Imagine's counterclaims.

## OBJECTIONS AND RESPONSES TO REQUEST NO. 43:

Imagine objects to this request as duplicative of Request 8 and hereby incorporates by reference its objections and responses to that Request.

## REQUEST NO. 44:

All documents supporting, refuting, or relating to the Sixth Counterclaim asserted in Imagine's counterclaims.

## OBJECTIONS AND RESPONSES TO REQUEST NO. 44:

Imagine objects to this request as duplicative of Request 10 and hereby incorporates by reference its objections and responses to that Request.

22

**REQUEST NO. 45:**

All documents supporting, refuting, or relating to the Seventh Counterclaim asserted in Imagine's counterclaims.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 45:**

Imagine objects to this request as duplicative of Request 12 and hereby incorporates by reference its objections and responses to that Request.

**REQUEST NO. 46:**

All documents supporting, refuting, or relating to the Eighth Counterclaim asserted in Imagine's counterclaims.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 46:**

Imagine objects to this request as duplicative of Request 11 and hereby incorporates by reference its objections and responses to that Request.

**REQUEST NO. 47:**

All documents supporting, refuting, or relating to the Ninth Counterclaim asserted in Imagine's counterclaims.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 47:**

Imagine objects to this request as duplicative of Request 13 and hereby incorporates by reference its objections and responses to that Request.

**REQUEST NO. 48:**

All documents supporting, refuting, or relating to the First Affirmative Defense asserted in Imagine's Answer to Complaint and Counterclaims for Relief.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 48:**

Imagine objects to this request as duplicative of Requests 8, 9, and 10, and hereby incorporates by reference its objections and responses to that Request.

**REQUEST NO. 49:**

All documents supporting, refuting, or relating to the Second Affirmative Defense asserted in Imagine's Answer to Complaint and Counterclaims for Relief.

**<u>OBJECTIONS AND RESPONSES TO REQUEST NO. 49:</u>**

Imagine objects to producing patents, applications, and file histories related to BigBand's patents because these documents are equally or more available to BigBand.

Subject to and without waiving those objections, Imagine responds that no responsive, non-privileged documents have been located after a reasonably diligent search.

**<u>REQUEST NO. 50:</u>**

All documents supporting, refuting, or relating to the Third Affirmative Defense asserted in Imagine's Answer to Complaint and Counterclaims for Relief.

**<u>OBJECTIONS AND RESPONSES TO REQUEST NO. 50:</u>**

Imagine objects to this request as duplicative of Requests 11, 12, and 13, and hereby incorporates by reference its objections and responses to that Request.

**<u>REQUEST NO. 51:</u>**

All documents supporting, refuting, or relating to the Fourth Affirmative Defense asserted in Imagine's Answer to Complaint and Counterclaims for Relief.

**<u>OBJECTIONS AND RESPONSES TO REQUEST NO. 51:</u>**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving those objections, Imagine will produce responsive documents, if any, located after a reasonably diligent search.

**<u>REQUEST NO. 52:</u>**

All documents supporting, refuting, or relating to the Fifth Affirmative Defense asserted in Imagine's Answer to Complaint and Counterclaims for Relief.

**<u>OBJECTIONS AND RESPONSES TO REQUEST NO. 52:</u>**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving those objections, Imagine will produce responsive documents, if any, located after a reasonably diligent search.

**REQUEST NO. 53:**

All documents supporting, refuting, or relating to the Sixth Affirmative Defense asserted in Imagine's Answer to Complaint and Counterclaims for Relief.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 53:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving those objections, Imagine will produce responsive documents, if any, located after a reasonably diligent search.

**REQUEST NO. 54:**

All documents supporting, refuting, or relating to the Seventh Affirmative Defense asserted in Imagine's Answer to Complaint and Counterclaims for Relief.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 54:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving those objections, Imagine will produce responsive documents, if any, located after a reasonably diligent search.

**REQUEST NO. 55:**

All documents relating to the employment by Imagine of any present or former BigBand employees.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 55:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as overbroad, unduly burdensome, and unrelated to any claim or defense in this action.

**REQUEST NO. 56:**

All documents the identification of which was sought by, or which were reviewed in the preparation of the responses to, BigBand's First Set of Interrogatories to Imagine.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 56:**

Imagine objects to this request to the extent it calls for documents protected by the attorney-client privilege or the work product doctrine. Imagine objects to this request as overbroad, unduly burdensome, and vague.

Subject to and without waiving these objections, Imagine will produce non-privileged documents, if any, specifically identified in Imagine's Objections and Responses to BigBand's First Set of Interrogatories.

