# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BIGBAND NETWORKS, INC.,                    )
                                           )
    Plaintiff and Counterclaim Defendant,  )
                                           )
                                           )  Civil Action No. 1:07-cv-00351 JJF
    v.                                   )
                                           )
IMAGINE COMMUNICATIONS, INC.,              )  **JURY TRIAL DEMANDED**
                                           )
    Defendant and Counterclaim Plaintiff.  )  **PUBLIC VERSION**
                                           )
                                           )

## DECLARATION OF MARY B. MATTERER IN SUPPORT OF
## IMAGINE COMMUNICATIONS' MOTION TO LIMIT CLAIMS

MARY B. MATTERER (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
Telephone:  302-888-6800
Email:  mmatterer@morrisjames.com

OF COUNSEL:

JOHN M. BENASSI (Cal. Bar No. 74137)
ALEXANDER BRAINERD (Cal. Bar No. 42722)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA  92122-1246
Telephone:  858-450-8400
Facsimile:  858-450-8499
Email :  john.benassi@hellerehrman.com

Attorneys for Defendant and Counterclaim Plaintiff
IMAGINE COMMUNICATIONS, INC.

Originally filed:  May 6, 2008
Public version filed:  May 13, 2008

I, MARY B. MATTERER, declare and state that:

1.    I am a partner at the law firm of Morris James LLP, counsel to Defendant Imagine Communications, Inc.

2.    Attached hereto as Exhibit 1 is a true and correct copy of a Letter from Jamie Howard to Amir Bassan-Eskenazi dated June 13, 2007.

3.    Attached hereto as Exhibit 2 is a true and correct copy of a Letter from John Benassi to Jack Blumenfeld dated January 11, 2008.

4.    Attached hereto as Exhibit 3 is a true and correct copy of a Letter from Sara Graves to John Benassi dated April 24, 2008.

5.    Attached hereto as Exhibit 4 is a true and correct copy of excerpts of BigBand's Response to Imagine's First Set of Interrogatories.

6.    I declare under penalty of perjury under the laws of the State of Delaware that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on this 6th day of May 2008 at Wilmington, Delaware.

By: _Mary Matterer_

MARY B. MATTERER (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: 302-888-6800
Email: mmatterer@morrisjames.com

OF COUNSEL:
JOHN M. BENASSI (Cal. Bar No. 74137)
ALEXANDER BRAINERD (Cal. Bar No. 42722)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246
Telephone: 858-450-8400
Facsimile: 858-450-8499
Email : john.benassi@hellerehrman.com

Attorneys for Defendant and Counterclaim Plaintiff
IMAGINE COMMUNICATIONS, INC.

# EXHIBIT   1

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT   2

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# EXHIBIT 3

Sara Petersen Graves
Direct Dial: +1.650.463.2674
sara.graves@lw.com

140 Scott Drive
Menlo Park, California 94025
Tel: +650.328.4600 Fax: +650.463.2600
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

## VIA EMAIL

April 24, 2008

John M. Benassi
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA  92122-1246

      Re:    BigBand Networks, Inc. v. Imagine Communications, Inc.
              C.A. No. 07-351 (JJF) (D. Del.)

Dear John:

      I write to follow up on our discussion yesterday regarding various discovery matters.

### Imagine's Amended 30(b)(6) Deposition Notice to BigBand:

      We reiterated that BigBand still has fundamental conceptual concerns regarding Imagine's amended 30(b)(6) deposition notice.  For example, we continue to believe that Topics Nos. 1-4, which seek BigBand's contentions, are improper.  We also have concerns about the over breadth of many of the topics and the unfairness of having any individual witness provide exhaustive information about matters more appropriately sought by written discovery.  We asked if you would take another look at Imagine's notice and consider amending it further.  We further indicated that if Imagine chooses to stand on its notice, we would have no option but to seek relief from the Court.  You agreed to review BigBand's objections to Imagine's notice and to provide another amended notice by Friday, April 25, 2008.

### BigBand's 30(b)(6) Deposition Notice to Imagine:

      You asked whether BigBand would be willing to amend its 30(b)(6) notice to address Imagine's objections.  We explained that Peter Gratzinger had advised us that Imagine's objections were in the nature of a reservation of rights and that Imagine has never articulated any specific concerns about BigBand's notice, which is of a much narrower scope than Imagine's notice.  You agreed to identify any specific concerns Imagine would like addressed in writing by Friday, April 25, 2008 or Monday, April 28, 2008.

