IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| BIGBAND NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  07-351 (JJF) |
| | ) | |
| IMAGINE COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**BIGBAND'S ANSWERING BRIEF IN OPPOSITION TO
IMAGINE'S MOTION TO LIMIT CLAIMS**

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                Jack B. Blumenfeld (#1014)
                Karen Jacobs Louden (#2881)
                1201 N. Market Street
                Wilmington, DE  19899-1347
                (302) 658-9200
                jblumenfeld@mnat.com
                klouden@mnat.com
                   *Attorneys for Plaintiff BigBand Networks, Inc.*

OF COUNSEL:

Peter P. Chen
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

James L. Day
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
(415) 391-0600

May 23, 2008

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS ........................................................................1

SUMMARY OF ARGUMENT .................................................................................................1

STATEMENT OF FACTS ........................................................................................................2

ARGUMENT ..............................................................................................................................4

    A.    IMAGINE'S MOTION TO LIMIT CLAIMS IS PREMATURE ...........................4

    B.    IT WOULD BE UNREASONABLE ON THE FACTS OF THIS CASE   TO LIMIT BIGBAND TO TEN CLAIMS ...............................................7

CONCLUSION...........................................................................................................................8

## TABLE OF AUTHORITIES

**Cases** Page(s)

*Fenster Family Patent Holdings, Inc. v. Siemens Medical Solutions USA, Inc.*,
   No. 04-0038 (JJF), 2005 WL 2304190 (D. Del. Sept. 20, 2005)..........................................6, 7

*ReRoof Am., Inc. v. United Structures of Am., Inc.*,
   No. 98-1378, 1999 WL 674517 (Fed. Cir. Aug. 30, 1999) .......................................................7

**Statutes**

35 U.S.C. § 271(a) ................................................................................................................5

1.

## NATURE AND STAGE OF PROCEEDINGS

On May 6, 2008, after plaintiff BigBand Networks, Inc. ("BigBand") filed its motion to compel (D.I. 42), defendant Imagine Communications, Inc. ("Imagine") filed its retaliatory motion to limit claims (the "Motion," D.I. 47). This is BigBand's answering brief in opposition to the Motion.

## SUMMARY OF ARGUMENT

For many months after BigBand filed this lawsuit, BigBand met and conferred with Imagine in an effort to obtain information and documents needed to crystalize the parties' disputes. Notwithstanding BigBand's efforts, however, Imagine still refuses to respond to BigBand's inquiries about core technical documents that Imagine has not produced, and it has not made any commitment to produce these documents. Imagine also still has not provided complete non-infringement contentions. As a result, BigBand was forced to file a motion to compel those responses. *See* D.I. 42. Even now, Imagine concedes that it has not produced electronic documents of "key custodians" and proposes producing its source code a month from now. Ex. 1 at 1 (Second Letter from Benassi to Blumenfeld and Graves of 5/15/08).

To deflect attention away from its stonewalling, Imagine filed this Motion seeking to force BigBand to immediately limit the number of claims in dispute to only ten. *See* D.I. 49. The Motion misses the mark for several reasons, not the least of which is that – despite Imagine's contrary assertions – BigBand fully intends to limit the number of claims and is working to accomplish that goal. BigBand simply cannot complete that process, however, until Imagine provides its non-infringement contentions and produces source code and documents describing the design and implementation of its products. Indeed, noticeably absent from Imagine's Motion is any commitment as to whether or when Imagine will complete its production.

Imagine also has proposed a new schedule to BigBand in which it seeks to require BigBand to limit the number of claims before Imagine provides its source code or completes its production of technical documents. BigBand needs that information, however, in order to make an informed decision about which claims to assert going forward and which ones to remove from this dispute. Thus, Imagine's Motion is premature at best and should be denied.

