# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BIGBAND NETWORKS, INC.,                )
                                        )
    Plaintiff and Counterclaim Defendant,     )
                                        )
    v.                                   )    Civil Action No. 1:07-cv-00351 JJF
                                        )
IMAGINE COMMUNICATIONS, INC.,          )    **JURY TRIAL DEMANDED**
                                        )
    Defendant and Counterclaim Plaintiff.     )    **PUBLIC VERSION**
                                        )
                                        )

## DECLARATION OF MARY B. MATTERER IN SUPPORT OF IMAGINE COMMUNICATIONS' BRIEF IN OPPOSITION TO BIGBAND'S MOTION FOR PROTECTIVE ORDER

MARY B. MATTERER (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: 302-888-6800
Email: mmatterer@morrisjames.com

OF COUNSEL:

JOHN M. BENASSI (Cal. Bar No. 74137)
ALEXANDER BRAINERD (Cal. Bar No. 42722)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246
Telephone: 858-450-8400
Facsimile: 858-450-8499
Email : john.benassi@hellerehrman.com

Attorneys for Defendant and Counterclaim Plaintiff
IMAGINE COMMUNICATIONS, INC.

Originally filed: May 19, 2008
Public version filed: May 29, 2008

I, MARY B. MATTERER, declare and state that:

1.    I am a partner at the law firm of Morris James LLP, counsel to Defendant Imagine Communications, Inc.

2.    Attached hereto as Exhibit A is a true and correct copy of a letter to Amir Bassan-Eskenazi from Jamie Howard dated June 13, 2007.

3.    Attached hereto as Exhibit B is a true and correct copy of a letter to John Minton from Peter Gratzinger dated February 1, 2008.

4.    Attached hereto as Exhibit C is a true and correct copy of a letter to Jack Blumenfeld from John Benassi dated January 11, 2008.

5.    Attached hereto as Exhibit D is a true and correct copy of a Memorandum Order dated April 13, 2007 in the *Wyeth v. Impax* litigation, C.A. No. 06-222 JJF.

6.    Attached hereto as Exhibit E is a true and correct copy of BigBand Networks, Inc.'s First Notice of Deposition under Fed. R. Civ. P. 30(b)(6) of Defendant Imagine Communications, Inc.

7.    Attached hereto as Exhibit F is a true and correct copy of BigBand Networks, Inc.'s Response to Imagine Communications, Inc.'s First Set of Interrogatories.

8.    Attached hereto as Exhibit G is a true and correct copy of Imagine Communications, Inc.'s Second Amended 30(b)(6) Notice to BigBand Networks, Inc.

9.    Attached hereto as Exhibit H is a true and correct copy of Imagine Communications, Inc.'s Objections and Responses to BigBand Networks, Inc.'s First Set of Interrogatories.

10.   Attached hereto as Exhibit I is a true and correct copy of BigBand Networks, Inc.'s Response to Imagine Communications, Inc.'s First Set of Requests for Admissions.

11.   Attached hereto as Exhibit J is a true and correct copy of BigBand Networks, Inc.'s Response and Objections to Imagine Communications, Inc.'s First Amended Notice of

Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).

12. I declare under penalty of perjury under the laws of the State of Delaware that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on this 19th day of May 2008 at Wilmington, Delaware.

By:  _/s/ Mary B. Matterer_____
MARY B. MATTERER (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
Telephone:  302-888-6800
Email:  mmatterer@morrisjames.com

OF COUNSEL:
JOHN M. BENASSI (Cal. Bar No. 74137)
ALEXANDER BRAINERD (Cal. Bar No. 42722)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA  92122-1246
Telephone:  858-450-8400
Facsimile:  858-450-8499
Email : john.benassi@hellerehrman.com

Attorneys for Defendant and Counterclaim Plaintiff
IMAGINE COMMUNICATIONS, INC.

# EXHIBIT   A

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT   B

# HellerEhrman LLP

February 1, 2008

Peter E. Gratzinger
Peter.Gratzinger@hellerehrman.com
Direct +1.213.689.7547
Direct Fax +1.213.244.7861
Main +1 (213) 689-0200
Fax +1 (213) 614-1868

42791.0003

*via E-mail*

John D. Minton
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025

Re:     *BigBand Networks, Inc. v. Imagine Communications, Inc.,* C.A. No. 07-351 (D.Del)

Dear John:

This responds to your letter regarding Imagine's discovery responses.

**Interrogatories:**

General Objection 6: Contentions are not admissions. This objection merely clarifies that the scope of the claims is a question of law for the Court. Imagine will not remove it.

Interrogatories 2-3: Imagine believes that BigBand filed this suit without proper basis and with an improper motive, and expects to seek sanctions at the appropriate juncture. BigBand has refused to provide discovery regarding its decision to file suit. As such, its complaint that Imagine does not provide sufficient facts in its interrogatory response rings hollow. Imagine's funding is not relevant to any claim or defense in this action.

Interrogatories 4-6: These request "facts," not contentions or charts. Nonetheless, Imagine is willing to supply preliminary invalidity charts, provided that BigBand (a) narrows its allegations to a reasonable number of asserted claims and (b) supplements its infringement contentions for those claims so that they are based on documents actually relating to Imagine's products, rather than the patent application and generic marketing literature cited in BigBand's initial contentions.

Interrogatories 10-11: Imagine has done more than is required by providing at least one claim limitation from each claim that is not met by its products. Imagine does not bear the burden of proof on infringement. Unless BigBand is prepared to provide detailed

Heller Ehrman LLP   333 South Hope Street, 39th Floor   Los Angeles, CA   90071-3043   www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle/Anchorage   Silicon Valley   Singapore   Washington, D.C.

HellerEhrman<sub>LLP</sub>

John D. Minton
February 1, 2008
Page 2

"validity" and "equitable conduct" contentions, it should await the rebuttal that Imagine will provide in its expert reports.

**Document Requests**

General Objection 6:  See above

General Objection 8:  There are no such documents.

Requests 1-5:  BigBand's requests as written are overbroad.  Imagine is willing to meet and confer to define a reasonable scope for Imagine's search.

Request 6: See above.

Requests 8-13:  Imagine will produce (and has produced) technical documentation relevant to BigBand's infringement contentions, and documents related to its invalidity contentions.

Request 17:  Imagine will provide a privilege log with respect to any legal opinions obtained relating to BigBand's patents.

Request 19:  BigBand's request as written is overbroad.  Imagine is willing to meet and confer to define a reasonable scope for Imagine's search.

Request 20-24:  Imagine will produce (and has produced) technical documentation relevant to BigBand's infringement contentions.  "Contemplated" products are not relevant to BigBand's claims.

Requests 25-33: Imagine will produce (and has produced) technical documentation, manuals, marketing, revenue, sales, and profit documents relevant to BigBand's infringement contentions.

Request 34-35:  A patent application cannot infringe a patent, and has no necessary relationship to any product of the applicant.  Imagine stands on its objections.

Request 36-38:  If BigBand wants to open the door to discovery relating to its good faith basis for filing suit, it must be a two-way street.  If BigBand has case law stating that allegations relating to a plaintiff's lack of good faith basis for filing suit cannot be included in a Counterclaim, please provide it.

Request 55:  BigBand's request as written is overbroad.  Imagine is willing to meet and confer to define a reasonable scope for Imagine's search.

HellerEhrman LLP

John D. Minton
February 1, 2008
Page 3

I will identify deficiencies in BigBand's own discovery responses in a separate letter. Please feel free to call me to discuss.

Very truly yours,

/s/ Peter E. Gratzinger

# EXHIBIT   C

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT  D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WYETH,                              :
                                    :
          Plaintiff,                :
                                    :
     v.                             :    Civil Action No. 06-222-JJF
                                    :
IMPAX LABORATORIES, INC.,           :
                                    :
          Defendant.                :


### MEMORANDUM ORDER

Pending before me is Defendant Impax Laboratories, Inc.'s ("Impax") Motion To Compel Deposition Pursuant To Fed. R. Civ. P. 30(b)(6). (D.I. 112). Two factors convince me that the Motion as currently presented should be granted.

First, I am persuaded by Impax's argument that the proposed deposition is the most efficient way to proceed (D.I. 113, p. 15). I note that my conclusion is influenced by the Teva factors raised by Impax. Second, the time limitations offered by Impax will control any "unduly burdensome" concerns raised by Wyeth.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion to Compel Deposition Pursuant To Fed. R. Civ. P. 30(b)(6). (D.I. 112) is **GRANTED**.


April 13, 2007                    _____
    DATE                         UNITED STATES DISTRICT JUDGE

# EXHIBIT  E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BIGBAND NETWORKS, INC.,              )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )        C.A. No. 07-351 (***)
                                     )
IMAGINE COMMUNICATIONS, INC.,        )
                                     )
        Defendant.                   )

### BIGBAND NETWORKS, INC.'S FIRST NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6) OF DEFENDANT IMAGINE COMMUNICATIONS, INC.

