IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIGBAND NETWORKS, INC.,<br>    Plaintiff,<br><br>v.<br><br>IMAGINE COMMUNICATIONS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 07-351 (JJF)<br>)<br>)<br>)<br>)<br>) |

**BIGBAND'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER TO STRIKE IMAGINE'S SECOND AMENDED NOTICE OF DEPOSITION OF BIGBAND PURSUANT TO FED. R. CIV. P. 30(b)(6)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
   *Attorneys for Plaintiff BigBand Networks, Inc.*

OF COUNSEL:

Peter P. Chen
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

James L. Day
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
(415) 391-0600

May 30, 2008

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| INTRODUCTION | | 1 |
| STATEMENT OF FACTS | | 3 |
| ARGUMENT | | 5 |
| A. | Imagine Cannot Escape the Fact That Its Second Amended Notice Seeks Improper Contention Discovery and Calls For Privileged or Protected Information | 6 |
| B. | Imagine Cannot Escape the Fact That the Topics in Its Second Amended Notice Are Overly Broad and Seek to Impose an Undue Burden on BigBand | 9 |
| C. | Imagine Cannot Escape the Fact That Its Second Amended Notice Is Improper and Objectionable Under the Federal Rules | 12 |
| CONCLUSION | | 13 |

# TABLE OF AUTHORITIES

**CASES**  **PAGE(S)**

*Heron v. Potter*,
  2006 WL 3703693 (D. Del. Oct. 23, 2006) .................................................................2

*In re Linerboard Antitrust Litig.*,
  237 F.R.D. 373 (E.D. Pa. 2006) ...................................................................................8

*McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*,
  134 F.R.D. 275 (N.D. Cal. 1991) .................................................................................9

*Reliant Pharms, Inc. v. Par Pharm., Inc.*,
  No. 06-774 (JJF) (D. Del.) ....................................................................................... 6-7

*Wyeth v. Impax*,
  No. 06-222 (JJF) (D. Del.) .................................................................................. 7, 9-10

**RULES**

Fed. R. Civ. P. 30(b)(6) ........................................................................................ *passim*

**STATUTES**

35 U.S.C. § 102(a) .........................................................................................................11

**OTHER AUTHORITIES**

Kent Sinclair and Roger P. Fendrich, *Discovering Corporate Knowledge and
  Contentions: Rethinking Rule 30(b)(6) and Alternative Mechanisms*, 50
  Alabama L. Rev. 651 (1999) .......................................................................................8

1.

## INTRODUCTION

In its Opposition to BigBand's Motion for a Protective Order, Imagine attempts to turn the tables and portray itself as a victim, contending that it needs a vastly overbroad Rule 30(b)(6) deposition to obtain discovery it claims BigBand has failed to provide. It further implies that BigBand has played a game of "hide the ball," such that a Rule 30(b)(6) deposition is the only way for Imagine to get to the persons with knowledge. Nothing could be further from the truth.

Contrary to Imagine's assertions, BigBand is not a large company and its principals are well known to Imagine (particularly given that several of Imagine's principals are former BigBand employees, and BigBand has identified the people with knowledge in its interrogatory responses). Imagine has elected, however, not to take any individual depositions but instead to serve its inappropriately broad Rule 30(b)(6) notice. Additionally, now for the first time in its Opposition, Imagine asserts that it can complete its proposed deposition in twelve hours. Yet, this purported time limitation does nothing to lessen BigBand's burden in attempting to prepare a witness (or witnesses) to testify regarding the 53 comprehensive topics set forth in the Second Amended Notice. Indeed, what Imagine really seeks is to have BigBand lay out its entire case for Imagine in one deposition, including on topics like BigBand's infringement contentions, as to which BigBand's employees lack information because they do not have access to Imagine's confidential information.

To be perfectly clear, the Second Amended Notice is not meaningfully different from Imagine's two prior Rule 30(b)(6) notices. It still improperly seeks BigBand's contentions, testimony on topics that should be the subject of expert

discovery, and privileged or otherwise protected information. As BigBand pointed out in its Motion, Imagine cannot simply cure the numerous topics in its Second Amended Notice that target BigBand's contentions by reciting the word "facts." *Compare* D.I. 39 at 8 *with* D.I. 53 at 10. Imagine itself appears to acknowledge that the Second Amended Notice seeks a "contention deposition," prohibited by the pertinent Federal Rules and case law, yet it tries to assert that its proposed deposition nevertheless is warranted. *Id.* at 4. Imagine can provide no legitimate justification, however, for its attempt to obtain Rule 30(b)(6) testimony on BigBand's legal conclusions or opinions, because Imagine can and has obtained BigBand's contentions through other means, such as through written discovery. *See Heron v. Potter*, No. 03-313-JJF, 2006 WL 3703693, at *1 (D. Del. Oct. 23, 2006). Similarly, Imagine cannot use its proposed Rule 30(b)(6) deposition to probe information protected by the attorney-client privilege or work product doctrine. Imagine recognizes that its Second Amended Notice seeks such information, but asserts that BigBand's counsel may object at the deposition. D.I. 53 at 13. Not only would that be an improper use of a Rule 30(b)(6) deposition, but it also would be a waste of the parties' time and resources (upon which Imagine itself is so focused).

