IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BIGBAND NETWORKS, INC.,         :
                                :
         Plaintiff,             :
                                :
    v.                          : Civil Action No. 07-351-JJF
                                :
IMAGINE COMMUNICATIONS, INC.,   :
                                :
         Defendant.             :
                                :

Peter P. Chen, Esquire of LATHAM & WATKINS LLP, Menlo Park, California.

James L. Day, Esquire of LATHAM & WATKINS LLP, San Francisco, California.

Jack B. Blumenfeld, Esquire; Jeremy Alexander Tigan, Esquire, and Karen Jacobs Louden, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

John E. Gartman, Esquire; John W. Thornburgh; Esquire, Thomas Millikan, Esquire and Frank J. Albert, Esquire of FISH & RICHARDSON P.C., San Diego, California.

Charles Vincent, Esquire and Douglas E. McCann, Esquire of FISH & RICHARDSON P.C., Wilmington, Delaware.

Attorneys for Defendant.

**MEMORANDUM OPINION**

July 20, 2010
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is Plaintiff BigBand Networks, Inc.'s ("BigBand") Motion To Compel Source Code And Further Responses To Written Discovery. (D.I. 159.) For the reasons discussed, the Motion will be granted.

## I. BACKGROUND

Bigband initiated this patent infringement action against Defendant Imagine Communications, Inc. ("Imagine") on June 5, 2007. (D.I. 1.) The patents-in-suit generally relate to increasing the amount of data that can be offered by a cable television provider without having to change the physical infrastructure of a cable distribution system.

## II. DISCUSSION

### A. The Production Of Source Code: Future Products

By its Motion, BigBand contends that the Court previously ordered Imagine to disclose all of its source code relating to future products, but Imagine has not complied. Imagine disputes BigBand's contention that the Court ordered the production of this information in the first instance.

On June 6, 2008, the Court held a Motion Hearing concerning a Motion To Compel (D.I. 42) in which BigBand sought the production of certain written discovery. At the hearing, the Court stated:

[W]hat my role here is now based on what you both told me,

1

> leave well enough alone. So you know, I [have] to be careful not to do any harm because you're heading in the right direction apparently for your business interest. And it's not in your business interest or your client's financial interest to - - although I have gone through the pages you filed, it's not in your interest for me to get engaged in what brought you here this morning.
>
> So you give them the source code under Judge Robinson's protocol, they'll give you thirty-five claims that you infringe, and hopefully they'll do it in the short order.

(D.I. 71, Hearing Tr. at 11-12.)

BigBand contends that these remarks demonstrate that the Court ordered Imagine to produce source code on future products. BigBand's interpretation of the Court's remarks is incorrect. The Court's comments were made in the context of a discussion about settlement, and upon consideration of the attendant circumstances, it is clear that the Court was referencing the source code for commercialized products which Imagine agreed to produce in response to BigBand's Motion.[1]

Alternatively, BigBand contends that the Court should now order Imagine to produce the source code relating to future products. Imagine contends that this source code is not

---

[1] Neither the Court nor counsel specified exactly what source code they were referencing in the June 6, 2008 Motion Hearing. However, Imagine consistently opposed production of any source code for future products, and in its Answer to the Motion To Compel discussed at the Motion Hearing, Imagine stated that it would provide the source code for certain commercialized products. (D.I. 58, at 13.) Moreover, BigBand's contention that the Court expressly ordered production is at odds with the Order denying the Motion To Compel as a result of the Motion Hearing.

discoverable because of the likelihood that the products will change before they are released (if they are ever released), and because BigBand is not entitled to any damages from the future products. (D.I. 167 at 12.)

The Court concludes that the source code of Imagine's future products is discoverable because it is reasonably likely to lead to evidence relevant to BigBand's infringement claims. See Fed. R. Civ. P. 26(b)(1)("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" as long as the information sought is reasonably calculated to lead to the discovery of admissible evidence). Further, products which have not yet been released for sale to consumers may still be found to infringe. See 35 U.S.C. § 271(a)("whoever without authority *makes*, *uses*, offers to sell, or sells any patented invention . . . infringes the patent")(emphasis added); see also Moore U.S.A. Inc. v. Standard. Register Co., 144 F. Supp. 2d 188, 196 (W.D.N.Y. 2001)(" The mere manufacture of a patented article, without sale, is sufficient to create an infringement."). Accordingly, the Court concludes that the source code of Imagine's future products is discoverable.

