IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BIGBAND NETWORKS, INC.,          :
                                 :
          Plaintiff,             :
                                 :
     v.                          : Civil Action No. 07-351-JJF
                                 :
IMAGINE COMMUNICATIONS, INC.,    :
                                 :
          Defendant.             :
                                 :

Peter P. Chen, Esquire of LATHAM & WATKINS LLP, Menlo Park, California.

James L. Day, Esquire of LATHAM & WATKINS LLP, San Francisco, California.

Jack B. Blumenfeld, Esquire; Jeremy Alexander Tigan, Esquire, and Karen Jacobs Louden, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

John E. Gartman, Esquire; John W. Thornburgh; Esquire, Thomas Millikan, Esquire and Frank J. Albert, Esquire of FISH & RICHARDSON P.C., San Diego, California.

Charles Vincent, Esquire and Douglas E. McCann, Esquire of FISH & RICHARDSON P.C., Wilmington, Delaware.

Attorneys for Defendant.

**MEMORANDUM OPINION**

July 20, 2010
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court are two related motions: (1) a
Rule 12(b)(6) Motion To Dismiss Imagine's Amended Inequitable
Conduct Counterclaims (D.I. 164) filed by Plaintiff BigBand
Networks, Inc. ("BigBand"); and (2) a Motion For Leave To Amend
Its First Amended Answer And Counterclaims (D.I. 173) filed by
Defendant Imagine Communications, Inc. ("Imagine").  For the
reasons discussed, the Court will grant Imagine's Motion To Amend
and deny BigBand's Motion To Dismiss.

## BACKGROUND

BigBand and Imagine are both technology companies working
with the transmission of data, particularly with increasing the
efficiency of data distribution in order to transmit more
information across existing infrastructures.  Bigband initiated
the instant action against Imagine on June 5, 2007, alleging that
Imagine infringed four patents: U.S. Patent Nos. 6,999,477 (the
"'477 patent"), 6,937,619 (the "'619 patent"), 7,058,087 (the
"'087 patent"), and 7,395,321 (the "'321 patent") (collectively,
the "patents-in-suit"). (D.I. 1.)  Essentially, the patents-in-
suit increase the amount of data that can be offered by a cable
television provider without having to change the physical
infrastructure of a cable distribution system.

Imagine filed its First Amended Answer and Counterclaims
("First Amended Answer") on October 28, 2009.  (D.I. 147.)  Big

1

Band moved to dismiss the inequitable counterclaim raised by Imagine.  In response, Imagine filed a Motion seeking leave to file a Second Amended Answer To First Amended Complaint And Counterclaims For Relief ("Second Amended Answer").  (D.I. 173, Ex. 1.)

**DISCUSSION**

**I.   Imagine's Motion For Leave To Amend Its First Amended Answer And Counterclaims**

    A.   <u>Applicable Legal Principles</u>

Because Imagine's Motion To Amend (D.I. 173) was filed on December 7, 2009, after the deadline for filing amended pleadings expired[1], the Court must consider the request to amend in light of both Federal Rule of Civil Procedure 15(a) and Federal Rule of Civil Procedure 16(b).

    1.   Rule 15(a)

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party."  <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000)(citing Fed. R. Civ. P. 15(a)).  Under Rule 15(a), the decision to grant or deny leave to amend lies within the discretion of the court.  <u>Foman v. Davis</u>, 371 U.S. 178, 182

---

[1]  The Court originally required requests to amend pleadings to be filed by October 15, 2009 (D.I. 78 at 2), but the parties stipulated to extend the deadline to October 29, 2009.  (D.I. 143.)

(1962); <u>In re Burlington Coat Factory Secs. Litig.</u>, 114 F.3d
1410, 1434 (3d Cir. 1997).  Thus, leave to amend should be freely
granted, unless the party opposing the amendment can demonstrate
undue delay, bad faith, dilatory motives, unfair prejudice or
futility.  <u>See</u> <u>Foman</u>, 371 U.S. at 182; <u>In re Burlington</u>, 114 F.3d
at 1434.  An amendment is futile if it is frivolous, fails to
state a claim upon which relief can be granted, or "advances a
claim or defense that is legally insufficient on its face."
<u>Koken v. GPC Int'l, Inc.</u>, 443 F.Supp. 2d 631, 634 (D. Del.2006).
The question of undue delay focuses on the reasons why a party
did not seek leave to amend sooner.  <u>Id.</u>  Delay alone is
generally an insufficient reason to deny leave to amend, but if
the delay is coupled with either an unwarranted burden on the
Court or undue prejudice to the non-moving party, the Court may
deny leave to amend.  <u>Id.</u>