Date: October 24, 2007

MARY B. MATTERER (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: 302-888-6800
Facsimile: 302-571-1750
Email: mmatterer@morrisjames.com

OF COUNSEL:

JOHN M. BENASSI (Bar No. 74137)
ALEXANDER BRAINERD (Bar No. 42722)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246
Telephone: 858-450-8400
Facsimile: 858-450-8499
Email : john.benassi@hellerehrman.com

PETER E. GRATZINGER (Bar No. 228764)
HELLER EHRMAN LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: 213-689-0200
Facsimile: 213-614-1868
Email: peter.gratzinger@hellerehrman.com

Attorneys for Defendant and Counterclaim Plaintiff
IMAGINE COMMUNICATIONS, INC.

26

# EXHIBIT 7

# HellerEhrman LLP

February 1, 2008

Peter E. Gratzinger
Peter.Gratzinger@hellerehrman.com
Direct +1.213.689.7547
Direct Fax +1.213.244.7861
Main +1 (213) 689-0200
Fax +1 (213) 614-1868

42791.0003

*via E-mail*

John D. Minton
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025

**Re:** *BigBand Networks, Inc. v. Imagine Communications, Inc.,* **C.A. No. 07-351 (D.Del)**

Dear John:

This responds to your letter regarding Imagine's discovery responses.

**Interrogatories:**

General Objection 6:  Contentions are not admissions.  This objection merely clarifies that the scope of the claims is a question of law for the Court.   Imagine will not remove it.

Interrogatories 2-3:  Imagine believes that BigBand filed this suit without proper basis and with an improper motive, and expects to seek sanctions at the appropriate juncture. BigBand has refused to provide discovery regarding its decision to file suit.  As such, its complaint that Imagine does not provide sufficient facts in its interrogatory response rings hollow.  Imagine's funding is not relevant to any claim or defense in this action.

Interrogatories 4-6:  These request "facts," not contentions or charts.  Nonetheless, Imagine is willing to supply preliminary invalidity charts, provided that BigBand (a) narrows its allegations to a reasonable number of asserted claims and (b) supplements its infringement contentions for those claims so that they are based on documents actually relating to Imagine's products, rather than the patent application and generic marketing literature cited in BigBand's initial contentions.

Interrogatories 10-11:  Imagine has done more than is required by providing at least one claim limitation from each claim that is not met by its products.  Imagine does not bear the burden of proof on infringement.  Unless BigBand is prepared to provide detailed

Heller Ehrman LLP   333 South Hope Street, 39th Floor   Los Angeles, CA 90071-3043   www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle/Anchorage   Silicon Valley   Singapore   Washington, D.C.

HellerEhrman<sub>LLP</sub>

John D. Minton
February 1, 2008
Page 2

"validity" and "equitable conduct" contentions, it should await the rebuttal that Imagine will provide in its expert reports.

**Document Requests**

General Objection 6:  See above

General Objection 8:  There are no such documents.

Requests 1-5:  BigBand's requests as written are overbroad.  Imagine is willing to meet and confer to define a reasonable scope for Imagine's search.

Request 6: See above.

Requests 8-13:  Imagine will produce (and has produced) technical documentation relevant to BigBand's infringement contentions, and documents related to its invalidity contentions.

Request 17:  Imagine will provide a privilege log with respect to any legal opinions obtained relating to BigBand's patents.

Request 19:  BigBand's request as written is overbroad.  Imagine is willing to meet and confer to define a reasonable scope for Imagine's search.

Request 20-24:  Imagine will produce (and has produced) technical documentation relevant to BigBand's infringement contentions.  "Contemplated" products are not relevant to BigBand's claims.

Requests 25-33: Imagine will produce (and has produced) technical documentation, manuals, marketing, revenue, sales, and profit documents relevant to BigBand's infringement contentions.

Request 34-35:  A patent application cannot infringe a patent, and has no necessary relationship to any product of the applicant.  Imagine stands on its objections.

Request 36-38:  If BigBand wants to open the door to discovery relating to its good faith basis for filing suit, it must be a two-way street.  If BigBand has case law stating that allegations relating to a plaintiff's lack of good faith basis for filing suit cannot be included in a Counterclaim, please provide it.

Request 55:  BigBand's request as written is overbroad.  Imagine is willing to meet and confer to define a reasonable scope for Imagine's search.

**HellerEhrman**LLP

John D. Minton
February 1, 2008
Page 3

     I will identify deficiencies in BigBand's own discovery responses in a separate letter. Please feel free to call me to discuss.

               Very truly yours,

               /s/ Peter E. Gratzinger