John M. Benassi
April 24, 2008
Page 2

LATHAM&WATKINS℔

Imagine's Responses to BigBand's Written Discovery:

*Interrogatories Nos. 4-6 and Document Requests Nos. 22-24:*

We again asked whether Imagine will produce a chart identifying support for its invalidity contentions (in response to BigBand's Interrogatories Nos. 4-6). You stated that Imagine would be willing to produce a chart comparing the independent claims at issue to prior art within the next one to three weeks. If this is incorrect, or if you believe that Imagine's obligation to provide this chart is conditioned on any obligation of BigBand's, please inform me no later than April 30, 2008.

You asked, during the call, whether BigBand will agree to reduce the number of claims at issue within a certain amount of time after receiving Imagine's invalidity chart. We explained that for BigBand to reduce the number of claims, it requires not only Imagine's invalidity chart, but also further discovery about Imagine's products - namely, design and engineering documents (in response to Document Requests Nos. 22-24). You indicated your belief that Imagine has produced some design and engineering documents and that, as a start-up company, Imagine may not have the documentation of more established companies. We agreed to provide a description of the design-related documents BigBand has received from Imagine to date and a description of the types of documents that BigBand still requires. To be clear, however, BigBand does not agree that any reduction in the asserted claims is tied to Imagine's obligation to provide adequate invalidity charts.

Documents Produced:

BigBand has received the following types of documents from Imagine. We would appreciate receiving confirmation that the versions produced are current:

- Presentations that appear to be directed to investors/ customers – some such presentations include a few technical slides describing Imagine's technology at a high level;

- Presentations that appear to be for internal purposes – these presentations include slides regarding the architecture Imagine uses; and

- Design documents that appear to be for internal purposes and describe various parts of Imagine's products, including QOD Gateway, Timeslot Population Algorithm, QOD Processor, Enhanced Video Decoder, Quality Manager, TS Packetizer, Variable Length Encoder, and QOD Gateway - SDV 1.0.

Documents Needed:

BigBand seeks the following documents from Imagine:

- Any additional design/ development documentation relating to Imagine's SDV Solution;

- Documents regarding the design/development of the entirety of the products at issue;

LATHAM&WATKINSᴸᴸᴾ

- Any testing documents, including without limitation documents relating to the set-up, testing procedure, features tested, results, and personnel involved, including customer or other third party documents in Imagine's possession;

- Any feature matrices tracking progress of implementation, testing, trials, and deployment of Imagine products;

- Any documentation relating to customer trials, including without limitation both those used by Imagine engineers to assist in set up or deployment and documents provided to or by customers describing, explaining, or providing specifications of the trial; and

- Any customer or user manuals describing the features of Imagine's products.

- Any source code implementing features of Imagine's products.

Please advise us whether and when Imagine will produce the documents described above, or if Imagine does not possess such documents. In that event, as we indicated during our discussion, BigBand may be required to take deposition discovery to pursue these design and engineering-related discovery topics before it will be in a position to reduce the number of claims at issue, particularly if, as you suggest, technical documents describing the design and operation of the accused products do not exist. If Imagine is willing to produce the categories of documents identified above, we can be reasonably flexible about the timing of the production. We need a prompt response, however, to the threshold questions of whether Imagine has and is willing to produce these categories of documents. Please respond by April 30 with regard to each category. If there is going to be a dispute as to any of these categories, we wish to address it without further delay

*Interrogatories Nos. 10-11:*

We also asked whether – in support of its non-infringement contentions – Imagine will identify other claim elements that it alleges are missing from the accused products. To date, Imagine simply has provided a chart setting forth its contentions "as to at least one limitation that is not met by [the accused] products." You stated that Imagine may not provide non-infringement contentions for all of the current claims, and we reiterated that BigBand has provided its infringement contentions and Imagine should identify all claim elements it alleges are missing from the accused products. Please let us know Imagine's final position as to whether it will identify all elements on which it bases its non-infringement contentions by no later than April 30, 2008.

John M. Benassi
April 24, 2008
Page 4

**LATHAM&WATKINS**ᴸᴸᴾ

       Please advise me immediately if this letter does not accurately reflect Imagine's position on these matters.

                        Truly Yours,

                        /s/  Sara Petersen Graves

                        Sara Petersen Graves
                        of LATHAM & WATKINS LLP

cc:    Christopher Longman
       Mary Matterer

# EXHIBIT   4

# EXHIBIT REDACTED IN ITS ENTIRETY