<h2 style="text-align:center"></h2>

STATEMENT OF FACTS

In their initial sets of written discovery the parties sought, among other things, the factual bases for each other's principal contentions. BigBand responded by providing detailed infringement charts setting forth on a claim by claim basis the facts of which BigBand was aware at the time supporting its infringement allegations. Ex. 2 at Attachments A-C (BigBand Responses to Imagine's First Set of Interrogatories). Imagine, on the other hand, provided no support for its affirmative defense and counterclaim of invalidity other than a list of alleged prior art, without describing how that prior art supposedly corresponds to the claims or offering any other facts supporting its contentions.[1] Ex. 3 at 6-10 (Imagine Responses to BigBand's First Set of Interrogatories). It also provided incomplete non-infringement contentions, which only identified in a conclusory fashion "at least" one element of the claims allegedly missing from its products. Additionally, Imagine refused to produce numerous categories of responsive documents relating to the design and implementation of its products and services accused of infringement. These deficiencies are addressed in BigBand's motion to compel (D.I. 42).

---

[1] After months of stalling, Imagine finally produced invalidity claim charts last evening, the day before BigBand had to file this answering brief. Though BigBand has not yet been able to thoroughly review Imagine's invalidity charts, they still appear not to provide any description of how the prior art references allegedly correspond to the claims. Indeed, Imagine simply lists a slew of prior art references next to each claim element, without any indication of which references Imagine is combining or explanation of why one skilled in the art would combine the references.

3.

BigBand held a series of meet and confer discussions and correspondence with Imagine in an attempt to address Imagine's objections and obtain the requested information informally. After conferring telephonically and exchanging detailed letters over the course of months, BigBand again advised Imagine on April 23 and 24 that to limit the number of claims in dispute, BigBand needed Imagine's invalidity contentions (at least as to the independent claims) and complete design and engineering documentation for its products and services. Ex. 4 (Letter from Graves to Benassi of 4/24/08). BigBand also specifically identified categories of documents it believes have not been produced and asked Imagine to either produce them or confirm that no such documents exist.[2] *Id*. at 2, 3. Imagine did neither. BigBand asked Imagine to respond by April 30 so that any remaining issues could be briefed in time for the Court's June 6 motion hearing (see *id*.), but Imagine failed to do so.

In fact, Imagine did not respond to a single issue raised in BigBand's April 24, 2008 letter until nearly a week after BigBand filed its motion to compel and Imagine filed the Motion at issue here. Imagine still did not say whether it would produce documents (or do anything) in response to BigBand's requests, or provide any date by which it would complete any such production.[3] Instead, notwithstanding the parties' extensive meet and confer conferences over a series of months, Imagine alleged for first time that BigBand's document requests are directed to supposedly "nonexistent" products. Ex. 5 (Letter from Benassi to Graves

---

[2] BigBand further explained that if the requested documents do not exist, then it would likely require a deposition to further understand the workings of Imagine's products.

[3] Imagine did acknowledge, however, that it had not produced electronic documents of "key custodians" or its source code. Ex. 1 at 1 (Second Letter from Benassi to Blumenfeld and Graves of 5/15/08).

4.

of 5/12/08).[4]  It then argued that because certain of its products or solutions are not "commercially available," BigBand should withdraw its motion to compel.  *Id*.  In a subsequent letter, Imagine again attempted to rely on this distinction between commercial and other products as a basis for withholding the requested documents.  Ex. 6 (Letter from Benassi to Blumenfeld and Graves of 5/15/08).  Yet, infringing activities under 35 U.S.C. § 271 are not limited to commercial products alone, and Imagine's technologies may infringe the patents-in-suit (BigBand believes they do) regardless of whether Imagine actually has sold them.

At the same time Imagine first asserted this commercial versus other product distinction, it also proposed an alternative – and fundamentally unworkable – revised case schedule.  Ex. 1 (Second Letter from Benassi to Blumenfeld and Graves of 5/15/08).  Imagine's schedule would have BigBand promptly limit the number of claims at issue to ten (selected from the three different patents at issue) without any provision as to when Imagine will complete its production of technical documents, and before Imagine produces its source code or any witnesses to explain the workings of its products or provides factual support for its non-infringement contentions.  It is premature for BigBand to limit the claims at issue without this key information.