Plaintiff BigBand Networks, Inc. ("BigBand"), by and through its undersigned counsel, hereby gives notice that it will take the deposition(s) by oral testimony of Defendant Imagine Communications, Inc. ("Imagine"), pursuant to Federal Rule of Civil Procedure 30(b)(6), on the subjects identified in Attachment A. The deposition(s) will be held at the law offices of Latham & Watkins LLP located at 140 Scott Drive, Menlo Park, California 94025 on February 22, 2008 beginning at 9:30 a.m. or at some other such date, time, and place as mutually agreed upon by counsel for the parties, and continuing from day to day until completed. The deposition(s) will be conducted before an officer, notary public, or other person duly authorized to administer oaths, and will be recorded by stenographic, audio, and/or video means. The examination will be taken for the purposes of discovery, for use at trial in this action, and for any purposes permitted under the Federal Rules of Civil Procedure.

Imagine is reminded of its obligation to designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning the matters identified in Attachment A. Please identify the designated person(s) on or before February 15, 2008.

You are invited to attend and cross-examine.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
*Attorneys for Plaintiff and Counterclaim*
*Defendant BigBand Networks, Inc.*

OF COUNSEL:

Peter P. Chen
John D. Minton
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600
Peter.Chen@lw.com
John.Minton@lw.com

James L. Day
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
Jim.Day@lw.com

January 23, 2008

## ATTACHMENT A

**I.    DEFINITIONS**

BigBand hereby incorporates by reference the definitions included in BigBand's First Set of Requests for Production of Documents, served on August 27, 2007.

**II.    TOPICS OF DEPOSITION**

1.    The design, structure and methods used in the processing of video data in Imagine's SDV Staging Processor and QOD Gateway.

2.    The conception, design, research and development of Imagine's SDV Staging Processor and QOD Gateway.

3.    The design, structure, architecture and methods used in the processing of video data in Imagine's ICE and ICEPAC system, including Video On Demand (VOD) functionality.

4.    The conception, design, research and development of Imagine's ICE and ICEPAC system, including Video On Demand (VOD) functionality.

5.    The design, algorithm and methods used in the rating of video data in Imagine's QMngr and QODM methods and ICE-Q subsystem.

6.    The conception, design, research and development of Imagine's QMngr and QODM methods and ICE-Q subsystem.

7.    The design, structure and architecture of the integrated video delivery system comprised of Imagine's Converged VOD and SDV Network Architecture and Imagine's partners' or customers' equipment.

8.    The conception, design, research and development of the compatibility of Imagine's Converged VOD and SDV Network Architecture with third party (non-Imagine) equipment.

9. The location and identification of documents relating to topics 1-8.

10. The identify of persons with knowledge of topics 1-8.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 23, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Mary B. Matterer
MORRIS JAMES LLP

I also certify that copies were caused to be served on January 23, 2008 upon the following in the manner indicated:

**BY HAND AND E-MAIL**

Mary B. Matterer
Morris James LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

**BY E-MAIL**

John Benassi
Heller Ehrman LLP
4350 La Jolla Village Drive
Suite 700
San Diego, CA 92122

Peter E. Gratzinger
Heller Ehrman LLP
333 South Hope Street
Los Angeles, CA 90071

*/s/ Karen Jacobs Louden*

klouden@mnat.com

**Hoke, Liz**

| | |
|---|---|
| **From:** | Hadley, Susan C. [SHadley@morrisjames.com] |
| **Sent:** | Wednesday, January 23, 2008 7:40 AM |
| **To:** | Benassi, John M.; Hoke, Liz; Smedley, Tamara L.; Gratzinger, Peter E.; Moore, Steve A.; Ulin, John |
| **Cc:** | MMatterer |
| **Subject:** | FW: BigBand v. Imagine (07-351); Service of Notice of Deposition (D.I. 30) |
| **Attachments:** | 012308 First Notice.pdf |

To those of you not included on the below email, attached please find the following document:

(1) BigBand's First 30(b)(6) Notice of Deposition to Imagine.

**Morris James** LLP

**Susan C. Hadley**
Paralegal
shadley@morrisjames.com

500 Delaware Ave., Ste. 1500 | Wilmington, DE 19801-1494
Mailing Address P.O. Box 2306 | Wilmington, DE 19899-2306
**T** 302.888.6918        **F** 302.571.1750

**www.morrisjames.com**

This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential. Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized. If you are not the intended recipient, please delete or destroy this communication immediately.

To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Harrison, Catherine [mailto:CHarrison@MNAT.com]
**Sent:** Wednesday, January 23, 2008 10:35 AM
**To:** John Benassi; Matterer, Mary B.
**Subject:** BigBand v. Imagine (07-351); Service of Notice of Deposition (D.I. 30)

Attached on behalf of Karen Jacobs Louden is your service copy of BigBand Networks, Inc.'s First Notice Of Deposition Under Fed. R. Civ. P. 30(b)(6) Of Defendant Imagine Communications, Inc. (D.I. 30):

<<012308 First Notice.pdf>>

1/23/2008

# EXHIBIT   F

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# EXHIBIT   G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BIGBAND NETWORKS, INC.,

        Plaintiff and Counterclaim Defendant,

v.

IMAGINE COMMUNICATIONS, INC.,

        Defendant and Counterclaim Plaintiff.

Civil Action No. 1:07-cv-00351 JJF

---

**DEFENDANT IMAGINE COMMUNICATIONS, INC.'S SECOND AMENDED
30(b)(6) NOTICE TO BIGBAND NETWORKS, INC.**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    NOTICE IS HEREBY GIVEN pursuant to Federal Rule of Civil Procedure 30(b)(6) that Defendant IMAGINE COMMUNICATIONS, INC. ("IMAGINE") will take the deposition upon oral examination of Plaintiff BIGBAND NETWORKS INC. ("BIGBAND") commencing on May 13, 2008 at 9:00 a.m., or a date and time to be agreed upon, at the law offices of Heller Ehrman LLP, 4350 La Jolla Village Drive, San Diego, California 92122, and continuing from day to day thereafter, excluding weekends and holidays, until completed. The deposition will be recorded by a videographer and/or certified court reporter.

    NOTICE IS HEREBY FURTHER GIVEN pursuant to Federal Rule of Civil Procedure 30(b)(6) that BIGBAND is required to designate one or more of its officers, directors, partners, managing agents or other such persons as are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to it with respect to the topics identified in Attachment B attached hereto, and for each person designated, to set forth the matters on which the person will

testify in a written response to be served on or before May 8, 2008. The definitions are attached as Attachment A.

Further, IMAGINE hereby requests that the witness(es) designated to testify with respect to the topics attached hereto bring with them to the deposition the technical and operational specifications and documents relating to the BIGBAND products referenced in the deposition topic, which were called for production pursuant to Request For Production of Documents and Things.

Date: April 28, 2008                         */s/ Mary B. Matterer*
                                             MARY B. MATTERER (I.D. No. 2696)
                                             MORRIS JAMES LLP
                                             500 Delaware Avenue, Suite 1500
                                             Wilmington, DE 19801
                                             Telephone: 302-888-6800
                                             Facsimile: 302-571-1750
                                             Email: mmatterer@morrisjames.com

OF COUNSEL:

JOHN M. BENASSI (Bar No. 74137)
ALEXANDER BRAINERD (Bar No. 42722)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246
Telephone: 858-450-8400
Facsimile: 858-450-8499
Email: john.benassi@hellerehrman.com

                         Attorneys for Defendant and Counterclaim Plaintiff
                         IMAGINE COMMUNICATIONS, INC.

2

## ATTACHMENT A
### DEFINITIONS

(a) "DOCUMENTS" shall have the broadest meaning ascribed to it by the Federal Rules of Civil Procedure and applicable case law, including but not limited to electronic files.

(b) "IMAGINE" means Imagine Communications, Inc., any corporate predecessor, and any past or present division, department, parent, subsidiary, affiliate, director, officer, principal, agent, employee, consultant, representative, or other person acting on its behalf or under its control.

(c) "BIGBAND," "YOU," or "YOUR" means BigBand Networks, Inc, any corporate predecessor, any joint venture to which it is or was a party, any past or present division, department, parent, subsidiary, affiliate, director, officer, principal, agent, employee, consultant, representative, or other person acting on its behalf or under its control.

(d) "RELATING TO" means referring to, mentioning, commenting on, reflecting, pertaining to, evidencing, showing, involving, describing, discussing, responding to, supporting, contradicting, rebutting, constituting in whole or in part, consisting of, addressing the subject matter of, or being a draft, copy or summary of, in whole or in part.

(e) "The '477 PATENT" means U.S. Patent No. 6,999,477.

(f) "The '087 PATENT" means U.S. Patent No. 7,058,087

(g) "The '619 PATENT" means U.S. Patent No. 6,937,619

(h) "The PATENTS-IN-SUIT" means the '477 PATENT, the '087 PATENT, and the '619 PATENT collectively.

(i) "PREDECESSORS" are any prior applications or patents to or through which the PATENTS-IN-SUIT claim priority.