Imagine's Second Amended Notice also remains hopelessly overbroad, seeking to impose on BigBand an excessive burden that is entirely unnecessary in light of the current state of play in this case and the negligible utility of the proposed deposition. Contrary to Imagine's assertion, its Second Amended Notice does not merely seek "identification of key witnesses" (*id.* at 3), but instead asks BigBand to provide corporate designee testimony on 53 detailed, compound topics that cover every possible aspect of this patent infringement case. *See* D.I. 37. Although BigBand does not object to

providing legitimate discovery regarding its inventions and products (similar to the scope of its own 30(b)(6) notice), it does take exception to a Rule 30(b)(6) deposition of such far-reaching scope that it cannot possibly prepare any person (or persons) to adequately testify. And it further objects to producing a witness (or witnesses) to testify piecemeal about certain topics, only for that witness to have to return if the Court later permits the deposition to go forward on other topics. This is particularly so given that some of the relevant witnesses live in Israel and must travel to the United States for deposition.

Finally, Imagine cannot credibly demonstrate that its asserted reasons for this Rule 30(b)(6) deposition outweigh the undue burden to BigBand. For one, Imagine does not need its proposed deposition to ascertain BigBand's factual bases (D.I. 53 at 19) because BigBand has provided documents and written discovery responses, including detailed infringement charts, which will be supplemented when Imagine completes its document production. BigBand also will provide individual and expert testimony on its inventions, products, and damages analysis, among other things. And, Imagine's baseless assertions notwithstanding, its proposed deposition actually presents the most inefficient and ineffective method for narrowing the issues in this case (*id.* at 21). Rather, if Imagine will provide the discovery BigBand needs, the parties will be able to move on and focus the issues in a meaningful way.

### STATEMENT OF FACTS

Tellingly, despite its current complaints, Imagine has never moved to compel additional discovery from BigBand.[1] Indeed, in response to Imagine's initial sets

---

[1] As in its briefing on the other motions, Imagine repeats here the tortured tale of how it contemplated filing a Rule 11 motion. *See* D.I. 53 at 2, 6 at n.12, 7; *see*

(continued . . .)

4.

of written discovery, BigBand provided thorough responses, including infringement charts setting forth on a claim by claim basis facts of which it was aware at the time that support its infringement allegations. D.I. 54, Ex. F at Attachments A-C (BigBand Responses to Imagine's First Set of Interrogatories). BigBand also produced approximately 75,000 pages of documents in response to Imagine's requests, and plans to produce in excess of 200,000 additional pages of documents over the course of the next week or so.

By contrast, Imagine provided little support for its affirmative defenses and counterclaims of invalidity and non-infringement. With respect to invalidity, Imagine only provided a list of supposed prior art, without describing how that prior art corresponds to the claims at issue or offering any other facts to support its allegations. D.I. 54, Ex. H at 6-10 (Imagine Responses to BigBand's First Set of Interrogatories). Imagine's non-infringement contentions were similarly incomplete, only identifying in a conclusory manner "at least" one element of the claims allegedly absent from its products. Perhaps most critically, Imagine withheld numerous categories of responsive documents relating to the design and implementation of its accused products.

It was only after BigBand filed its motion to compel and Imagine filed its motion to limit claims that Imagine produced some additional documents.[2] Imagine also

---

(. . . continued)
     *also* D.I. 54, Ex. C. Imagine has never filed that motion, however, instead preferring to flaunt it, appending it to at least three briefs.

[2]     These additional documents appear to be responsive to some of the categories of documents BigBand requested, but not others. Imagine still has not produced, for example, electronic documents of key custodians or source code. It also still refuses to say whether it will produce the requested documents (or confirm
                                                                                                                                        (continued . . .)

finally produced supplemental invalidity claim charts (the day before BigBand had to respond to Imagine's motion to limit claims), but those charts merely list numerous prior art references next to each claim element, and still do not provide any description of how the prior art references supposedly correspond to the claims.