**B. The Production of Source Code: Commercialized Products**

With respect to commercialized products, the parties acknowledge that the source code is discoverable. The only issue is whether Imagine has properly complied with its obligation to

3

produce this data. Imagine contends that it produced the source code for its discoverable products: three versions (1.0, 2.0, and 2.1) of the ICE Broadcast System and one version (1.0) of the ICE SV Processor. (D.I. 167 at 5.) BigBand contends that the listed production is incomplete because (1) there are holes or gaps in the code, and (2) deposition testimony indicates that there are additional versions of the ICE Broadcast System for which the source code has not been produced. (D.I. 180 at 2-3.)

The Court is not persuaded that any spaces or gaps in the source code produced is indicative of an incomplete production. (See D.I. 169, Gutman Decl. ¶¶ 10-12 (stating that the code disclosed was produced in complete versions and in the manner used by Imagine).) However, the Court concludes that additional production regarding source code for the ICE Broadcast System is warranted. In his deposition, Mr. Pritesh specifically identified three different versions of the ICE Broadcast system that have apparently been released, versions 2.2, 2.3, and 2.3.1 (a/k/a 3.0.1), but not disclosed to BigBand. (D.I. 182, Graves Decl. Ex. 1 at 55.) Imagine has not explained why these additional versions are not subject to discovery, and accordingly, the Court will order Imagine to produce source code covering the ICE Broadcast System versions listed by Mr. Pritesh.

### C. Written Discovery Requests

BigBand contends that Imagine has not properly replied to

4

Interrogatories Nos. 14, 15, and 17 and Document Request No. 87. In response, Imagine contends that it has completely responded to the requests, which it considers vague and overbroad. (D.I. 167 at 6-8.)[2]

In general, Interrogatory Nos. 14 and 15 request identification of all video compression and video networking technology that Imagine has "made tested, licensed, sold, offered for license, pr offered for sale." (D.I. 161, Yung Decl. Ex. 6.) Interrogatory No. 17 requests identification of "each executable computer software component or runtime environment component created, developed or adapted for use" with the video compression or video technology identified in Interrogatory Nos. 14 and 15. (Id.) Finally, Document Request No. 87 seeks to have the source code files for all modules identified in Interrogatory No. 17 produced or made available for inspection. (Id. Ex. 7.)

Given the fact that Imagine, despite its objections, properly identified its commercialized products in response to Interrogatory Nos. 14 and 15 (see id. Ex. 6), the Court concludes that those interrogatories are not impermissibly vague or ambiguous. Further, the Court concludes that Imagine's responses

---

[2] Imagine additionally argues that BigBand did not properly comply with Local Rule 7.1.1. (D.I. 167 at 7.) However, in light of BigBand's Certificate of Compliance (D.I. 159) and its representations that it attempted to resolve the instant discovery problems, the Court concludes that BigBand properly complied with the Local Rules.

5

were incomplete.  As previously discussed, information regarding Imagine's developmental technology is discoverable, and BigBand requested that Imagine identify any video compression and networking technology that it "made [or] tested."  With respect to Interrogatory No. 17, Imagine's response was to "direct[] BigBand to the source code held in escrow."  (Id.)  Fed. R. Civ. P. 33(d) allows reference to records when the burden of finding an answer is substantially the same for either party, but in this situation, the burden of providing greater specificity is not substantially the same between the parties because Imagine has extensive knowledge of its own source code means.  To the extent Request For Production No. 87 is dependent on Interrogatory No. 17, it also has not been adequately answered.

## IV. CONCLUSION

For the reasons discussed, the Court will grant Plaintiff BigBand Networks, Inc.'s Motion To Compel Source Code And Further Responses To Written Discovery.  (D.I. 159.)

An appropriate order will be entered.