      2.    Rule 16(b)

    Pursuant to the requirements of Rule 16(b), a party must
demonstrate good cause for leave to amend the pleadings after a
deadline imposed by a Scheduling Order has expired.  Fed. R. Civ.
P. 16(b)(4) ("a schedule may be modified only for good cause and
with the judge's consent"); <u>E. Minerals & Chems. Co. v. Mahan</u>,
225 F.3d 330, 340 (3d Cir. 2000)(affirming district court's
denial of motion for leave to amend because no showing of good
cause to modify scheduling order was made); <u>see</u> <u>also</u> <u>Dimensional</u>

Commc'ns, Inc. v. OZ Optics, Ltd., 148 Fed. Appx. 82, 85 (3d Cir. 2005). "Good cause" exists when the schedule cannot reasonably be met despite the diligence of the party seeking the extension. Fed. R. Civ. P 16(b)(4) Advisory Committee's Notes (1983 amendments). Unlike leave to amend under Rule 15(a) which focuses on prejudice to the nonmovant, the good cause standard under Rule 16(b) turns on the diligence of the movant. Roquette Freres v. SPI Pharma, Inc., C.A. No. 06-540-GMS, 2009 WL 1444835, at *4 (D. Del. May 21, 2009).

    B.    Whether Imagine Should Be Granted Leave To Amend

By its Motion, Imagine contends that it has established both the requirements of Rule 16(b) and Rule 15(a). Specifically, Imagine contends that it has demonstrated good cause for leave to amend, because most of the amendments it proposes are based upon information gained through depositions after the deadline for amended pleadings expired, and Imagine diligently filed its Motion For Leave To Amend. (D.I. 174 at 19-20.) Imagine further contends that BigBand will not be prejudiced by the Second Amended Answer because the information contained in the proposed amendments has been recently discovered, or has been long known to BigBand. (Id. at 20.) Imagine also contends that its proposed amendments are not futile because they provide additional facts relevant to their inequitable conduct counterclaim. (Id.)

4

In response, BigBand contends that Imagine had access to all
of the information it now seeks to add in the proposed
amendments, and therefore, Imagine was not diligent.  (D.I. 191
at 6.)  BigBand further contends that the proposed amendments are
futile because they do not add anything significant to the prior
counterclaims.  In addition, BigBand contends that it is
prejudiced by the proposed amendments, because key witnesses have
already been deposed.  (Id. at 9.)

Applying the principles in Rule 16(b) and Rule 15(a), the
Court will grant Imagine's leave to amend.  In reaching this
conclusion, the Court finds that Imagine was diligent in pursuing
its amendments, particularly since it filed its Motion within
weeks of learning the information it seeks to add through the
depositions of Mr. Fahmi and Ms. Dreszer.  In addition, with
respect to the other information in the proposed amendments, the
Court notes that Imagine contacted BigBand, prior to the pleading
amendment deadline, to inquire as to whether BigBand was going to
insist that Imagine include the charts and interrogatory
information.  (D.I. 178, Exh. 9.)  Imagine received no response
initially, but upon learning that BigBand believed the
information needed to be included in an amended pleading, Imagine
diligently moved to amend.

In addition, the Court concludes that BigBand will not be
unduly prejudiced by the proposed amendments.  While the Court

5

acknowledges that the depositions of Mr. Fahmi and Ms. Dreszer were conducted without the benefit of the proposed amendments, much of the information contained in the amendments was supplied by them in the first instance. In addition, the Court finds no bad faith or dilatory motives on the part of Imagine, and the Court is not persuaded that the proposed amendments are futile.[2] Accordingly, the Court will grant Imagine's Motion For Leave To Amend.

## II. Bigband's Motion to Dismiss

### A. Applicable Legal Principles

1. Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in a complaint as true and view them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "a short and

---

[2] In concluding that the proposed amendments are not futile, the Court references its conclusions and discussion infra concerning whether the inequitable conduct counterclaims contained in the Second Amended Answer are plead with the requisite particularity. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)(noting that amendment of a complaint is futile if it fails to state a claim upon which relief can be granted).

6

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Assuming the factual allegations are true, even if doubtful in fact, the "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While the complaint need not make detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. (internal quotations and citations omitted). Thus, stating a claim upon which relief can be granted "'requires a complaint with enough factual matter (taken as true) to suggest' the required element" of a cause of action. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(citing Twombly, 550 U.S. at 556.) In sum, if a complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), then the complaint is "plausible on its face," and will survive a motion to dismiss under Rule 12(b)(6). Twombly, 550 U.S. at 570.