## ARGUMENT

### A.  Imagine's Motion to Limit Claims Is Premature.

Imagine's Motion is based on the incorrect premise that BigBand is unwilling to limit the number of claims at issue.  *See* D.I. 49 at 1, 4, 6.  The parties in fact agree that limiting the number of asserted claims will focus their dispute.  The issue is one of sequence and timing

---

[4]  Imagine concedes, however, that at least one product will be available in the third quarter of this year.  Ex. 6 at 1 (Letter from Benassi to Blumenfeld and Graves of 5/15/08).

only. BigBand cannot complete the process of narrowing the claims at issue until Imagine produces its source code and completes its production of documents explaining how Imagine's products function. *See* Ex. 4 at 2, 3 (Letter from Graves to Benassi of 4/24/08). Imagine's assertion that BigBand seeks "complete and exhaustive fact discovery" (D.I. 49 at 1) before limiting the number of claims also is incorrect. BigBand has identified specific categories of documents that it believes have not been produced.[5] Imagine has neither agreed to produce such documents nor confirmed that they do not exist. That Imagine has produced some "design specification documents and PowerPoint presentations" as it asserts (*id*. at 3-4), does not resolve the issue.

Further, nearly a year into this litigation, Imagine now appears to take the position for the first time that because certain of its products are not yet commercially available, they in effect do not exist, and Imagine will not produce documents relating to them. Ex. 5 (Letter from Benassi to Graves of 5/12/08); *see also* Ex. 6 (Letter from Benassi to Blumenfeld and Graves of 5/15/08). Those products may infringe the patents-in-suit, however, regardless of whether they are commercially available. *See* 35 U.S.C. § 271(a) ("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention … infringes the patent"). By drawing this distinction between commercial and other products, Imagine continues to avoid saying unequivocally whether the documents BigBand seeks do not exist or whether Imagine simply refuses to produce them. *See* D.I. 49 at 2. Imagine also continues to delay its production of electronic documents and source code. Without this information, BigBand cannot make a proper

---

[5] The categories BigBand identified include materials relating to implementation of the accused products and services, such as testing documentation, feature matrices, customer trial materials, and user manuals. Ex. 4 at 2-3 (Letter from Graves to Benassi of 4/24/08).

6.

assessment of the claims that it will continue to assert. This obstructive posturing thus impedes the very progress Imagine claims to seek in its Motion.

As things stand today, Imagine would have BigBand complete its claim limitation analysis blindly. Imagine's "small mountain of documents" (*id*. at 7), and its list of prior art (without any explanation as to how the references relate to the patents-in-suit) omit critical information that BigBand requires to complete its analysis, as BigBand has told Imagine time and again. BigBand does not seek an "unspecified quantity of additional discovery" (*id*.); it merely seeks the very specific factual support and the very particular types of documents it has identified for Imagine. Therefore, it is Imagine that has created the impasse of which it complains. Imagine puts the cart before the horse by trying to force BigBand to narrow claims without the necessary information for BigBand to complete that process.

For these reasons and others, the primary authority on which Imagine relies, *Fenster Family Patent Holdings, Inc. v. Siemens Medical Solutions USA, Inc*., No. 04-0038 JJF, 2005 WL 2304190 (D. Del. Sept. 20, 2005), offers no support for Imagine's position. The circumstances are entirely different here from those addressed in the *Fenster* case. For instance, fact discovery had closed in that case, unlike the situation here where the case has not moved beyond the written discovery phase. Also, unlike in *Fenster*, BigBand agrees that the number of claims should be limited. In *Fenster*, the plaintiffs made no effort to limit the number of claims at issue and actually increased them in their discovery responses. *See* Siemens' Mem. in Opp. to Plaintiffs' Mot. for Summary Judgment, No. 04-0038 (JJF), 2005 WL 2867907, at 4. Moreover, the plaintiffs in *Fenster* asserted nearly six times the original number of claims "from 8 unrelated patents," and the applicable scheduling order specifically granted defendant leave to move to limit claims if the "number of asserted claims was excessive." *Id*. Yet here, BigBand simply

7.

asks that – before it completes the claim limitation process – Imagine provide it with something more than a list of alleged prior art and a limited set of documents that shed little light on the actual workings of Imagine's products. Once Imagine provides this information, BigBand will be in a position to make a careful and thoughtful determination as to which claims to withdraw and which to assert.