(j) "SUCCESSORS" are any divisionals, continuations, and continuations-in-

3

part of the PATENTS-IN-SUIT.

(k)    "FOREIGN COUNTERPARTS" are any patents or applications that are FOREIGN COUNTERPARTS to any of the PATENTS-IN-SUIT or their PREDECESSORS or SUCCESSORS.

(l)    "PRODUCT" means any product, apparatus, system, service, or method.

(m)    "ACCUSED PRODUCT" means any IMAGINE PRODUCT that YOU allege infringes one or more of the PATENTS-IN-SUIT.

(n)    "CONCEPTION" means the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention as it is thereafter to be applied in practice.

(o)    "REDUCTION TO PRACTICE" of an invention means the earlier of (a) filing a patent application for the invention, or (b) demonstrating that the invention will work for its intended purpose, though it need not be in a commercially satisfactory stage of development.

(p)    "PUBLIC USE" means use that is accessible to the public or use that constitutes commercial exploitation of the invention.

(q)    The term "PERSON" shall include both natural PERSONS and corporate or other business entities, whether or not in the employ of a party, and the acts and knowledge of a PERSON are defined to include the acts and knowledge of that PERSON'S directors, officers, members, employees, representatives, agents, and attorneys.

(r)    The term "IDENTIFY" means, with regards to DOCUMENTS, to:

    i. describe the nature of the document (e.g., letter or memorandum);

    ii. state the date of the document and its bates or control numbers, if any;

    iii. identify the PERSON who sent and received the original and any

4

copy of the document;

iv.  state in as much detail as possible the contents of the document; and

v.  state the manner and date of the disposition of the document.

(s)    The term "IDENTIFY," with respect to PERSONS, shall mean to state the PERSON'S:

i.  Individual, company, or corporate name;

ii.  last known address; and

iii.  last known phone number.

5

## ATTACHMENT B

### 30(b)(6) Topics

**Facts Relating to Infringement, Now and at the Time When Suit was Filed**

1.     All facts supporting YOUR factual basis for YOUR contention that the ACCUSED PRODUCTS infringe the asserted claims of the PATENTS-IN-SUIT, including without limitation, facts that would support that the accused products:

    (a)     Contain a "session manager."

    (b)     "Select basic media data units to be modified in response to a modification priority."

    (c)     Use a "modification priority."

    (d)     Use a "non-addressable stream output port."

    (e)     Use of an "aggregate bandwidth of received packets which exceeds the bandwidth of the limited bandwidth media".

2.     All facts regarding YOUR claim charts served as Attachments A, B, and C to YOUR responses to Imagine's First Set of Interrogatories allegedly showing a basis for infringement, including without limitation the factual basis for YOUR allegation that documents referenced in those charts reflect products made, used, sold, or offered for sale by IMAGINE that infringe the patents-in-suit.

3.     The claims that you believed were infringed at the time the suit was filed.

4.     All facts you are aware of that IMAGINE has indirectly infringed or contributed to infringement of the PATENTS-IN-SUIT, including the identity of all third parties whose infringement IMAGINE has induced or to whose infringement IMAGINE has contributed.

5.     All facts you are aware of that IMAGINE's alleged infringement is willful and deliberate.

6.     The circumstances under which BIGBAND became aware of IMAGINE's financing efforts, including IMAGINE's intent to sell Series B Securities, including

6

without limitation the date on which each executive and board member of BIGBAND first learned this information and the source from which he or she learned it, including documents relating thereto.

7.    All facts and circumstances RELATING TO any non-privileged communications regarding YOUR intent to file this lawsuit and YOUR reasons for filing this lawsuit, including statements made to third parties, and any communications to third parties relating thereto.

8.    All facts RELATING TO any offer by IMAGINE to disclose information to YOU regarding its products prior to this lawsuit, including without limitation the communications described in Paragraph 15 of IMAGINE's Counterclaim and the identity of witnesses knowledgeable thereof.

9.    To the extent not fully requested above, the IDENTIFICATION of persons, EMPLOYEES, and/or third parties involved in or knowledgeable about matters set forth in the topics above.

10.    The DOCUMENTS or other information RELATING TO the matters set forth in the topics above, the IDENTITY of the custodian(s) of the document and the location(s) where the document was kept and/or stored in the ordinary course of business.

### BigBand Patents

11.    The place and dates of CONCEPTION and REDUCTION TO PRACTICE for each claim in the PATENTS-IN-SUIT, and all evidence showing or corroborating the dates identified, including without limitation the identity of all PERSONS with personal knowledge of those dates and all DOCUMENTS showing or corroborating those dates.

12.    All PERSONS who contributed to the CONCEPTION and REDUCTION TO PRACTICE of the claims in each asserted patent, and each PERSON'S contribution to that alleged invention.

13.    The first prototype reflecting the reduction to practice of each claim of the patents-in-suit including design, structure, architecture, and methods used.

7

14.    Any texts, treatises, writings, computer software, or other DOCUMENTS that significantly contributed to or influenced conception and reduction to practice of each asserted claim.

15.    Commercial success of the invention defined by each asserted claim.

16.    Long felt but unsolved needs met by the invention defined by each asserted claim and failure of others to meet those needs.

17.    Professional approval of the invention defined by each asserted claim.

18.    Deliberate copying of the invention defined by each asserted claim.

19.    Laudatory statements by accused infringers relating to the invention defined by each asserted claim.

20.    Each PRODUCT developed, sold, or licensed by YOU that embodies, practices, or uses any of the alleged inventions claimed in the PATENTS-IN-SUIT, the operation of each method or feature of that PRODUCT that embodies any of the alleged inventions, including design, structure, architecture and methods used in the processing of video data, video delivery system or video-on-demand.

21.    The first sale, offer for sale, or PUBLIC USE of any PRODUCT that embodies any alleged invention claimed, and documents relating thereto and the identity of witnesses knowledgeable thereof.

22.    The identity of any DOCUMENT or thing that any person has suggested to BIGBAND is prior art or potential prior art to the PATENTS-IN-SUIT or that BIGBAND has considered to be prior art or potential prior art to the PATENTS-IN-SUIT.

23.    The field of invention of each PATENTS-IN-SUIT.

24.    All non-privileged communication between BIGBAND and any of the inventors of the PATENTS-IN-SUIT RELATING TO this action.

8

25.    The level of education, experience, and/or skill held by a person of ordinary skill in the art related to alleged inventions contained in PATENTS-IN-SUIT at the time of the alleged invention.

26.    The IDENTITY all persons and/or employees involved in the conception, design, development, engineering, and testing of BIGBAND's products that allegedly embody any of the PATENTS-IN-SUIT or allegedly compete with any ACCUSED PRODUCT.

27.    The IDENTITY of all locations involved in the conception, design, development, engineering, and testing of BIGBAND's products that allegedly embody any of the PATENTS-IN-SUIT or allegedly compete with any ACCUSED PRODUCT.

28.    The IDENTIFICATION of persons, EMPLOYEES, and/or THIRD PARTIES involved in or knowledgeable about matters set forth in the topics above.

29.    The DOCUMENTS or other information RELATING TO the matters set forth in the topics above, the IDENTITY of the custodian(s) of the document and the location(s) where the document was kept and/or stored in the ordinary course of business.

**Prosecution**

30.    BIGBAND's knowledge of and decision not to disclose prior art to the '477 PATENT during the prosecution of the '477 PATENT, including without limitation, the references identified in Imagine's First Counterclaim served July 26, 2007.

31.    BIGBAND's knowledge of and decision not to disclose prior art to the '477 PATENT during the prosecution of the '477 PATENT, including without limitation, the references identified in Imagine's Second Counterclaim served on _____.

32.    BIGBAND's knowledge of and decision not to disclose prior art to the '477 PATENT during the prosecution of the '477 PATENT, including without limitation, the references identifiedin Imagine's Third Counterclaim served on July 26, 2007.

9

33.    BIGBAND's knowledge of and decision not to disclose prior art to the '477 PATENT during the prosecution of the '477 PATENT, including without limitation, the references identified in the '619 patent.

### Damages

34.    The harm (monetary or otherwise) that YOU claim YOU have suffered as a result of IMAGINE's alleged infringement of the PATENTS-IN-SUIT.

35.    The factual basis for any claim for damages, including but not limited to lost profits, reasonable royalty, or price erosion, that YOU intend to make for IMAGINE's alleged infringement.

36.    YOUR marketing and pricing policies, practices, and plans for PRODUCTS that allegedly embody any of the PATENTS-IN-SUIT or allegedly compete with any ACCUSED PRODUCT, during any period of time that YOU allege IMAGINE infringed the PATENTS-IN-SUIT.

37.    Any competition for sales between IMAGINE and YOU.

38.    For each instance in which YOU submitted a proposal or bid for the sale of YOUR PRODUCTS that compete with any ACCUSED PRODUCT, the identity of the customer, the location of the customer, the scope and content of the bid or proposal, the identity of any competing bidders, any evaluation performed by YOU of the competing bids or proposals, the identity of the Person(s) responsible for YOUR bid or proposal, the date that YOU submitted the proposal, and the status of the bid or proposal (including whether YOU were awarded the bid or proposal, and, if not, YOUR understanding of the reason the bid or proposal was awarded elsewhere).