The Rule 30(b)(6) deposition at issue here is not an appropriate or practical method for obtaining the information Imagine seeks. Nevertheless, in the midst of these other discovery issues, Imagine has persisted in seeking the deposition. After months of meet and confer negotiations and several iterations of its deposition notice, Imagine's Second Amended Notice remains fundamentally flawed in its over-breadth and targeting of contention discovery and information protected by the attorney-client privilege or work product doctrine.[3] The deposition will not whittle the case down to "manageable proportions" as Imagine contends (D.I. 53 at 3); that "whittling" can only occur if Imagine provides pertinent documents and contentions and thereby enables BigBand to supplement its contentions and limit the number of claims.

## ARGUMENT

Imagine cannot justify the undue burden it wants to impose through its Rule 30(b)(6) deposition on its unfounded assertion that BigBand's written discovery is deficient. That Imagine would require BigBand to teach one or several witnesses to

---

(. . . continued)
whether they exist), or provide any date by which it will complete its production of the pertinent design and implementation materials.

[3]  Imagine's likening of BigBand's Rule 30(b)(6) deposition notice to its Second Amended Notice is baffling. The notices could not be more different, because BigBand's Notice only asks about Imagine's products (consistent with BigBand's discovery needs), and Imagine has never identified any specific objection to it.

6.

recite every bit of factual support relating to each aspect of this case, including aspects of which they lack personal knowledge, defies credibility and does nothing to streamline discovery. Instead it is an attempt by Imagine to unduly burden BigBand by requiring it to educate a witness or witnesses to lay out BigBand's entire case for Imagine. Imagine's Second Amended Notice is wholly unworkable and should be stricken.

>   A.   Imagine Cannot Escape the Fact That Its Second Amended Notice Seeks Improper Contention Discovery and Calls For Privileged or Protected Information

Contrary to Imagine's assertions, there can be little question but that the Second Amended Notice directly seeks BigBand's contentions. For example, Topic 1 seeks BigBand's testimony on "all facts supporting [BigBand's] factual basis for [its] contention that the ACCUSED PRODUCTS infringe the asserted claims of the PATENTS-IN-SUIT." D.I. 37 at 6. Topics 4 and 5 in turn ask for BigBand's contentions on indirect infringement and willful infringement. *Id.* at 7. Topic 34 seeks "the factual basis for any claim for damages, including but not limited to lost profits, reasonable royalty, or price erosion, that YOU intend to make for IMAGINE's alleged infringement." *Id.* at 10. Imagine argues that it seeks only facts related to these and its other contention-driven topics. *See* D.I. 53 at 10-12. Regardless of how Imagine tries to characterize these topics, however, they plainly seek BigBand's contentions, including on matters not known to any BigBand employee because they depend upon Imagine's confidential information. As this Court has acknowledged, such information is more properly obtained by other means, such as through interrogatories. *See, e.g. Reliant*

*Pharms, Inc. v. Par Pharm., Inc.*, No. 06-774 (JJF) (D. Del. Mar. 7, 2008) (Tr. 20-21) D.I. 40, Ex. 11.[4]

Moreover, unlike in the cases cited by Imagine (D.I. 53 at 10), this is not a situation where the responding party has failed to provide facts to support its assertions. As explained, *supra*, BigBand already has provided detailed interrogatory responses, including charts setting forth factual support for its infringement contentions. *See* D.I. 54, Ex. F at Attachments A-C (BigBand Responses to Imagine's First Set of Interrogatories). It intends to further supplement those contentions once Imagine completes discovery on its products. BigBand also identified the individuals who contributed to and the dates of conception and reduction to practice encompassed by the patents-in-suit. *See id.* at 7-9.

If Imagine seeks additional non-privileged factual information relating to these issues, it can obtain that information by deposing the individuals BigBand identified in its interrogatory responses, by propounding follow-up interrogatories, or through a proper Rule 30(b)(6) deposition on narrow topics aimed at eliciting facts, not legal opinions or conclusions.

Imagine's proposed deposition also is problematic because it seeks information protected by the attorney-client privilege or work product doctrine. Although Imagine cites legal authority for the unremarkable proposition that corporations generally have an obligation to provide witnesses for Rule 30(b)(6) depositions, D.I. 53 at

---

[4] Contrary to Imagine's argument, this Court did not approve a contention deposition in *Wyeth v. Impax*, C.A. No. 06-222 (JJF) (D. Del.). There, the deposition sought information about Wyeth's research and development, and not about Wyeth's infringement contentions. (See Declaration of Karen Jacobs Louden ("Louden Decl."), Ex. 1, filed herewith).