         2.   Rule 9(b)

Under Rule 9(b) of the Federal Rule of Civil Procedure, averment of fraud or mistake must be "stated with particularity. Rule 9(b) does not require that the complaint allege the date,

7

time or place of the alleged inequitable conduct, provided the
complaint gives the defendants notice of the precise misconduct
alleged.  Seville Indus. Machinery Corp. v. Southmost Machinery
Corp., 742 F.2d 786 (3d Cir. 1984), cert. denied, 469 U.S. 1211 (1985).

Although inequitable conduct is a broader concept than
fraud, claims of inequitable conduct must satisfy the
"particularity" requirements of Rule 9(b).  Ferguson
Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega
Sys., LLC, 350 F.3d 1327, 1344 (Fed. Cir. 2003); Cordance Corp.
v. Amazon.com, Inc., 255 F.R.D. 366, 371 (D. Del. 2009)(noting
that because inequitable conduct "is a claim sounding in fraud,
Rule 9(b) applies").  Specifically, "to plead the 'circumstances'
of inequitable conduct with the requisite 'particularity' under
Rule 9(b), the pleading must identify the specific who, what,
when, where and how of the material misrepresentation or omission
committed before the PTO."  Exergen, 575 F.3d at 1327.  Although
knowledge and intent may be averred generally under Rule 9(b),
the Federal Circuit requires that sufficient facts be pled from
which a court may reasonably infer that a party acted with the
state of mind necessary to demonstrate inequitable conduct.[3]

---

[3]     The substantive elements of inequitable conduct are:
(1) an individual associated with the filing and prosecution of a
patent application made an affirmative misrepresentation of a
material fact, failed to disclose material information, or
submitted false material information; and (2) the individual did
so with a specific intent to deceive the PTO.  Exergen, 575 F.3d
at 1327, n.3 (citations omitted).

## B.  Whether Imagine's Counterclaim Of Inequitable Conduct Should Be Dismissed

By its Motion, BigBand contends that Imagine's inequitable conduct counterclaims should be dismissed under Rule 12(b)(6) for failure to state a claim and Rule 9(b) for failing to plead with the requisite particularity required by Fed. R. Civ. P. 9(b). Specifically, BigBand contends that the facts alleged in the counterclaims are not sufficiently linked to the elements of inequitable conduct.

In response, Imagine contends that BigBand inaccurately states the applicable law.  Imagine also contends that its inequitable conduct counterclaim is sufficiently pled to withstand dismissal.

Applying the applicable legal standards to the inequitable conduct averments, as amended by the Second Amended Answer and Counterclaim, the Court concludes that Imagine has satisfied the pleading requirements of Rule 12(b)(6) and Rule 9(b).  In pleading each of its claims of inequitable conduct, Imagine offers a detailed factual basis for each element of an inequitable conduct claim.  Imagine identifies specific prior art references that it alleges were intentionally withheld from the PTO, including the Hoarty, LaJoie, Schoenblum, and Elmaliach patents.  EMC Corp. v. Storage Tech. Corp., 921 F. Supp. 1261, 1263 (D. Del. 1996) ("Pleadings that disclose the name of the relevant prior art and disclose the acts of the alleged fraud

9

fulfill the requirements of Rule 9(b)."); see also Eurand, Inc. v. Mylan Pharms., Inc., 266 F.R.D. 79, 83 (D. Del. 2010). Imagine also asserts that the prosecutors of the patents-in-suit were aware of material specific prior art patents and intentionally did not disclose them to the PTO during prosecution. (D.I. 173, Ex. 1.) Imagine states a factual basis for its allegations, including among other things, (1) allegations that Mr. Fahmi and Ms. Dreszer were aware of the prior art because they previously prosecuted patent applications for highly similar technology, and those applications were rejected as anticipated by the prior art at issue here, and (2) allegations demonstrating the specific similarities between the claims of the patents-in-suit and the previously rejected patent applications. (See D.I. 173, Ex. 1 ¶¶ 25(f), 26(6), 27(a), 32, 44(d), 45(e), 51, 64(d), 65(e), 70, 84, 90.) In the Court's view, the totality of the facts alleged by Imagine are sufficiently detailed to establish the who, what, when, where and how of the alleged inequitable conduct, as well as the elements of intent and materiality. Accordingly, the Court concludes that the allegations of inequitable conduct contained in the Second Amended Answer and Counterclaim are sufficient to state a claim under Rule 12(b)(6) and contain the requisite particularity required by Rule 9(b), and therefore, the Court will deny BigBand's Motion to Dismiss.

## IV. CONCLUSION

For the reasons discussed, the Court will grant Imagine's Motion For Leave To Amend Its First Amended Answer And Counterclaims and deny BigBand's Rule 12(b)(6) Motion To Dismiss Imagine's Amended Inequitable Conduct Counterclaims.

An appropriate Order will be entered.