Indeed, BigBand's position is nothing like that of the plaintiffs in the other cases Imagine cites, who not only resisted narrowing their claims but also ignored numerous deadlines set by the courts. *See, e.g.*, *ReRoof Am., Inc. v. United Structures of Am., Inc.*, No. 98-1378, 1999 WL 674517 (Fed. Cir. Aug. 30, 1999). There is no need for this Court to order BigBand to limit the number of claims here because BigBand intends to do so. Imagine should be required to provide proper discovery to enable BigBand to complete this task.

>   B.   It Would Be Unreasonable on the Facts of This Case to Limit BigBand to Ten Claims.

Not only would it be unfair to require BigBand to limit the number of claims before it has the information it needs, but Imagine's demand that BigBand be limited to only ten asserted claims is also unfair and unreasonable. Imagine offers no explanation as to why only ten claims from three patents-in-suit is a necessary or reasonable restriction. Imagine appears to rely solely on the court's decision in *Fenster* for the proposition that ten claims is an appropriate number. *See, e.g.*, D.I. 49 at 6. In *Fenster*, however, the Court acknowledged that the limit it imposed was arbitrary, and as discussed above, the circumstances in *Fenster* are quite different from those present here. Imagine must provide some justification for requiring BigBand to limit this dispute to what is an arbitrary and small set of claims, particularly at this stage of discovery. But it has not done so.

8.

Imagine's unreasonable restriction would unfairly prejudice BigBand. For instance, as Imagine notes, some of the claims of the patents-in-suit are in multiple-dependent form. Imagine's arbitrary limit would seriously compromise BigBand's ability to assert a set of claims, which it may need to do for consistency, among other reasons. With three patents-in-suit, Imagine's proposed limitation would confine BigBand to little more than three claims (likely only one set of claims) per patent. Given the total number of claims in each patent-in-suit, this would result in BigBand being limited to asserting just over one percent of the claims of each patent. Such a limitation is wholly unnecessary and unreasonable, especially at this juncture in the case.

Finally, it bears noting that BigBand is mindful of the current case schedule and upcoming deadlines. *See* D.I. 49 at 5-6, 8-9. It is for this reason that BigBand has been attempting for many months to obtain the necessary discovery from Imagine to finalize the process of narrowing claims, so that the case may progress and neither party is unfairly prejudiced. These goals are not advanced, however, by forcing BigBand to make an uninformed decision and dispose of claims in a haphazard and hurried fashion in order to reach Imagine's arbitrary ten-claim limitation. A more practical approach would be to establish realistic deadlines for certain targeted discovery to be completed, after which BigBand would provide a revised list of claims in dispute. BigBand remains willing to confer with Imagine and try to construct a revised, workable schedule that will accomplish these goals.

## CONCLUSION

For the foregoing reasons, BigBand respectfully requests that the Court deny Imagine's Motion to Limit Claims.

9.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Karen Jacobs Louden*

---

        Jack B. Blumenfeld (#1014)
        Karen Jacobs Louden (#2881)
        1201 N. Market Street
        Wilmington, DE  19899-1347
        (302) 658-9200
        klouden@mnat.com
          *Attorneys for Plaintiff BigBand Networks, Inc.*

OF COUNSEL:

Peter P. Chen
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

James L. Day
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
(415) 391-0600

May 23, 2008

2341028

## CERTIFICATE OF SERVICE

I, Karen Jacobs Louden, hereby certify that on May 23, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Mary B. Matterer
> MORRIS JAMES LLP

I also certify that copies were caused to be served on May 23, 2008 upon the following in the manner indicated:

### BY HAND

> Mary B. Matterer
> Morris James LLP
> 500 Delaware Avenue
> Suite 1500
> Wilmington, DE  19899

### BY E-MAIL

> John M. Benassi
> Christopher Longman
> Heller Ehrman LLP
> 4350 La Jolla Village Drive, 7th Floor
> San Diego, CA  92122-1246

*/s/ Karen Jacobs Louden*

Karen Jacobs Louden