39.    Any competitive analysis or market analysis conducted by YOU with respect to YOUR PRODUCTS, including without limitation the nature of the market and identity of competitors YOU identified for each PRODUCT.

40.    YOUR estimates or beliefs of the relative market share of all competitors in any market in which YOU compete with IMAGINE, and YOUR method for determining that market share.

41.    YOUR estimates or projections of the future growth of any market in which YOU compete with IMAGINE.

42.    YOUR sales, revenues, costs, profits and loss from the date of commercial introduction of any PRODUCT YOU allege competes with any IMAGINE product.

43.    YOUR projected sales, revenues, costs, profits and loss for any PRODUCT YOU allege competes with any IMAGINE product.

44.    Any sale that YOU allege you lost to IMAGINE.

45.    The sale of any product or service made in conjunction with or driven by the sale of any of YOUR PRODUCTS on which YOU claim YOU lost profits.

46.    Any reduction in price YOU allege resulted from IMAGINE's infringement.

47.    Any license or sublicense to which YOU are a party relating to any of YOUR PRODUCTS or any of the PATENTS-IN-SUIT.

48.    YOUR practices and policies for licensing YOUR patents to third parties.

49.    Any established royalty for the PATENTS-IN-SUIT or any industry royalty rate that YOU believe is relevant to the PATENTS-IN-SUIT.

50.    Any agreements, including without limitation settlements and covenants not to sue, relating to the PATENTS-IN-SUIT.

51.    Any correspondence, communications, and negotiations with third parties relating to the licensing or cross-licensing of the PATENTS-IN-SUIT.

52.    All PERSONS that YOU claim infringe any of the PATENTS-IN-SUIT.

53.    The IDENTIFICATION of persons, employees, and/or third parties involved in or knowledgeable about matters set forth in the topics above.

54.     The DOCUMENTS or other information RELATING TO the matters set forth in the topics above, the IDENTITY of the custodian(s) of the document and the location(s) where the document was kept and/or stored in the ordinary course of business.

SD 903421_1.DOC

# EXHIBIT  H

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT   I

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT   J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BIGBAND NETWORKS, INC.,                    )
                                           )
    Plaintiff and Counterclaim Defendant,   )
                                           )
    v.                                     )    C.A. No. 07-351 (***)
                                           )
IMAGINE COMMUNICATIONS, INC.,              )
                                           )
    Defendant and Counterclaim Plaintiff.  )

## PLAINTIFF BIGBAND NETWORKS, INC.'S RESPONSE AND OBJECTIONS TO DEFENDANT IMAGINE COMMUNICATIONS, INC.'S FIRST AMENDED NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Local Rules for the United States District Court of Delaware, Plaintiff BigBand Networks, Inc. ("BigBand") hereby responds and objects to Defendant Imagine Communications, Inc.'s ("Imagine") First Amended Notice to BigBand pursuant to Rule 30(b)(6).

### GENERAL OBJECTIONS

1.    BigBand generally objects to Imagine's instructions, definitions, and topics of examination to the extent that they purport to impose requirements other than or in addition to the requirements of the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, or Order of the Court.

2.    BigBand generally objects to each and every definition and category for examination to the extent it is compound and contains multiple parts and subparts.

3.    BigBand generally objects to each and every definition and category for examination to the extent it is vague, ambiguous, and fails to describe the documents requested with reasonable particularity.

4.   BigBand generally objects to each and every definition and category for examination to the extent it is overly broad, unduly burdensome, oppressive, and/or would entail undue expense.

5.   BigBand objects to each and every category for examination to the extent that it requests BigBand's contentions which are not a proper topic for a deposition.   In this regard, BigBand notes that Imagine specifically identifies topics 1-12 as seeking "BigBand's Contentions."

6.   BigBand generally objects to each and every definition and category for examination as unduly burdensome to the extent it seeks information outside the "needs of the case" (Fed. R. Civ. P. 26(b)(2)).

7.   BigBand generally objects to each and every definition and category for examination to the extent it calls for legal conclusions.

8.   BigBand generally objects to each definition and category for examination to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege, immunity or protection from discovery.

9.   BigBand generally objects to each and every definition and category for examination to the extent it is not relevant to a claim or defense of any party to this litigation or reasonably calculated to lead to the discovery of admissible evidence.

10.   BigBand generally objects to each and every definition and category for examination to the extent it does not specify a time period.

11.   BigBand generally objects to each and every category for examination to the extent that it seeks information already in Imagine's possession, custody or control, or available to Imagine from public sources.

2

12.    BigBand generally objects to each and every category for examination to the extent it seeks expert opinion and is therefore premature. BigBand reserves the right to offer expert opinions on applicable subjects at the appropriate stage of this litigation.

13.    BigBand objects to Imagine's notice to the extent it purports to require the identification of documents that are duplicative of those already requested and/or produced.

The foregoing General Objections shall be deemed to be apply to each of the responses to the categories of examination that follow, even if not specifically referred to therein

## TOPICS OF EXAMINATION.

### Factual Basis for BigBand's Contentions

## TOPIC NO. 1:

YOUR factual basis for YOUR contention that the ACCUSED PRODUCTS infringe the asserted claims of the PATENT-IN-SUIT, including without limitation:

(a)  All facts showing that the ACCUSED PRODUCTS contain a "session manager" or its equivalent as that term is used in the '477 PATENT and the identity of witness knowledgeable thereof.

(b)  All facts showing that in the ACCUSED PRODUCTS, the aggregate bandwidth of received packets exceeds the bandwidth of the limited bandwidth media, as those terms are used in the '477 PATENT and the identity of witnesses knowledgeable thereof.

(c)  All facts showing that the ACCUSED PRODUCTS "select basic media data units to be modified in response to a modification priority," or have an equivalent function, as those terms are used in the '619 PATENT and the identity of witnesses knowledgeable thereof.

(d)  All facts showing that the ACCUSED PRODUCTS use a "modification priority" or its equivalent, as that term is used in the '619 PATENT and the '087 PATENT and the identity of witnesses knowledgeable thereof.

(e)  All facts showing that the ACCUSED PRODUCTS use a "non addressable stream output port" or its equivalent, as that term is used in the '477 PATENT and the identity of witnesses knowledgeable thereof.

(f)  All facts regarding YOUR claim charts served as Attachments A, B, and C to YOUR responses to Imagine's First Set of Interrogatories, including without limitation the factual basis for YOUR allegation that documents referenced in those charts reflect products made, used, sold, or offered for sale by IMAGINE and the identity of

3

witnesses knowledgeable thereof.

## RESPONSE TO TOPIC NO. 1:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 1 to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. BigBand also objects to this topic as overly broad and unduly burdensome.

BigBand further objects to this topic as seeking BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery. BigBand provided information sought in this topic in its response to Imagine's Interrogatory No. 1.

BigBand also objects to this topic to the extent it calls for legal conclusions. BigBand further objects to this topic to the extent it calls for expert opinion prior to the date for such disclosure dictated by the Federal Rules and Court order. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court.

## TOPIC NO. 2:

The factual basis for YOUR allegation in Paragraph 5 of YOUR Complaint that IMAGINE has indirectly infringed the PATENTS-IN-SUIT, including without limitation the identity of all third parties whose infringement IMAGINE has induced or to whose infringement IMAGINE has contributed and the identity of witnesses knowledgeable thereof.

## RESPONSE TO TOPIC NO. 2:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 2 to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. BigBand also objects to this topic as overly broad and unduly burdensome.

BigBand also objects to this topic as seeking BigBand's contentions which are not a

4

proper topic for a deposition, but are more appropriately reserved for written discovery. BigBand provided the information sought in this topic in its response to Imagine's Interrogatory No. 3.

BigBand further objects to this topic to the extent it calls for legal conclusions. BigBand also objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court.

## TOPIC NO. 3:

The factual basis of YOUR allegation in Paragraph 6 of YOUR Complaint that IMAGINE's alleged infringement is willful and deliberate and the identity of witnesses knowledgeable thereof.

## RESPONSE TO TOPIC NO. 3:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 3 to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. BigBand also objects to this topic as overly broad and unduly burdensome. BigBand further objects to this topic to the extent it calls for legal conclusions.

BigBand further objects to this topic as seeking BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery. BigBand provided the information sought in this topic in its response to Imagine's Interrogatory No. 4.

## TOPIC NO. 4:

The identity of all PERSONS who participated in any way in any analysis relating to YOUR allegations of infringement, and separately for each PERSON identified, the timing and substance of the analysis conducted and all DOCUMENTS or other information on which that PERSON relied.