12, that proposition has no bearing on the fact that Imagine's Second Amended Notice directly seeks protected information.[5] There is no need for such testimony here, where BigBand already has provided relevant, non-privileged information in its written discovery responses, and a Rule 30(b)(6) deposition would necessarily implicate BigBand's process of synthesizing those facts. *See* D.I. 40, Ex. 10 (Kent Sinclair & Roger P. Fendrich, *Discovering Corporate Knowledge and Contentions: Rethinking Rule 30(b)(6) and Alternative Mechanisms*, 50 ALA. L. REV. 651, 724, 726 (1999)).

    Indeed, although Imagine asserts that the attorney-client privilege does not preclude inquiry into a party's factual bases for its claims, it does not explain how the mere presence of factual information justifies such a broad and invasive Rule 30(b)(6) deposition. Imagine also fails to explain away the problems associated with topics like those in its Second Amended Notice that target testimony relating to prosecution practices and, more specifically, disclosure of prior art. As BigBand explained in its Motion, the danger associated with such subject areas is that they directly call for patent counsel's strategic thought processes and communications between BigBand and counsel for the purpose of securing legal advice in connection with patent prosecution. *See* D.I. 39 at 10-12 and cases cited therein. Under such circumstances, it would be virtually impossible to separate the "facts" Imagine seeks from the inextricably interrelated information protected by the attorney-client privilege or work product doctrine. *See, e.g., In re Linerboard Antitrust Litig.*, 237 F.R.D. 373, 380-81 (E.D. Pa. 2006);

---

[5] BigBand notes that Imagine responds to this issue only in the context of its improper contention topics. *See* D.I. 53 at 12-14. That is, Imagine does not appear to respond to the section of BigBand's Motion discussing topics in the Second Amended Notice that are improper because they implicate privileged communications or work product. *See* D.I. 39 at 10-12.

*McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991), *rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal 1991).

      B.    Imagine Cannot Escape the Fact That the Topics in Its Second Amended Notice Are Overly Broad and Seek to Impose an Undue Burden on BigBand

To put it mildly, it is a stretch for Imagine to suggest that its Second Amended Notice "surgically" targets "discrete, relevant and factual subject areas." D.I. 53 at 14. The fact that Imagine does not quote a single one of the 53 topics in its Second Amended Notice speaks volumes. In truth, the Second Amended Notice purports to require BigBand to prepare an all-knowing witness to somehow testify as to all of BigBand's theories, and its factual support for every possible aspect of this case. As noted above, Topic 1 seeks "all facts supporting YOUR factual basis for YOUR contention that the ACCUSED PRODUCTS infringe the asserted claims of the PATENTS-IN-SUIT." Topic 34 seeks "the factual basis for any claim for damages, including, but not limited to lost profits, reasonable royalty or price erosion that YOU intend to make for Imagine's alleged infringement." BigBand provided examples of other overbroad topics in its opening brief. *See* D.I. 39 at 13-14.

Imagine appears to suggest that this Court approved such an approach in *Wyeth v. Impax*, C.A. No. 06-222 (JJF) (D. Del.).[6] That is plainly incorrect. First, Imagine ignores that the Court actually granted Wyeth's motion for protective order.

---

[6] Presumably to make its Second Amended Notice more in line with that in the *Wyeth* case, Imagine proclaims for the first time here that its deposition will be limited to 12 hours. This does nothing to alleviate the burden to BigBand, however, because whether the deposition allegedly can be completed in one hour or in twenty hours, the extensiveness of preparation required to educate one or more witnesses remains the same.

Louden Decl. Ex. 2. Although the Court allowed Impax to revise its notice and subsequently permitted the deposition to proceed on the revised notice (*id.* at Ex. 3), further court intervention was needed when Impax complained that Wyeth's witnesses were not sufficiently prepared (*id.* at Ex. 4) – a predictable response given the breadth of the noticed topics. The topics then had to be further refined, some voluntarily and some by Order of the Court (*id.* at Ex. 5), before the deposition was finally completed some six months later.

Moreover, in addition to the fact that they improperly seek BigBand's contentions, Imagine's "first category" topics unnecessarily and prematurely seek to force BigBand to "refine its infringement case." D.I. 53 at 15. Like the parties' other disputes currently before the Court, however, this issue boils down to proper sequence and timing. BigBand already provided the factual bases for its infringement contentions, in the form of element by element infringement charts that it produced to Imagine last fall, based upon facts and documents that were available to BigBand at the time. D.I. 54, Ex. F at Attachments A-C (BigBand Responses to Imagine's First Set of Interrogatories). BigBand also identified persons who contributed to and the dates of conception and reduction to practice of the inventions encompassed by the patents-in-suit. *Id.* at 7-9; *cf.* D.I. 53 at 14. BigBand has consistently advised Imagine that it will supplement its infringement contentions once Imagine provides the necessary documents relating to its accused products and services. Notably, no BigBand witness can provide the information to "refine [BigBand's] infringement case" because BigBand employees do not have access to Imagine's confidential information.