## RESPONSE TO TOPIC NO. 4:

BigBand incorporates its General Objections as if set forth fully herein.  BigBand objects

to Topic No. 4 to the extent that it seeks information protected by the attorney-client privilege,

the work product doctrine, and/or any other applicable privilege or immunity.  As previously

explained in correspondence dated October 31, 2007 and November 5, 2007, BigBand's pre-

filing investigation and analysis performed in preparation for litigation is protected from

discovery by the attorney/client privilege and work product doctrine.

BigBand also objects to this topic as overly broad and unduly burdensome.  BigBand

further objects to this topic to the extent it calls for expert opinion, which is not yet due in this

case.  BigBand reserves all rights to present expert opinion evidence according to the schedule

adopted by the Court.

## TOPIC NO. 5:

The circumstances under which BIGBAND became aware of IMAGINE's financing
efforts, including IMAGINE's intent to sell Series B Securities, including without limitation the
date on which each executive and board member of BIGBAND first learned this information and
the source from which he or she learned it.

## RESPONSE TO TOPIC NO. 5:

BigBand incorporates its General Objections as if set forth fully herein.  BigBand objects

to Topic No. 5 because it does not seek information relevant or reasonably calculated to lead to

relevant evidence concerning any claim or defense in the case.  BigBand further objects to this

topic as overly broad, unduly burdensome, and more appropriately reserved for written

discovery.

## TOPIC NO. 6:

DOCUMENTS and communications related to IMAGINE's financing efforts and
IMAGINE's intent to sell Series B securities.

**RESPONSE TO TOPIC NO. 6:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects

to Topic No. 6 because it does not seek information relevant or reasonably calculated to lead to

relevant evidence concerning any claim or defense in the case. BigBand further objects to this

topic as overly broad, unduly burdensome, and more appropriately reserved for written

discovery.

**TOPIC NO. 7:**

All facts and circumstances RELATING TO any non-privileged communications
regarding YOUR intent to file this lawsuit and YOUR reasons for filing this lawsuit, including
statements made to third parties.

**RESPONSE TO TOPIC NO. 7:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects

to Topic No. 7 because it does not seek information relevant or reasonably calculated to lead to

relevant evidence concerning any claim or defense in the case. BigBand further objects to this

topic as overly broad and unduly burdensome. BigBand also objects to this topic on the grounds

that the topic fails to describe with reasonable particularity the matters on which examination is

requested and is vague and ambiguous.

**TOPIC NO. 8:**

Any communication with any third party regarding BIGBAND's intention to sue
IMAGINE.

**RESPONSE TO TOPIC NO. 8:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects

to Topic No. 8 because it does not seek information relevant or reasonably calculated to lead to

relevant evidence concerning any claim or defense in the case. BigBand further objects to this

topic on the grounds that it fails to describe with reasonable particularity the matters on which

7

examination is requested and is vague and ambiguous.

## TOPIC NO. 9:

All facts RELATING TO any offer by IMAGINE to disclose information to YOU regarding its products prior to this lawsuit, including without limitation the communications described in Paragraph 15 of IMAGINE's Counterclaim and the identity of witnesses knowledgeable thereof.

## RESPONSE TO TOPIC NO. 9:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects

to Topic No. 9 to the extent that it seeks information protected by the attorney-client privilege,

the work product doctrine, and/or any other applicable privilege or immunity. BigBand further

objects to this topic because it does not seek information relevant or reasonably calculated to

lead to relevant evidence concerning any claim or defense in the case.

## TOPIC NO. 10:

To the extent not fully requested above, the IDENTIFICATION of persons, EMPLOYEES, and/or third parties involved in or knowledgeable about matters set forth in the topics above.

## RESPONSE TO INTERROGATORY NO. 10:

BigBand incorporates its General Objections as if set forth fully herein and its specific

objections to topics 1-10. BigBand objects to Topic No. 10 as overly broad and unduly

burdensome. BigBand further objects to this topic on the grounds that it fails to describe with

reasonable particularity the matters on which examination is requested and is vague and

ambiguous. BigBand also objects to this topic on the ground that it is more appropriately

reserved for written discovery.

## TOPIC NO. 11:

The DOCUMENTS or other information RELATING TO the matters set forth in the topics above, the IDENTITY of the custodian(s) of the document and the location(s) where the document was kept and/or stored in the ordinary course of business.

## RESPONSE TO TOPIC NO. 11:

BigBand incorporates its General Objections and its Specific Objections to Topics Nos. 1-10 as if set forth fully herein. BigBand objects to Topic No. 11 as overly broad and unduly burdensome. BigBand further objects to this topic on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested and is vague and ambiguous. BigBand also objects to this topic on the ground that it is more appropriately reserved for written discovery.

### BigBand Patents

## TOPIC NO. 12:

The place and dates of CONCEPTION and REDUCTION TO PRACTICE for each claim in the PATENTS-IN-SUIT, and all evidence showing or corroborating the dates identified, including without limitation the identity of all PERSONS with personal knowledge of those dates and all DOCUMENTS showing or corroborating those dates.

## RESPONSE TO TOPIC NO. 12:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 12 as overly broad and unduly burdensome in that it seeks information relating to conception and reduction to practice for each and every claim contained in the Patents-In-Suit and seeks "all evidence showing or corroborating the dates identified." BigBand also objects that the topic is not relevant or reasonably calculated to lead to the discovery of admissible evidence as Imagine has not asserted prior art that would put at issue the dates in question.

BigBand also objects to the extent the topic requests BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery. BigBand provided information sought in this topic in its response to Imagine's Interrogatory No. 5 and agreed to produce responsive, non-privileged documents discovered as a result of a reasonably diligent search in response to Imagine's Request for Production No. 16.

9

BigBand further objects to this topic to the extent it calls for legal conclusions. BigBand also objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court.

## TOPIC NO. 13:

All PERSONS who contributed to the CONCEPTION and REDUCTION TO PRACTICE of the claims in each asserted patent, and each PERSON'S contribution to that alleged invention.

## RESPONSE TO TOPIC NO. 13:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 13 as overly broad and unduly burdensome. BigBand also objects that the topic is not relevant or reasonably calculated to lead to the discovery of admissible evidence as Imagine has not asserted prior art that would put at issue the dates in question.

BigBand also objects to the extent the topic requests BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery. BigBand provided the information sought in this topic in its response to Imagine's Interrogatory No. 6.

BigBand further objects to this topic to the extent it calls for legal conclusions. BigBand also objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court.

## TOPIC NO. 14:

Any texts, treatises, writings, computer software, or other DOCUMENTS that significantly contributed to or influenced conception and reduction to practice of each asserted claim.

**RESPONSE TO TOPIC NO. 14:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 14 as overly broad and unduly burdensome. BigBand further objects to this topic on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested and is vague and ambiguous in its use of the term "contributed to or influenced." BigBand also objects on the ground that the topic is more appropriately reserved for written discovery. BigBand agreed to produce responsive, non-privileged documents discovered as a result of a reasonably diligent search in response to Imagine's Request for Production No. 19.

BigBand further objects to this topic to the extent it calls for legal conclusions. BigBand also objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court.

**TOPIC NO. 15:**

Commercial success of the invention.

**RESPONSE TO TOPIC NO. 15:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 15 as overly broad and unduly burdensome. BigBand also objects to this topic because it fails to describe with reasonable particularity the matters on which examination is requested. BigBand further objects to this topic as seeking BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery. BigBand agreed to produce responsive, non-privileged documents discovered as a result of a reasonably diligent search in response to Imagine's Request for Production No. 25. Moreover, BigBand provided responsive information in its response to Imagine's Interrogatory No. 7.

BigBand further objects to this topic to the extent it calls for legal conclusions. BigBand also objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court.

**TOPIC NO. 16:**

Long felt but unsolved needs met by the invention and failure of others to meet those needs.

**RESPONSE TO TOPIC NO. 16:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 16 as overly broad and unduly burdensome. BigBand also objects to this topic because it fails to describe with reasonable particularity the matters on which examination is requested. BigBand further objects to this topic as seeking BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery. BigBand agreed to produce responsive, non-privileged documents discovered as a result of a reasonably diligent search in response to Imagine's Request for Production No. 25. Moreover, BigBand provided responsive information in its response to Imagine's Interrogatory No. 7.

BigBand further objects to this topic to the extent it calls for legal conclusions. BigBand also objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court.

**TOPIC NO. 17:**

Professional approval of the invention.

**RESPONSE TO TOPIC NO. 17:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects

to Topic No. 17 as overly broad and unduly burdensome. BigBand also objects to this topic because it fails to describe with reasonable particularity the matters on which examination is requested. BigBand further objects to this topic as seeking BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery. BigBand agreed to produce responsive, non-privileged documents discovered as a result of a reasonably diligent search in response to Imagine's Request for Production No. 25. Moreover, BigBand provided responsive information in its response to Imagine's Interrogatory No. 7.

BigBand further objects to this topic to the extent it calls for legal conclusions. BigBand also objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court.

**TOPIC NO. 18:**

Deliberate copying of the invention.