Similarly, a Rule 30(b)(6) deposition, as contemplated by Imagine's "second category" topics, is not the appropriate vehicle for ascertaining the detailed information relating to conception and reduction to practice of the patents-in-suit that these topics seek. For example, Imagine's Second Amended Notice requests conception and reduction information for ***each claim*** of the patents-in-suit and ***all evidence showing or corroborating*** the dates of conception and reduction of each claim (Topic 11). BigBand already has identified the individuals involved in these processes in its interrogatory responses. There is no plausible way that BigBand can prepare a witness to properly and completely address every facet of those overly broad topics.[7]

The same can be said for Imagine's "third category" topics regarding prosecution of the patents and alleged inequitable conduct. Besides implicating attorney-client privilege, these topics would require BigBand to educate its witnesses about the prior art Imagine has identified and explain why it purportedly was not disclosed to the Patent Office. It makes far more sense to depose individual witnesses about their actual knowledge than to set up a corporate designee to testify about Imagine's straw man list.

With respect to Imagine's "fourth category" topics, relating to damages, it again is premature to ask for corporate testimony when Imagine has not yet provided any financial data on which BigBand can undertake a damages analysis, particularly given that BigBand witnesses do not have access to Imagine's confidential information. Such

---

[7] Nor is it proper to require BigBand to provide detailed information about conception and reduction to practice on a claim by claim basis unless and until Imagine identifies prior art that would bring the date of invention into dispute by requiring BigBand to "swear behind" its filing date. *See* 35 U.S.C. § 102(a).

contentions are more properly obtained through interrogatories, produced documents or expert discovery.

        C.      Imagine Cannot Escape the Fact That Its Second Amended Notice Is Improper and Objectionable Under the Federal Rules

Lastly, Imagine cannot use the Federal Rules to justify its objectionable Rule 30(b)(6) notice, as the Rules clearly prohibit the type of unnecessary, duplicative and onerous proceeding contemplated by Imagine's Second Amended Notice.

Simply put, this deposition is not needed to "narrow [the] case to manageable proportions." D.I. 53 at 19. Rather, Imagine needs to fulfill its discovery obligations so that the case may progress in an orderly and timely fashion. That process, rather than an unfocused corporate deposition, will move the case along in an efficient and productive manner.

Further, the "amount in controversy" does not justify the overbroad Second Amended Notice. First, the potential impact on Imagine has nothing to do with the appropriateness of the notice or BigBand's burden in responding. Again, Imagine appears to be complaining about BigBand's infringement contentions, D.I. 53 at 20, but those contentions will be supplemented when Imagine completes its document production. Testimony of a BigBand witness without access to those documents will not assist that process.

The parties' relative resources also do not justify the burden Imagine seeks to impose on BigBand. Contrary to Imagine's assertions, this is no David and Goliath situation. BigBand is hardly a large company, and like any other party met with such an abusive Rule 30(b)(6) notice, it will face serious hardship if made to prepare witnesses to

attempt to address the myriad topics in the Second Amended Notice. That hardship is entirely unnecessary, as Imagine can pursue the information it claims to want through other, more appropriately tailored discovery.

Finally, it defies logic for Imagine to contend that its notice contains "focused topics" that will ensure resolution of critical case issues. *Id.* at 21. The only way to effectively narrow the issues in this case is for Imagine to provide the design and implementation documentation that BigBand needs to supplement its contentions and limit the number of claims. Once that happens, the parties can get to the real issues and proceed with targeted depositions and written discovery requests.

## CONCLUSION

For the foregoing reasons, BigBand's Motion for protective order should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200
klouden@mnat.com
  *Attorneys for Plaintiff BigBand Networks, Inc.*

14.

OF COUNSEL:

Peter P. Chen
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

James L. Day
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
(415) 391-0600


May 30, 2008

2346886

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 30, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Mary B. Matterer
> MORRIS JAMES LLP

I also certify that copies were caused to be served on May 30, 2008 upon the following in the manner indicated:

**BY HAND AND E-MAIL**

Mary B. Matterer
Morris James LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

**BY E-MAIL**

John Benassi
Alexander Brainerd
Heller Ehrman LLP
4350 La Jolla Village Drive, Suite 700
San Diego, CA 92122


*/s/ Karen Jacobs Louden*
Karen Jacobs Louden