**RESPONSE TO TOPIC NO. 18:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 18 as overly broad and unduly burdensome. BigBand also objects to this topic because it fails to describe with reasonable particularity the matters on which examination is requested. BigBand further objects to this topic as seeking BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery. BigBand agreed to produce responsive, non-privileged documents discovered as a result of a reasonably diligent search in response to Imagine's Request for Production No. 25. Moreover, BigBand provided responsive information in its response to Imagine's Interrogatory No. 7.

BigBand further objects to this topic to the extent it calls for legal conclusions. BigBand also objects to this topic to the extent it calls for expert opinion, which is not yet due in this case.

13

BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court.

## TOPIC NO. 19:

Laudatory statements by accused infringers.

## RESPONSE TO TOPIC NO. 19:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 19 as overly broad and unduly burdensome. BigBand also objects to this topic because it fails to describe with reasonable particularity the matters on which examination is requested. BigBand further objects to this topic as seeking BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery. BigBand agreed to produce responsive, non-privileged documents discovered as a result of a reasonably diligent search in response to Imagine's Request for Production No. 25. Moreover, BigBand provided responsive information in its response to Imagine's Interrogatory No. 7.

BigBand further objects to this topic to the extent it calls for legal conclusions. BigBand also objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court.

## TOPIC NO. 20:

Each PRODUCT developed, sold, or licensed by YOU that embodies, practices, or uses any of the alleged inventions claimed in the PATENTS-IN-SUIT, and the operation of each method or feature of that PRODUCT that embodies any of the alleged inventions.

## RESPONSE TO TOPIC NO. 20:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 20 as vague, ambiguous and unintelligible. BigBand also objects to this topic as

14

overly broad and unduly burdensome. BigBand further objects to this topic to the extent it calls for legal conclusions.

BigBand also objects to the extent the topic requests BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery. BigBand provided the information sought in this topic in its response to Imagine's Interrogatory No. 8.

BigBand further objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court.

**TOPIC NO. 21:**

Any disclosures to any third party of the subject matter of any PATENT-IN-SUIT prior to the application date of that patent, including without limitation any publication, presentation, or disclosure, and any DOCUMENTS showing that each disclosure was under express conditions of confidence.

**RESPONSE TO TOPIC NO. 21:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 21 as overly broad and unduly burdensome. BigBand also objects to the extent the topic requests BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery. BigBand provided the information sought in this topic in its response to Imagine's Interrogatory No. 9.

**TOPIC NO. 22:**

The first sale, offer for sale, or PUBLIC USE of any PRODUCT that embodies any alleged invention claimed, and documents relating thereto and the identity of witnesses knowledgeable thereof.

**RESPONSE TO TOPIC NO. 22:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 22 as overly broad and unduly burdensome. BigBand further objects to this topic to

the extent it calls for legal conclusions. BigBand also objects to the extent the topic requests

BigBand's contentions which are not a proper topic for a deposition, but are more appropriately

reserved for written discovery.

## TOPIC NO. 23:

The identity of any DOCUMENT or thing that any person has suggested to BIGBAND is
prior art or potential prior art to the PATENTS-IN-SUIT or that BIGBAND has considered to be
prior art or potential prior art to the PATENTS-IN-SUIT.

## RESPONSE TO TOPIC NO. 23:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects

to Topic No. 23 to the extent that it seeks information protected by the attorney-client privilege,

the work product doctrine, and/or any other applicable privilege or immunity. BigBand further

objects to this topic as overly broad and unduly burdensome. BigBand also objects to this topic

on the ground that it is more appropriately reserved for written discovery.

BigBand further objects to this topic to the extent it calls for legal conclusions. BigBand

also objects to this topic to the extent it calls for expert opinion, which is not yet due in this case.

BigBand reserves all rights to present expert opinion evidence according to the schedule adopted

by the Court.

## TOPIC NO. 24:

The field of invention of each PATENT-IN-SUIT.

## RESPONSE TO TOPIC NO. 24:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects

to Topic No. 24 on the ground that the term "field of invention" is undefined, vague and

ambiguous. BigBand further objects to this topic to the extent it calls for legal conclusions.

BigBand also objects to this topic to the extent it calls for expert opinion, which is not yet due in

this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court.

**TOPIC NO. 25:**

All non-privileged communication between BIGBAND and any of the inventors of the PATENTS-IN-SUIT RELATING TO this action.

**RESPONSE TO TOPIC NO. 25:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 25 to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. BigBand also objects to this topic as overbroad and irrelevant to the extent it seeks non-privileged communications relating to anything other than the inventions embodied by the Patents-In-Suit.

**TOPIC NO. 26:**

The level of education, experience, and/or skill held by a person of ordinary skill in the art related to alleged inventions contained in PATENTS-IN-SUIT at the time of the alleged invention.

**RESPONSE TO TOPIC NO. 26:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 26 to the extent that it calls for legal conclusions. BigBand further objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court. BigBand further objects to this topic as seeking BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery.

**TOPIC NO. 27:**

The IDENTITY of all persons and/or employees involved in the conception, design, development, engineering, and testing of BIGBAND's products that allegedly embody any of the PATENTS-IN-SUIT or allegedly compete with any ACCUSED PRODUCT.

17

**RESPONSE TO TOPIC NO. 27:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 27 as overly broad and unduly burdensome. BigBand further objects to this topic on the grounds that the topic fails to describe with reasonable particularity the matters on which examination is requested and is vague and ambiguous. BigBand also objects to this topic as not relevant or reasonably calculated to lead to relevant evidence to the extent that it seeks information about persons or products that are not relevant to any claim or defense in the action. BigBand also objects to this topic on the ground that it is more appropriately reserved for written discovery.

**TOPIC NO. 28:**

The IDENTITY of all locations involved in the conception, design, development, engineering, and testing of BIGBAND's products that allegedly embody any of the PATENTS-IN-SUIT or allegedly compete with any ACCUSED PRODUCT.

**RESPONSE TO TOPIC NO. 28:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 28 as overly broad and unduly burdensome. BigBand further objects to this topic on the grounds that the topic fails to describe with reasonable particularity the matters on which examination is requested and is vague and ambiguous. BigBand also objects to this topic as not relevant or reasonably calculated to lead to relevant evidence to the extent that it seeks information that is not relevant to any claim or defense in the action.

**TOPIC NO. 29:**

The IDENTIFICATION of persons, EMPLOYEES, and/or THIRD PARTIES involved in or knowledgeable about matters set forth in the topics above.

**RESPONSE TO TOPIC NO. 29:**

18

BigBand incorporates its General Objections and its Specific Objections to Topics Nos. 12-28 as if set forth fully herein. BigBand objects to Topic No. 29 as overly broad and unduly burdensome. BigBand further objects to this topic on the grounds that the topic fails to describe with reasonable particularity the matters on which examination is requested and is vague and ambiguous. BigBand also objects to this topic on the ground that it is more appropriately reserved for written discovery.

**TOPIC NO. 30:**

The DOCUMENTS or other information RELATING TO the matters set forth in the topics above, the IDENTITY of the custodian(s) of the document and the location(s) where the document was kept and/or stored in the ordinary course of business.

**RESPONSE TO TOPIC NO. 30:**

BigBand incorporates its General Objections and its Specific Objections to Topics Nos. 12-28 as if set forth fully herein. BigBand objects to Topic No. 30 as overly broad and unduly burdensome. BigBand further objects to this topic on the grounds that the topic fails to describe with reasonable particularity the matters on which examination is requested and is vague and ambiguous. BigBand also objects to this topic on the ground that it is more appropriately reserved for written discovery.

**Prosecution**

**TOPIC NO. 31:**

BIGBAND's knowledge of and decision not to disclose prior art to the '477 PATENT during the prosecution of the '477 PATENT, including without limitation,

    (a)    U.S. patent No. 6,141,339 to Kaplan et al.

    (b)    U.S. patent No. 6,128,649 to Smith et al.

    (c)    U.S. Patent No. 5,481,542 to Logston et al.

    (d)    Digital Audio-Visual Council's DAVIC 1.4 Specification

    (e)    ISO/IEC 13818 Annex H Switched Digital Broadcast Service

19

**RESPONSE TO TOPIC NO. 31:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 31 to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. BigBand further objects to this topic as overly broad and unduly burdensome. BigBand also objects to this topic to the extent it assumes facts not in evidence. BigBand further objects to the extent the topic requests BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery.

**TOPIC NO. 32:**

BIGBAND's knowledge of and decision not to disclose prior art to the '087 PATENT during the prosecution of the '087 PATENT, including without limitation,

    (a)    U.S. patent No. 6,141,339 to Kaplan et al.

    (b)    U.S. patent No. 6,128,649 to Smith et al.

    (c)    U.S. Patent No. 6,434,141 to Oz et al.

    (d)    U.S. patent No. 6,014,694 to Aharoni et al.

    (e)    U.S. Patent No. 5,742,343 to Haskell

    (f)    U.S. Patent No. 5,481,542 to Logston et al.

    (g)    U.S. Patent No. 5,929,850 to Broadwin et al.

    (h)    U.S. Patent No. 5,548,532 to Menand et al.

    (i)    U.S. Patent No. 5,742,623 to Nuber et al.

    (j)    U.S. Patent No. 5,734,432 to Netravali et al.

    (k)    U.S. Patent No. 5,233,606 to Pashan et al.

    (l)    "MCNS/DOCSIS MAC CLEARS THE PATH FOR THE CABLEMODEM INVASION," Electronic Design, US, Penton Publishing, Cleveland OH, Vol. 45, no. 27, 1 December 1997.

    (m)    U.S. Patent No. 5,561,669 to Lenney et al.

    (n)    U.S. Patent No. 6,081,519 to Petler

(o)    International Publication WO 98110541 entitled "BROADBAND COMMUNICATION SYSTEM FOR HIGH-SPEED INTERNET ACCESS" published March 03, 1998 naming inventors Enns, Moura, Gronski, Neelmegh, Kim, Bieraum, and Rubin;

(P)    International Publication WO 99/09689 entitled "SYSTEM, DEVICE, AND METHOD FOR SCHEDULING IN A COMMUNICATION NETWORK" published February 25, 1999 naming inventors Ruszczyk, Lee, and Chlamtac; and the following publications:

(q)    "ADAPTIVE DIGITAL ACCESS PROTOCOL: A MAC PROTOCOL FOR MULTISERVICE BROADBAND ACCESS NETWORKS" IEEE Communications Magazine, IEEE Service Center. Piscataway NJ, Vol. 34, no. 3, 1 March 1996

(r)    "BROADBAND CPN DEMONSTRATOR USING WAVELENGTH AND TIME DIVISION MULTIPLEXING," Electronics and Communication Engineering Journal, IEEE London, GB, vol. 4 no. 4, 01 August 1992.

(s)    Digital Audio-Visual Council's DAVIC 1.4 Specification

(t)    ISO/IEC 13818 Annex H Switched Digital Broadcast Service

## RESPONSE TO TOPIC NO. 32:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 32 to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. BigBand further objects to this topic as overly broad and unduly burdensome. BigBand also objects to this topic to the extent it assumes facts not in evidence. BigBand further objects to the extent the topic requests BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery.

## TOPIC NO. 33:

BIGBAND's knowledge of and decision not to disclose prior art to the '619 PATENT during prosecution of the '619 PATENT, including without limitation,

(a)    U.S. patent No. 6,141,339 to Kaplan et al.

(b)    U.S. patent No. 6,128,649 to Smith et al.

(c)    U.S. patent No. 6,014,694 to Aharoni et al.

(d)    U.S. Patent No. 5,481,542 to Logston et al.

21

(e)     U.S. Patent No. 5,929,850 to Broadwin et at.

(f)     U.S. Patent No. 5,548,532 to Menand et al.

(g)     U.S. Patent No. 5,742,623 to Nuber et al.

(h)     U.S. Patent No. 5,734,432 to Netravali et al.

(i)     U.S. Patent No. 5,233,606 to Pashan et al.

(j)     "MCNSIDOCSIS MAC CLEARS THE PATH FOR THE CABLEMODEM INVASION," Electronic Design, US, Penton Publishing, Cleveland OH, Vol. 45, no. 27, 1 December 1997.

(k)     U.S. Patent No. 5,561,669 to Lenney et al.

(l)     U.S. Patent No. 6,081,519 to Petler

(m)     International Publication WO 98/10541 entitled "BROADBAND COMMUNICAnON SYSTEM FOR HIGH-SPEED INTERNET ACCESS" published March 03, 1998 naming inventors Enos, Moura, Gronski, Neelmegh, Kim, Bieraum, and Rubin;

(n)     International Publication WO 99/09689 entitled "SYSTEM, DEVICE, AND METHOD FOR SCHEDULING IN A COMMUNICATION NETWORK" published February 25, 1999 naming inventors Ruszczyk, Lee, and Chlamtac; and the following publications:

(o)     "ADAPTIVE DIGITAL ACCESS PROTOCOL: A MAC PROTOCOL FOR MULTISERVICE BROADBAND ACCESS NETWORKS" IEEE Communications Magazine, IEEE Service Center. Piscataway NJ, Vol. 34, no. 3, 1 March 1996

(P)     "BROADBAND CPN DEMONSTRATOR USING WAVELENGTH AND TIME DIVISION MULTIPLEXING," Electronics and Communication Engineering Journal, IEEE London, GB, vol. 4 no. 4, 01 August 1992.

(q)     Digital Audio-Visual Council's DAVIC 1.4 Specification

(r)     ISO/IEC 13818 Annex H Switched Digital Broadcast Service

(s)     All facts RELATING TO BIGBAND's advertising, marketing, and promotion of BIGBAND's products to third parties.

## RESPONSE TO TOPIC NO. 33:

BigBand incorporates its General Objections as if set forth fully herein.  BigBand objects

to Topic No. 33 to the extent that it seeks information protected by the attorney-client privilege,

the work product doctrine, and/or any other applicable privilege or immunity.  BigBand further

objects to this topic as overly broad and unduly burdensome. BigBand also objects to this topic to the extent it assumes facts not in evidence. BigBand further objects to the extent the topic requests BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery.

**Damages**

**TOPIC NO. 34:**

The harm (monetary or otherwise) that YOU claim YOU have suffered as a result of IMAGINE's alleged infringement of the PATENTS IN SUIT.

**RESPONSE TO TOPIC NO. 34:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 34 as overly broad and unduly burdensome. BigBand further objects to this topic to the extent it calls for legal conclusions. BigBand also objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court. BigBand further objects to the extent the topic requests BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery.

**TOPIC NO. 35:**

The factual basis for any claim for damages, including but not limited to lost profits, reasonable royalty, or price erosion, that YOU intend to make for IMAGINE's alleged infringement.

**RESPONSE TO TOPIC NO. 35:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 35 as overly broad and unduly burdensome. BigBand further objects to this topic to the extent it calls for legal conclusions. BigBand also objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert

opinion evidence according to the schedule adopted by the Court. BigBand also objects to the

extent the topic requests BigBand's contentions which are not a proper topic for a deposition, but

are more appropriately reserved for written discovery.

**TOPIC NO. 36:**

YOUR marketing policies, practices, and plans for PRODUCTS that allegedly embody any of the PATENTS-IN-SUIT or allegedly compete with any ACCUSED PRODUCT, during any period of time that YOU allege IMAGINE infringed the PATENTS IN SUIT.

**RESPONSE TO TOPIC NO. 36:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects

to Topic No. 36 as overly broad, unduly burdensome, and not relevant or reasonably calculated

to lead to the discovery of admissible evidence given the breadth of the topic. BigBand further

objects to this topic on the grounds that the topic fails to describe with reasonable particularity

the matters on which examination is requested and is vague and ambiguous. BigBand also

objects to this topic on the ground that it is more appropriately reserved for written discovery.

**TOPIC NO. 37:**

YOUR pricing policies, practices, and plans for PRODUCTS that allegedly embody any of the PATENTS-IN-SUIT or allegedly compete with any ACCUSED PRODUCT, during any period of time that YOU allege IMAGINE infringed the PATENTS IN SUIT.

**RESPONSE TO TOPIC NO. 37:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects

to Topic No. 37 as overly broad, unduly burdensome, and not relevant or reasonably calculated

to lead to the discovery of admissible evidence given the breadth of the topic. BigBand further

objects to this topic on the grounds that it fails to describe with reasonable particularity the

matters on which examination is requested and is vague and ambiguous. BigBand also objects to

this topic on the ground that it is more appropriately reserved for written discovery.

**TOPIC NO. 38:**

Any competition for sales between IMAGINE and YOU.

**RESPONSE TO TOPIC NO. 38:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 38 as overly broad and unduly burdensome. BigBand also objects to this topic because it fails to describe with reasonable particularity the matters on which examination is requested. BigBand further objects to this topic on the grounds that the term "[a]ny competition" is vague and ambiguous.

**TOPIC NO. 39:**

For each instance in which YOU submitted a proposal or bid for the sale of YOUR PRODUCTS that compete with any ACCUSED PRODUCT, the identity of the customer, the location of the customer, the scope and content of the bid or proposal, the identity of any competing bidders, any evaluation performed by YOU of the competing bids or proposals, the identity of the Person(s) responsible for YOUR bid or proposal, the date that YOU submitted the proposal, and the status of the bid or proposal (including whether YOU were awarded the bid or proposal, and, if not, YOUR understanding of the reason the bid or proposal was awarded elsewhere).

**RESPONSE TO TOPIC NO. 39:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 39 as overly broad and unduly burdensome. BigBand also objects to this topic on the ground that the terms used are vague and ambiguous.

BigBand further objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court. BigBand also objects on the ground that this topic is more appropriately reserved for written discovery.

**TOPIC NO. 40:**

Any competitive analysis or market analysis conducted by YOU with respect to YOUR PRODUCTS, including without limitation the nature of the market and identity of competitors YOU identified for each PRODUCT.

## RESPONSE TO TOPIC NO. 40:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 40 as overly broad, unduly burdensome, and not relevant or reasonably calculated to lead to the discovery of admissible evidence given the breadth of the topic. BigBand further objects to this topic on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested and is vague and ambiguous.

BigBand also objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court. BigBand further objects to the extent this topic is more appropriately reserved for written discovery.

## TOPIC NO. 41:

YOUR estimates or beliefs of the relative market share of all competitors in any market in which YOU compete with IMAGINE, and YOUR method for determining that market share.

## RESPONSE TO TOPIC NO. 41:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 41 as overly broad and unduly burdensome. BigBand further objects to this topic on the grounds that the topic fails to describe with reasonable particularity the matters on which examination is requested and is vague and ambiguous.

BigBand further objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court. BigBand also objects to the extent the topic requests BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery.

## TOPIC NO. 42:

YOUR estimates or projections of the future growth of any market in which YOU compete with IMAGINE.

## RESPONSE TO TOPIC NO. 42:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 42 as overly broad and unduly burdensome. BigBand further objects to this topic on the grounds that the topic fails to describe with reasonable particularity the matters on which examination is requested and is vague and ambiguous.

BigBand further objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court. BigBand also objects to the extent the topic requests BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery.

## TOPIC NO. 43:

YOUR sales, revenues, costs, profits and loss from the date of commercial introduction of any PRODUCT YOU allege competes with any IMAGINE product.

## RESPONSE TO TOPIC NO. 43:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 43 as overly broad and unduly burdensome. BigBand also objects to this topic because it fails to describe with reasonable particularity the matters on which examination is requested. BigBand further objects to this topic on the grounds that the term "commercial introduction" is vague and ambiguous.

BigBand also objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court. BigBand further objects that this topic is more appropriately

reserved for written discovery.

## TOPIC NO. 44:

YOUR projected sales, revenues, costs, profits and loss for any PRODUCT YOU allege competes with any IMAGINE product.

## RESPONSE TO TOPIC NO. 44:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 44 as overly broad and unduly burdensome. BigBand also objects to this topic because it fails to describe with reasonable particularity the matters on which examination is requested. BigBand further objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court. BigBand also objects that this topic is more appropriately reserved for written discovery.

## TOPIC NO. 45:

YOUR manufacturing and marketing capacity.

## RESPONSE TO TOPIC NO. 45:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 45 as overly broad and unduly burdensome. BigBand also objects to this topic on the ground that the term "capacity" is vague and ambiguous.

BigBand further objects to this topic to the extent it calls for legal conclusions. BigBand also objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court. BigBand further objects to the extent the topic requests BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery.

28

**TOPIC NO. 46:**

Any sale that YOU allege you lost to IMAGINE.

**RESPONSE TO TOPIC NO. 46:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 46 as overly broad and unduly burdensome. BigBand further objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court. BigBand also objects to the extent the topic requests BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery.

**TOPIC NO. 47:**

The sale of any product or service made in conjunction with or driven by the sale of any of YOUR PRODUCTS on which YOU claim YOU lost profits.

**RESPONSE TO TOPIC NO. 47:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 47 as overly broad and unduly burdensome. BigBand further objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court. BigBand also objects to the extent the topic requests BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery.

**TOPIC NO. 48:**

Any reduction in price YOU allege resulted from IMAGINE's infringement.

**RESPONSE TO TOPIC NO. 48:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 48 as overly broad and unduly burdensome. BigBand further objects to this topic to

the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all

rights to present expert opinion evidence according to the schedule adopted by the Court.

BigBand also objects to the extent the topic requests BigBand's contentions which are not a

proper topic for a deposition, but are more appropriately reserved for written discovery.

**TOPIC NO. 49:**

　　　　Any license or sublicense to which YOU are a party relating to any of YOUR
PRODUCTS or any of the PATENTS IN SUIT.

**RESPONSE TO TOPIC NO. 49:**

　　　.　BigBand incorporates its General Objections as if set forth fully herein. BigBand objects

to Topic No. 49 as overly broad and unduly burdensome. BigBand further objects to this topic

on the grounds that it is vague and ambiguous by its use of the term "relating to." BigBand also

objects on the ground that the topic is more appropriately reserved for written discovery.

**TOPIC NO. 50:**

　　　　YOUR practices and policies for licensing YOUR patents to third parties.

**RESPONSE TO TOPIC NO. 50:**

　　　　BigBand incorporates its General Objections as if set forth fully herein. BigBand objects

to Topic No. 50 as overly broad and unduly burdensome. BigBand further objects to this topic

on the grounds that it fails to describe with reasonable particularity the matters on which

examination is requested and is vague and ambiguous. BigBand also objects on the ground that

the topic is more appropriately reserved for written discovery.

**TOPIC NO. 51:**

　　　　Any established royalty for the PATENTS IN SUIT or any industry royalty rate that
YOU believe is relevant to the PATENTS IN SUIT.

**RESPONSE TO TOPIC NO. 51:**

　　　　BigBand incorporates its General Objections as if set forth fully herein. BigBand objects

to Topic No. 51 as overly broad and unduly burdensome. BigBand further objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court. BigBand also objects to the extent the topic requests BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery.

**TOPIC NO. 52:**

Any agreements, including without limitation settlements and covenants not to sue, relating to the PATENTS IN SUIT.

**RESPONSE TO TOPIC NO. 52:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 52 as overly broad and unduly burdensome. BigBand also objects to this topic as vague and ambiguous by its use of the term "relating to." BigBand further objects to this topic to the extent it calls for expert opinion, which is not yet due in this case. BigBand reserves all rights to present expert opinion evidence according to the schedule adopted by the Court. BigBand also objects on the ground that the topic is more appropriately reserved for written discovery.

**TOPIC NO. 53:**

Any correspondence, communications, and negotiations with third parties relating to the licensing or cross-licensing of the PATENTS IN SUIT.

**RESPONSE TO TOPIC NO. 53:**

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 53 as overly broad, unduly burdensome and not relevant or reasonably calculated to lead to the discovery of admissible evidence given the breadth of the topic. BigBand further objects to this topic on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested and is vague and ambiguous. BigBand further

31

objects to this topic on the ground that it is more appropriately reserved for written discovery.

## TOPIC NO. 54:

All PERSONS that YOU claim infringe any of the PATENTS IN SUIT.

## RESPONSE TO TOPIC NO. 54:

BigBand incorporates its General Objections as if set forth fully herein. BigBand objects to Topic No. 54 to the extent it seeks information protected by the attorney-client privilege, work product immunity, or other immunity. BigBand further objects to this topic as not relevant or reasonably calculated to lead to the discovery of admissible evidence. BigBand also objects to the extent the topic requests BigBand's contentions which are not a proper topic for a deposition, but are more appropriately reserved for written discovery.

## TOPIC NO. 55:

The IDENTIFICATION of persons, employees, and/or third parties involved in or knowledgeable about matters set forth in the topics above.

## RESPONSE TO TOPIC NO. 55:

BigBand incorporates its General Objections and its Specific Objections to Topics Nos. 34-54 as if set forth fully herein. BigBand objects to Topic No. 55 as overly broad and unduly burdensome. BigBand further objects to this topic on the grounds that it fails to describe with reasonable particularity the matters on which examination is requested and is vague and ambiguous. BigBand also objects to this topic on the ground that it is more appropriately reserved for written discovery.

## TOPIC NO. 56:

The DOCUMENTS or other information RELATING TO the matters set forth in the topics above, the IDENTITY of the custodian(s) of the document and the location(s) where the document was kept and/or stored in the ordinary course of business.

## RESPONSE TO TOPIC NO. 56:

BigBand incorporates its General Objections and its Specific Objections to Topics Nos.

34-54 as if set forth fully herein. BigBand objects to Topic No. 56 as overly broad and unduly

burdensome. BigBand further objects to this topic on the grounds that it fails to describe with

reasonable particularity the matters on which examination is requested and is vague and

ambiguous. BigBand also objects to this topic on the ground that it is more appropriately

reserved for written discovery.

MORRIS, NICHOLS, ARSHT &
TUNNELL LLP

*/s/ Karen Jacobs Louden*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
jblumenfeld@mnat.com
klouden@mnat.com
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

*Attorneys for Plaintiff/Counterclaim*
*Defendant BigBand Networks, Inc.*

OF COUNSEL:

Peter P. Chen
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600
Peter.Chen@lw.com

James L. Day
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
Jim.Day@lw.com

February 20, 2008

33

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that copies of the foregoing were caused to be served on February 20, 2008 by e-mail and U.S. Mail:

Mary B. Matterer
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19899

Peter Gratzinger
John Benassi
HELLER EHRMAN LLP
4350 La Jolla Village Drive, Suite 700
San Diego, CA  92122

/s/ John D. Minton
John D. Minton

34